# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>GIGANEWS, INC., a Texas corporation; LIVEWIRE SERVICES, INC., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　　　Defendants. | CASE NO. 11-CV-00905 H (MDD)<br><br>**ORDER GRANTING MOTION TO CHANGE VENUE** |

On June 21, 2011, Defendants Giganews, Inc, and Livewire Services, Inc. ("Defendants") filed a motion to change venue in this case. (Doc. No. 10.) On July 18, 2011, Plaintiff Perfect 10, Inc. filed its response in opposition to Defendants' motion. (Doc. No. 32.) On August 19, 2011, Defendants filed their reply. (Doc. No. 50.) The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter to be appropriate for resolution without oral argument, submits it on the parties' papers, and vacates the motion hearing set for August 29, 2011. For the following reasons, the Court GRANTS Defendants' motion to change venue, and directs the Clerk to transfer this case to the Central District of California.

///

///

**Background**

Plaintiff Perfect 10 is engaged in the business of design, creation, production, marketing, promotion, and sale of copyrighted adult entertainment products, including photographs, magazines, video productions, and other media. (Doc. No. 1, Compl. ¶ 13.) Perfect 10 is a California corporation with offices in Los Angeles. (Doc. No. 10-4, Kearney Decl. ¶ 2 & Ex. A.) Perfect 10's founder and principal Norman Zada resides within the Central District of California. (Kearney Decl. ¶ 3 & Ex. B.) Its accountant and its DMCA Agent also reside in the Central District. (Kearney Decl. ¶¶ 4-6.) The Court takes judicial notice under Federal Rule of Evidence 201, that since 1997, Perfect 10 brought 24 cases in the Central District of California.[1] The Central District is currently presiding over one Perfect 10 case with closely similar claims against an Internet service provider. See Perfect 10, Inc. v. Google, Inc., No. 04-CV-9484 (filed Nov. 19, 2004). On April 28, 2011, Plaintiff filed a complaint against Defendants in this Court, alleging causes of action for (1) copyright infringement; (2) trademark infringement; (3) trademark dilution; (4) unfair competition; and (5) violation of rights of publicity. (Doc. No. 1., Compl.)

Defendants contend that they are Internet service providers that provide Usenet access to their users. (Doc. No. 10-1 at 6.) Defendant Giganews is a Texas corporation headquartered in Austin, Texas. (Id.) Defendant Livewire is a Nevada corporation. (Id.) Defendants contend that neither Giganews nor Livewire owns or leases any equipment of any kind or maintains any facilities or employees in the Southern District of California.

---

[1] See, e.g., Perfect 10, Inc. v. Rasen et al., No. 97-CV-6967 (filed Sept. 19, 1997); Perfect 10, Inc. v. Internet Video Group, No. 99-CV-5332 (filed May 20, 1999); Perfect 10, Inc. v. Radvinsky et al., No. 99-CV-7376 (filed July 19, 1999); Perfect 10, Inc. v. Talisman Communicat, et al., No. 99-CV-10450 (filed Oct. 12, 1999); Perfect 10, Inc. v. Lytell, et al., No. 00-CV-11404 (filed Oct. 26, 2000); Perfect 10, Inc. v. Global Innovations, et al., No. 00-CV-11671 (filed Nov. 2, 2000); Perfect 10, Inc. v. Brainstorm Software, et al., No. 00-CV-11959 (filed Nov. 8, 2000); Perfect 10, Inc. v. AKA Entertainment, et al., No. 00-CV-13182 (filed Dec. 15, 2000); Perfect 10, Inc. v. Cybernet Ventures, No. 01-CV-2595 (filed Mar. 20, 2001); Perfect 10, Inc. v. Edghill, et al., No. 01-CV-3748 (filed Apr. 24, 2001); Perfect 10, Inc. v. Guba LLC, No. 02-CV-2842 (filed June 13, 2002); Perfect 10, Inc. v. CCBill LLC, No. 02-CV-7624 (filed Sept. 30, 2002); Perfect 10, Inc. v. Full Moon Internet, No. 03-CV-1129 (filed Feb. 18, 2003); Perfect 10, Inc. v. Amazon.com, No. 05-CV-4753 (filed June 29, 2005); Perfect 10, Inc. v. Microsoft Corp., No. 07-CV-5156 (filed Aug. 8, 2007).

**Discussion**

**I. Legal Standard**

Under 28 U.S.C. § 1404, a district court "may transfer any civil action to any other district or division where it might have been brought" "for the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). This statute "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). The purpose of section 1404(a) is to "prevent the waste of time, energy, and money to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen, 376 U.S. at 616. The Ninth Circuit recognizes that the "[w]eighing of factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 639 (9th Cir. 1988) (quotation marks omitted). In addition, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice [of venue] is entitled only to minimal consideration." Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968).

In determining whether transfer is appropriate in a particular case, courts consider factors such as (1) the plaintiff's choice of forum; (2) the respective parties' contacts with the forum; (3) the contacts relating to the plaintiff's cause of action in the chosen forum; (4) the differences in the costs of litigation in the two forums; (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (6) the ease of access to evidence; (7) the local interest in having localized controversies decided at home; (8) the unfairness of burdening citizens in an unrelated forum with jury duty; and (9) the relative congestion of dockets in the two districts, measured by the median number of months from filing to trial. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); Decker Coal Co., 805 F.2d at 843; Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1167 (S.D. Cal. 2005). Defendant, as the moving party, carries the burden of showing that transfer is warranted.

Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). To show that the action could have been brought in the Central District of California, the moving party need only show that the transferee court would have had subject-matter jurisdiction, defendant would have been subject to personal jurisdiction, and venue would have been proper. See 28 U.S.C. § 1404(a).

## II. Analysis

Defendants argue that Perfect 10 could have brought this case in the Central District of California, and a transfer to the Central District meets the threshold requirement of § 1404(a). First, Defendants argue that venue is proper in the Central District pursuant to 28 U.S.C. §§ 1391(b)(1) and (c) because Defendants have "consummated . . . transaction[s] with the forum or resident[s] thereof" by locating servers in the Central District, and Perfect 10's claims "relate[] to" those forum-related activities. Defendants argue that they have no facilities, employees or equipment in the Southern District. Defendants offer a declaration by Philip Molter, the Chief Technology Officer of Defendant Giganews, which states that "Giganews's only California-based servers are its Usenet servers in Los Angeles, California." (Doc. No. 51 at ¶ 7.)

Secondly, Defendants argue that the Central District is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Perfect 10 alleges that Defendants infringed its copyrights by means of their servers. (Compl. ¶ 25.) "[A] copyright is an intangible, incorporeal right that has no situs apart from the domicile of the proprietor." Sullivan v. Author Solutions, Inc., 2008 WL 2937786 (E.D. Wis. July 23, 2008) (citing 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.01[C] (1963)). Here, Perfect 10 is located in the Central District, and thus its copyrights are domiciled in the Central District. Additionally, Defendant Giganews's only California-based servers are located in downtown Los Angeles, which is in the Central District.

Finally, Defendants argue that venue is proper in the Central District under 28 U.S.C. § 1400, which provides that a civil action "relating to copyrights . . . may be instituted in the

district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). The Ninth Circuit has interpreted this statute to mean that venue "is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc., 106 F.3d 284, 288 (9th Cir.), rev'd on other grounds sub nom. Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340 (1998).

In opposition, Perfect 10 argues that it has suffered injury in the Southern District because Defendants likely have subscribers there, and because some of those subscribers are able to download infringing material. (Doc. No. 32 at 10-11.) Perfect 10 does not allege that any subscribers have actually downloaded infringing material, and does not identify any specific infringements or any alleged direct infringer in the Southern District. The mere fact that Perfect 10 has a website does not provide a nexus to the Southern District–by this logic, venue would be proper anywhere in the United States. Instead, a plaintiff must show that its choice of venue is supported by a "specific connection" to the venue. Gonzales v. Palo Alto Labs, Inc., No. C 10-2456, 2010 WL 3930440, *8 (N.D. Cal. Oct. 6, 2010). A lack of such specific connection "favor[s] transfer." Id.

Defendants also argue that a number of likely witnesses, including third party witnesses, live and work in the Central District. (Doc. No. 10-1 at 14.) Defendants argue that Plaintiff's accountant, as well as its models who will likely be key witnesses, are located in the Central District. "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." Saleh, 361 F. Supp. 2d at 1160. Thus, this factor weighs in favor of transfer.

Additionally, Defendants argue that until recently, Perfect 10 filed cases in the Central District of California, where it brought a total of 24 cases in the last fourteen years. Defendants point out that Perfect 10 is currently involved in litigation in the Central District, in a closely similar case in which it chose the venue. Defendants argue that the Central District is very familiar with the issues raised in Plaintiff's copyright infringement litigation against Internet service providers, because Perfect 10 has filed several similar cases in that District.

1  By contrast, Perfect 10 filed only six cases in the Southern District, and they involved
2  infringement claims against "storage lockers"–websites that offer private online storage space
3  to subscribers.  Five of the six cases filed by Perfect 10 in the Southern District are against
4  overseas defendants, who are less likely to challenge Plaintiff's choice of venue.[2]

5  The Court concludes that transferring this case to the Central District will serve the
6  interests of justice and the convenience of witnesses and the parties.  See 28 U.S.C. § 1404(a).
7  Here, Perfect 10 has failed to show the specific connection to the Southern District, and the
8  majority of witnesses are located in the Central District.  Accordingly, the Court concludes that
9  transferring this case to the Central District is appropriate and grants Defendants' motion to
10 change venue.

**Conclusion**

For the reasons above, the Court GRANTS Defendants' motion to change venue and directs the Clerk to transfer this case to the Central District of California.

**IT IS SO ORDERED.**

DATED: August 25, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[2] Perfect 10, Inc. v. Rapidshare AG, No. 09-CV-2596 (filed Nov. 18, 2009) (defendant Swiss company); Perfect 10, Inc. v. Netsaits B.v., No. 10-CV-1773 (filed Aug. 25, 2010) (defendant Dutch corporation); Perfect 10, Inc. v. Hotfile Corp., No. 10-CV-2031 (filed Sept. 29, 2010) (defendant Panamanian corporation); Perfect 10, Inc. v. Megaupload Limited, No. 11-CV-191 (filed Jan. 31, 2011) (defendant Hong Kong corporation); Perfect 10, Inc. v. Kalmet Investments Limited, No. 11-CV-1416 (filed June 28, 2011) (defendant Seyshelles entity).