Andrew P. Bridges (SBN: 122761)
abridges@winston.com
Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
K. Joon Oh (SBN: 246142)
koh@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA  94111-5802
Telephone:   (415) 591-1000
Facsimile:    (415) 591-1400

Attorneys for Defendants
GIGANEWS, INC. and LIVEWIRE SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>GIGANEWS, INC., a Texas corporation; LIVEWIRE SERVICES, INC., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | **Case No. 11-cv-07098-AHM (SHx)**<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF NORMAN ZADA, SEAN CHUMURA, AND CRAIG YAMATO IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND REPLY**<br><br>**DATE:   None set**<br>**TIME:   None set**<br><br>**Hon. A. Howard Matz** |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1

2

## TABLE OF CONTENTS

3

PAGE

4

I.      INTRODUCTION ..................................................................................................1

5

II.     EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DR. NORMAN
        ZADA IN SUPPORT OF PERFECT 10'S MOTION FOR PRELIMINARY

6       INJUNCTION..................................................................................................1

7

III.    EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DR. NORMAN
        ZADA IN SUPPORT OF PERFECT 10'S PRELIMINARY INJUNCTION REPLY

8       BRIEF ........................................................................................................16

9

IV.     EVIDENTIARY OBJECTIONS TO THE DECLARATION OF SEAN CHUMURA
        IN SUPPORT OF PERFECT 10'S MOTION FOR PRELIMINARY INJUNCTION ..........23

10

V.      EVIDENTIARY OBJECTIONS TO THE DECLARATION OF SEAN CHUMURA

11      IN SUPPORT OF PERFECT 10'S PRELIMINARY INJUNCTION REPLY BRIEF..........39

12      VI.     EVIDENTIARY OBJECTIONS TO THE DECLARATION OF CRAIG YAMATO
                IN SUPPORT OF PERFECT 10'S PRELIMINARY INJUNCTION REPLY BRIEF..........45

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA 94111-5802**

i

Defs.' Evidentiary Objs. to Decls.of Zada, Chumura, & Yamato    11-CV-07098

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

## I.     INTRODUCTION

To support its preliminary injunction motion (Dkt. No. 17) and supporting reply brief (Dkt. No. 65), Perfect 10 submitted declarations of Dr. Norman Zada, Perfect 10's principal; Sean Chumura, who is purportedly an expert in computer forensics and security; and Craig Yamato, who purportedly designs and engineers corporate networks.[1]  Defendants Giganews, Inc. and Livewire Services, Inc. submit the following evidentiary objections.

## II.    EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DR. NORMAN ZADA IN SUPPORT OF PERFECT 10'S MOTION FOR PRELIMINARY INJUNCTION

To support its preliminary injunction motion (Dkt. No. 17), Perfect 10 submitted the declaration of Dr. Norman Zada (Dkt. Nos. 22-27).  To the extent Dr. Zada purports to offer his opinion as an expert, his declaration should be discounted. Fed. R. Evid. 702.  Dr. Zada's 1972 doctorate is in operations research, which is a branch of applied mathematics unrelated to any of the technologies or issues involved in this case.  A PhD in an unrelated field does not qualify Dr. Zada as an expert in any field relevant to this lawsuit.  Even if operations research had any relevance to this case (which it does not), Dr. Zada has not been active in that field for well over a decade.  Dr. Zada fails to allege sufficient knowledge, skill, education, experience or training to be qualified as an expert on image recognition, the operation of Usenet, internet search, or other highly technical issues on which he offers opinions.  Fed. R. Evid. 702.

As specified below, a number of statements in the Zada Declaration are also conclusory and lack foundation.  Defendants specifically object to the following statements in Dr. Zada's declaration:

---

[1] Declaration of Sean Chumura in Support of Perfect 10's Motion for Preliminary Injunction, filed July 11, 2011, Docket No. 20-1("Chumura Decl."); Reply Declaration of Sean Chumura, filed September 2, 2011, Docket No. 66("Chumura Reply Decl."); Reply Declaration of Craig Yamato, filed September 2, 2011, Docket No. 76("Yamato Reply Decl.").

DEFS.' EVIDENTIARY OBJS. TO DECLS. OF ZADA, CHUMURA, & YAMATO    11-CV-07098

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

## Objection 1

| Material objected to | Grounds for objection |
|---|---|
| "Models who have entered into such agreements have told me that they did so in part because their reputations have been damaged by widespread misuse of their name and likeness on the Internet, and because they could not protect such rights themselves."<br><br>¶ 4 | Inadmissible hearsay.  FRE 802. |

## Objection 2

| Material objected to | Grounds for objection |
|---|---|
| "The Defendants have copied and sold virtually every image that exists on Perfect 10's website."<br><br>¶ 4 | Lacks foundation; lacks personal knowledge; improper legal conclusion. FRE 602, 701, 702.<br><br>Dr. Zada lays no foundation for his vague contention.  Dr. Zada's characterization of Defendants' alleged actions is without foundation and is an improper legal conclusion. |

DEFS.' EVIDENTIARY OBJS. TO DECLS. OF ZADA, CHUMURA, & YAMATO    11-CV-07098

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

## Objection 3

| Material objected to | Grounds for objection |
|---|---|
| ". . . if a group of 1,000 P10 Images entitled, 'Your P10 Website' was recently posted, all 1,000 images would be available under that group name on all of Defendants websites as well as usenet.com, and could be downloaded using News Rover in exactly the same fashion."<br><br>¶ 5 | Lacks foundation; lacks personal knowledge; improper speculation; improper expert opinion.  FRE 602, 701, 702<br><br><br>Dr. Zada's testimony is concededly speculation.  Dr. Zada is not an expert in the operation of Usenet, usenet.com, or News Rover. |

## Objection 4

| Material objected to | Grounds for objection |
|---|---|
| "Page 3 of Exhibit 3 is a similar spreadsheet that I created which lists invalid email addresses for posters of infringing music and TV shows."<br><br>¶ 9 | Lacks foundation; lacks personal knowledge, improper speculation; improper legal conclusion. FRE 602, 701, 702.<br><br><br>Dr. Zada lays no foundation for his testimony.  Dr. Zada's characterization of the legal status of unidentified third party works is without foundation and is an improper legal conclusion. |

DEFS.' EVIDENTIARY OBJS. TO DECLS. OF ZADA, CHUMURA, & YAMATO    11-CV-07098

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

## Objection 5

| Material objected to | Grounds for objection |
|---|---|
| "In my experience, the entity registering a website usually owns that website."<br><br>¶ 10 | Lacks foundation; lacks personal knowledge, improper speculation; improper expert opinion.  FRE 602, 701, 702.<br><br>Dr. Zada is not an expert on the Domain Name System (DNS) or Internet registrations. |

## Objection 6

| Material objected to | Grounds for objection |
|---|---|
| Attached as pages 1-4 of Exhibit 6 are pages that I printed out from web.archive.org.  Web.archive.org is a well-known web site that archives web pages as they existed at various points in time.  Page 1 of Exhibit 6 is the home page of giganews.com as it appeared on February 10, 2003. It states, "Giganews's industry leading completion and retention rates have made Giganews the default news server for News Rover's MP3 Music Locator."  That page contains a link to download News Rover. Page 2 of Exhibit 6 is the home page of giganews as it appeared on | Inadmissible hearsay; lacks foundation; lacks personal knowledge.  FRE 802, 602, 701, 702.<br><br>Dr. Zada lays no foundation for his testimony concerning the content of web.archive.org. |

4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

December 29, 2004. Page 3 of Exhibit 6 is the home page of giganews.com as it appeared on January 2, 2005. Page 3 states, "Giganews' news servers offer up to 50 days of retention in multipart binary newsgroups, which includes alt.binaries newsgroups, mp3, video, and software groups." It also states, "News Rover has built-in MP3 File Locators that search all Giganews newsgroups for music, pictures, and movies without having to download millions of images" (emphasis added). Attached as pages 4-11 are pages from newsrover.com that I obtained by clicking on a giganews.com link to newsrover.com (from web.archive.org). Pages 4-5 of Exhibit 6 are pages of newsrover.com as they appeared on February 12, 2003. Pages 6-11 of Exhibit 6 are pages of newsrover.com as they appeared on February 7, 2003. Attached as page 12 of Exhibit 6 is another document that I printed using web.archive.org. It shows the source code that Giganews was using on its website on March 21, 2003, which included metatags for "warez" and

DEFS.' EVIDENTIARY OBJS. TO DECLS. OF ZADA, CHUMURA, & YAMATO    11-CV-07098

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

"mp3." This means that giganews wanted its website to appear in response to search engine searches on those terms. Attached as page 13 of Exhibit 6 is a web.archive.org printout of the homepage of galacticgroups.com, a Livewire website, as it appeared on February 16, 2007. It lists alt.binaries.movies as one of the newsgroups to which it offers access to paid members."

¶ 12

## Objection 7

| Material objected to | Grounds for objection |
|---|---|
| "I stated, 'If you were truly serious about your claim that your company 'does not want infringing material on its servers,' you would immediately do a search on major movie titles such as 'Superman,' 'Crash,' 'Matrix,' 'Eyes Wide Shut,' and remove all those obviously stolen materials…. Then you would do a search on 'Christina Aguilera,' 'The Beatles,' 'The Rolling Stones,' 'Frank Sinatra,' 'Sarah Brightman,' etc. and remove all | Inadmissible hearsay; improper speculation; improper legal conclusion. FRE 802, 602, 701, 702.

Dr. Zada lays no foundation for his testimony concerning statements to Defendants.  Dr. Zada's characterization of the legal status of unidentified third party works is without foundation and is an improper legal conclusion. |

| | |
|---|---|
| songs by those and other renowned artists. You are definitely competing with us unfairly by offering billions of dollars of stolen materials that you have not paid for in competition against us. We pay to create what we sell. You do not.'" ¶ 13 | |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

**Objection 8**

| Material objected to | Grounds for objection |
|---|---|
| "I will now explain how Giganews could have easily processed this notice if it had wished to do so.  Most of the P10 Images infringed by Defendants are part of large groups of posts, that often contain several thousand P10 Images each. All Giganews needed to do was search on a few of the Image Identifiers or model names in those Image Identifiers provided by Perfect 10, until it located large groups of posts of P10 Images. At that point, by comparing the Image Identifiers in each large post to the Image Identifiers in Perfect 10's notice, Giganews could have simultaneously removed all the images in each such large post."<br><br>¶ 15 | Improper expert opinion; lacks foundation; lacks personal knowledge; improper speculation.  FRE 602, 701, 702.<br><br>Dr. Zada's testimony is concededly speculation.  Dr. Zada is not an expert in Usenet search or the operations of Usenet or Defendants. |

**Objection 9**

| Material objected to | Grounds for objection |
|---|---|
| "Consequently, by comparing the Image Identifiers for the 581 messages in the large group of messages entitled "Ur p10 | Improper expert opinion; lacks foundation; lacks personal knowledge; improper speculation.  FRE 602, |

8

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

| | |
|---|---|
| 07's what I have," to the Image Identifiers for the Images in Perfect 10's notice, Giganews could have removed all 581 posts for that group in a very short amount of time, and should have blocked all posts of that poster as well. The same type of rapid removal of large numbers of infringing images would not be possible using Message IDs, because Message IDs do not appear in the article titles."<br><br>¶ 15 | 701,702.<br><br>Dr. Zada's testimony is concededly speculation.  Dr. Zada is not an expert in Usenet search or the operations of Usenet or Defendants. |

### Objection 10

| Material objected to | Grounds for objection |
|---|---|
| "Other portions of the notice shown in Exhibit 9 could have been processed quickly by Giganews as well."<br><br>¶ 16 | Improper expert opinion; lacks foundation; lacks personal knowledge; improper speculation.  FRE 602, 701, 702.<br><br>Dr. Zada's testimony is concededly speculation.  Dr. Zada is not an expert in Usenet search or the operations of Usenet or Defendants. |

9

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

## Objection 11

| Material objected to | Grounds for objection |
|---|---|
| "Perfect 10's notice allowed Giganews to simultaneously remove all of the infringing posts shown on page 1 of Exhibit 10. Page 2 of Exhibit 10 shows the results of search on "Catsmeat_ISC2," which is the common portion of a number of Image Identifiers shown on pages 6-7 of Exhibit 9 . . . . Consequently, Giganews could have used Perfect 10's notice to simultaneously remove all of the infringing posts on page 2 of Exhibit 10. Similar simultaneous removals of large numbers of images would not be possible using Message IDs."<br><br>"By just doing this one search, Giganews could have removed most of the images identified in the notice shown in Exhibit 11."<br><br>¶ 17 | Improper expert opinion; lacks foundation; lacks personal knowledge; improper speculation.  FRE 602, 701, 702.<br><br>Dr. Zada's testimony is concededly speculation.  Dr. Zada is not an expert in Usenet search or the operations of Usenet or Defendants. |

## Objection 12

| Material objected to | Grounds for objection |
|---|---|
| "Perfect 10 was able to obtain these | Inadmissible hearsay; lacks foundation; |

10

| declarations in the Cybernet case, because these celebrities were infuriated by the types of images that appear on page 6 of Exhibit 12." | lacks personal knowledge; improper speculation.  FRE 802, 602, 701, 702. |
| | |
| ¶ 18 | Dr. Zada lays no foundation for his testimony about the mental states of third parties. |

### Objection 13

| Material objected to | Grounds for objection |
| --- | --- |
| "Giganews incorrectly asserted in its April 7, 2009 letter to Perfect 10 that it could not find the infringing message using the Image Identifier. I have already demonstrated that is not the case. In fact, Exhibits 7-11 demonstrate that Giganews could have rapidly found and removed thousands of P10 Images identified in Perfect 10's notices by searching on the common portion of just a few Image Identifiers. Giganews has instead incorrectly claimed that it must have the Message ID." | Improper expert opinion; lacks foundation; lacks personal knowledge; improper speculation.  FRE 602, 701, 702. |
| | |
| | Dr. Zada's testimony is concededly speculation.  Dr. Zada is not an expert Usenet search; the operation of Usenet; or the operation of Defendants. |
| ¶ 19 | |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

### Objection 14

| Material objected to | Grounds for objection |
|---|---|
| "**Consequently, a long list of Message IDs cannot be readily matched to the messages in a group of posts and thus used to simultaneously remove large numbers of images as can Image Identifiers.** Furthermore, it is not possible to search News Rover using Message IDs."<br><br>¶ 19 (emphasis in original) | Improper expert opinion; lacks foundation; lacks personal knowledge; improper speculation.  FRE 602, 701, 702.<br><br>Dr. Zada is not an expert in Usenet seach; the operation of Usenet; or News Rover. |

### Objection 15

| Material objected to | Grounds for objection |
|---|---|
| "Attached as page 1 of Exhibit 14 is a post from Google's General Counsel. It states, "We'll act on reliable copyright takedown requests within 24 hours." Other ISPs have processed Perfect 10's DMCA notices in a few days or less. Attached as page 2 of Exhibit 14 is the textual portion of a DMCA notice I sent on April 19, 2011, to the company that hosted the infringing website weblo.com. Attached as pages 3-9 of Exhibit 14 are the pages that I attached to that notice. Attached as pages 10-11 of Exhibit 14 is | Inadmissible hearsay; lacks foundation; lacks personal knowledge.  FRE 802, 602, 701,702.<br><br>Dr. Zada lays no foundation for his testimony. |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

| | |
|---|---|
| the ISP's response. On page 10, it states, "I have confirmed that your images were removed by the server operator." ¶ 20 | |

### Objection 16

| Material objected to | Grounds for objection |
|---|---|
| "Attached as pages 1-4 of Exhibit 17, is a notice that I sent to Giganews on August 11, 2010. It states, "I have attached print screens of search results showing that your company is offering episodes of the TV shows American Idol, Big Bang Theory, CSI Miami, and How I Met Your Mother. I assume you realize that people have worked hard to create these shows and are entitled to be paid for their work. Your company should not be making copies of, or selling access to such shows, without compensating the rightful owners." Attached as pages 5-17 of Exhibit 17, are the results of News Rover searches that I performed in May of 2011. Those pages show that Giganews was continuing to make copies of and sell access to, large | Inadmissible hearsay; lacks foundation; lacks personal knowledge; improper speculation; improper legal conclusion. FRE 602, 701, 702, 802. Dr. Zada's testimony is concededly speculation. |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

| | |
|---|---|
| numbers of obviously infringing TV shows, songs, movies, and even Microsoft software. Attached as pages 18-24 is a list of pirated TV Shows and Films that I have verified that Giganews and Livewire have offered to their members." ¶ 23 | |

## Objection 17

| Material objected to | Grounds for objection |
|---|---|
| "From 2004 onward, Perfect 10 has created and sent out the best DMCA notices that I am aware of." ¶ 30 | Lacks foundation; improper legal conclusion.  FRE 602, 701, 702. Dr. Zada's testimony is concededly speculation. |

## Objection 18

| Material objected to | Grounds for objection |
|---|---|
| "Defendants could use Image Recognition to readily prevent any P10 Image from being stored on their servers. They could simply use an image recognition program to scan their servers and remove any image that displays a Perfect 10 copyright notice. That would | Improper expert opinion; lacks foundation; lacks personal knowledge; improper speculation.  FRE 602, 701, 702. Dr. Zada's testimony is concededly speculation.  Dr. Zada is not an expert |

14

| | |
|---|---|
| remove most of the infringing images. Or, Defendants could work with Perfect 10, who could provide them with disk of Perfect 10 Images. Defendants could then scan their servers and remove any images which matched any of those on the disk. In the process, Defendants would discover a number of infringers who they could ban from uploading as well." <br><br> ¶ 31 | in image recognition; the operation of Usenet; or the operation of Defendants. |

### Objection 19

| Material objected to | Grounds for objection |
|---|---|
| "Whenever a member requests an image, movie, song, or piece of computer software from a Defendant's website, that Defendant must make an extra copy of that work for that member. So if 10,000 Giganews members request a copy of a particular P10 Image, Giganews must make 10,000 copies of that image and provide it to those members. At the beginning of this process, Giganews may only have one copy of that image. At the end of the | Improper expert opinion; lacks foundation; lacks personal knowledge; improper speculation; improper legal conclusion.  FRE 602, 701, 702. <br><br> Dr. Zada is not an expert in the operation of Usenet or Defendants. |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

| | |
|---|---|
| process, 10,000 Giganews members would also each have a copy of that same image." <br><br> ¶ 32 | |

## III. EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DR. NORMAN ZADA IN SUPPORT OF PERFECT 10'S PRELIMINARY INJUNCTION REPLY BRIEF

On September 2, 2011, despite the Court having taken Perfect 10's Motion for Preliminary Injunction under submission, Plaintiff filed an unauthorized Reply Brief (the "Reply") in support of the motion, together with unauthorized supporting declarations of Dr. Norman Zada (the "Zada Reply Declaration"), Sean Chumura, and Craig Yamato.  Defendants filed a motion to strike Perfect 10's Reply on the grounds that it relies heavily on new evidence, new "facts," and new legal argument supplied in part by the Zada Reply Declaration.

In the Zada Reply Declaration, Dr. Zada again fails to allege sufficient knowledge, skill, education, experience or training to be qualified as an expert on image recognition, the operation of Usenet, internet search, or other highly technical issues on which he offers opinions.  To the extent Dr. Zada purports to offer his opinion as an expert, his declaration should be discounted.  Fed. R. Evid. 702.  Dr. Zada also makes numerous statements in his Declaration that are without foundation, including inadmissible hearsay statements and statements as to which he lacks personal knowledge.

Defendants specifically object to the following statements in the Zada Reply Declaration:

### Objection 1

| Material objected to | Grounds for objection |
|---|---|
| "Most of the websites that are listed on | Lacks foundation; lacks personal |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

| | |
|---|---|
| pages 1-9 of Exhibit 27, are well-known to promote infringement, including free-software-programs.com, freedownload3.com, soft4share.com, and filestube.com." ¶ 4 | knowledge; improper speculation.  FRE 602, 701, 702. |

**Objection 2**

| Material objected to | Grounds for objection |
|---|---|
| "I printed pages 13-25 of Exhibit 27 on or about August 18, 2011. Pages 13 and 14 state, "If you are interested in music, films or pictures, GBN [Giganews Binary Newsreader] is the right choice." Page 16 has a diagram showing how the Giganews Binary Newsreader can be used to download songs by Chaka Khan. Page 17 displays a Giganews ad next to text which promotes giganews.com as a way to receive "a years worth of access to downloadable music, movies and games." Page 18 shows a Giganews ad on a page which discusses the downloading of TV Shows "Lost," "Heros," "Prison Break," "Scrubs," "Weeds," "Smallvile," as well as | Lacks foundation; lacks personal knowledge; inadmissible hearsay; improper speculation; improper legal conclusion; irrelevant.  FRE 401, 402, 602, 701, 702, 802. Dr. Zada lays no foundation for his reliance on third-party websites and fails to establish a connection between the Giganews Binary Newsreader and Defendants.  The content of third party websites is irrelevant to any issue before the Court.  Dr. Zada's statements about YHC, Inc. are speculation and an improper legal conclusion.  Dr. Zada is not an expert on the Domain Name System (DNS), or any relevant area. |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

17

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

"Movies, Music, TV, Software, and Games." Page 19 shows a youtube.com page containing a video on "How to download music dvd movies blu ray and software with high speed." Below the video it states, "Signup with giganews now with a free 14days trial signup here." Pages 20-21 contain an eHow article that promotes Giganews and provides instructions on how to download movies from Giganews and similar Usenet sites. On page 21, near the bottom, it says "Resources." Below that is a link to "giganews." When I clicked on that, I was brought to a signup promotion for Giganews. Pages 23-24 are a similar promotion on the same website, eHow.com. Near the bottom, under "Resources" it says "usenet." I have verified that link goes to usenet.com, the website that was at issue in *Arista v. Usenet.com*. Attached as page 25 of Exhibit 27 is a page from Giganews.com. That page promotes a program which conceals the downloaders IP address. Attached as page 26 of Exhibit 27 is a who is search

DEFS.' EVIDENTIARY OBJS. TO DECLS. OF ZADA, CHUMURA, & YAMATO   11-CV-07098

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

| | |
|---|---|
| on giganews-binary-newsreader.com showing that it was registered by YHC, Inc. (which is controlled by the Yokubaitis family) and that its current domains servers are subdomains of giganews.com."<br><br>¶ 4 | |

### Objection 3

| Material objected to | Grounds for objection |
|---|---|
| ". . . if a group of 1,000 P10 Images entitled, 'Your P10 Website' was recently posted, all 1,000 images would be available under that group name on all of Defendants websites as well as usenet.com, and could be downloaded using News Rover in exactly the same fashion."<br><br>¶ 5 | Lacks foundation; lacks personal knowledge; improper speculation; improper expert opinion.  FRE 602, 701, 702.<br><br>Dr. Zada's testimony is concededly speculation.  Dr. Zada is not an expert in the operation of Usenet, or the operation of News Rover. |

DEFS.' EVIDENTIARY OBJS. TO DECLS. OF ZADA, CHUMURA, & YAMATO   11-CV-07098

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

**Objection 4**

| Material objected to | Grounds for objection |
|---|---|
| "Page 3 of Exhibit 3 is a similar spreadsheet that I created which lists invalid email addresses for posters of infringing music and TV shows." | Lacks foundation; lacks personal knowledge; improper speculation; improper legal conclusion; irrelevant. FRE 602, 701, 702. |
| ¶ 9 | Dr. Zada's testimony concerning the copyright status of third party works is speculation and an improper legal conclusion. |

**Objection 5**

| Material objected to | Grounds for objection |
|---|---|
| "In my experience, the entity registering a website usually owns that website." | Lacks foundation; lacks personal knowledge; improper speculation; improper expert opinion.  FRE 602, 701, 702. |
| ¶ 10 | Dr. Zada does not even attempt to lay a foundation for his purported "experience."  Dr. Zada is not an expert in domain name registration or any relevant area. |

20

1

2

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

## Objection 6

| Material objected to | Grounds for objection |
|---|---|
| "Attached as Exhibit 38 are pages that I obtained when I attempted to use archive.org on August 29, 2011 to view pages from Defendants websites dealing with their DMCA policy. In the case of giganews.com, the DMCA page was blocked, but other pages were available. In the case of usenet.net, powerusenet.com, and rhinonewsgroups.com, all pages were blocked. In each case, the page states, "Page cannot be crawled or displayed due to robots.txt." This means that Defendants asked archive.org to not display pages from Defendants websites as they appeared in the past."<br><br>¶ 17 | Lacks foundation; lacks personal knowledge; improper speculation; improper expert opinion; inadmissible hearsay.  FRE 602, 701, 702, 802.<br><br>Dr. Zada's statements about archive.org and Defendants are speculation. Dr. Zada is not an expert on the operation of archive.org.  Dr. Zada's testimony about Defendants' actions is speculation. |

## Objection 7

| Material objected to | Grounds for objection |
|---|---|
| "Perfect 10 is the only rights holder that has fully topless images of supermodel Marisa Miller, which by themselves, are worth millions of dollars. Entities like | Lacks foundation; lacks personal knowledge; improper speculation.  FRE 602, 701. |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

| | |
|---|---|
| Defendants, who steal that material from us, as well as the intellectual property of everyone else, have an enormous unfair competitive advantage over any legitimate business that pays for its content. If Defendants and other infringers paid us for our content (as they should), Perfect 10 would have a thriving business."<br><br>¶ 19 | Dr. Zada's testimony is concededly speculation. Dr. Zada makes no attempt to lay any foundation for his speculation about the value of Perfect 10's images. |

### Objection 8

| Material objected to | Grounds for objection |
|---|---|
| "Astraweb.com was responsible for the most posted content, followed by xsnews.nl. All of the websites in Exhibit 40 are paysites and/or provide infringing newsfeeds to paysites. Each one has infringed thousands of P10 Images. The total Mybtes for the 13 websites is 26,813.5. Googlegroups, which appears to be mostly text, is responsible for 20.1 Mybtes. That means that the 13 infringing websites listed in Exhibit 40, account for more than 99.9% of the material on the USENET." | Lacks foundation; lacks personal knowledge; improper speculation; improper expert testimony. FRE 602, 701, 702. |

| | |
|---|---|
| ¶ 20 | |

## IV.   EVIDENTIARY OBJECTIONS TO THE DECLARATION OF SEAN CHUMURA IN SUPPORT OF PERFECT 10'S MOTION FOR PRELIMINARY INJUNCTION

Mr. Chumura is not an expert on Usenet: he concedes that his knowledge of Usenet is based on "approximately a month" spent using Defendants' services, Chumura Decl. ¶ 3, not on the "knowledge, skill, experience, training or education" required by Federal Rule of Evidence 702.  Mr. Chumura's statements about Usenet, including his repeated statements about what is "common knowledge" about Usenet and its users, are without foundation.

Mr. Chumura is not an expert on intellectual property or copyright infringement, either: his qualifications are based almost entirely on his purported experience in law enforcement, government defense work, and counterterrorism. Chumura Decl. ¶¶ 1-2.  And notably, although Mr. Chumura claims "extensive experience" writing computer programs relating to computer security, several statements in Mr. Chumura's Declaration make it clear that he is not an expert programmer.  For instance, while he claims that it is possible to find the Usenet Message-ID associated with a Usenet article containing a particular filename, he then claims that it is "not feasible" to provide that information to a third party because "the copyright holder would have to manually cut and paste the message-ID into a spreadsheet."  Chumura Decl. ¶ 13.  A programmer who cannot conceive of (let alone write) a program to automatically copy textual information into a spreadsheet hardly qualifies as an expert.

Mr. Chumura's opinion on these matters will not "assist the trier of fact to understand the evidence or to determine a fact in issue" as FRE 702 requires.  Mr. Chumura's declaration is also replete with speculation and extravagant generalizations about the thoughts, motives, and actions of third parties; legal conclusions dressed up

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

as factual statements; and conclusions drawn from insufficient data. To the extent that the Court does not exclude the Chumura Declaration in its entirety based on Federal Rule of Evidence 702, Defendants specifically object to the following statements in that declaration:

**Objection 1**

| Material objected to | Grounds for objection |
| --- | --- |
| "I have spent approximately a month using and analyzing the services provided by giganews.com, usenet.com, and other USENET paysites. I have written a program for Perfect 10 which automatically downloaded images from USENET paysites. As I result of writing that program, and because of my many years of experience with the Internet, I am very familiar with the operation of the USENET, giganews.com, usenet.com, and other USENET paysites."<br><br>¶ 3, 2:3-9 | Lacks foundation; lacks personal knowledge. FRE 602, 701, 702.<br><br>Mr. Chumura concedes his knowledge of Usenet and a few of Defendants' websites is based entirely on his having studied them for "approximately a month." Mr. Chumura is not an expert on those subjects. |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

**Objection 2**

| Material objected to | Grounds for objection |
|---|---|
| "The user can then perform searches on News Rover and download whatever pirated full-length movies, songs, computer software, or images the user desires."<br><br>¶4, 2:16-18 | Lacks foundation; lacks personal knowledge; improper expert testimony; improper speculation; improper legal conclusion; irrelevant.  FRE 401, 402, 602, 701, 702.<br><br>Mr. Chumura has no basis on which to opine about the availability or the copyright status of unidentified third-party works.  Mr. Chumura is not an expert on copyright law or Usenet. Speculation about third-party works, regarding which Mr. Chumura has neither personal knowledge nor relevant expertise, is also irrelevant to the claims at issue in this case. |

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

DEFS.' EVIDENTIARY OBJS. TO DECLS. OF ZADA, CHUMURA, & YAMATO    11-CV-07098

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

## Objection 3

| Material objected to | Grounds for objection |
|---|---|
| "I have also studied the operation of various other infringers including Napster, Grokster, thepiratebay.org, isohunt.com, and limewire.com.  None of those infringers stored copyrighted material on their servers, or sold access to copyrighted material."<br><br>¶5, 2:19-22 | Lacks foundation; lacks personal knowledge; improper expert testimony; improper speculation; improper legal conclusion; irrelevant.  FRE 401, 402, 602, 701, 702.<br>Mr. Chumura is not an expert on any of the diverse technologies underlying any of the named services and has no personal knowledge of their operation.  Mr. Chumura's statement about "their servers" lacks foundation.  Speculation about the "operation" of unrelated third parties is irrelevant to the claims at issue in this case.  The named services are irrelevant because none operated a Usenet service.  Mr. Chumura's speculation about the copyright status of unidentified third-party works is speculation. |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

| Objection 4 | |
|---|---|
| **Material objected to** | **Grounds for objection** |
| "It is common knowledge that people who post to the USENET have not entered into agreements with copyright holders to copy or pose any of the following . . . .  As a result, it is well known that most materials that are offered for sale by USENET paysites, including Defendants', are infringing."<br><br>¶ 6, 2:6 – 3:1<br><br>". . . it is common knowledge that posters do not have the right to post full-length Hollywood movies. . . ." and other works.<br><br>¶ 8, 3:21-22 | Improper speculation; inadmissible hearsay; lacks foundation; lacks personal knowledge; improper expert testimony; improper legal conclusion. FRE 602, 701, 702, 802.<br><br>Mr. Chumura offers hearsay and speculation without any foundation. Mr. Chumura is not an expert in any relevant area and has no basis for his speculations about the behavior of Usenet users; the content of Usenet; or the copyright status of such content. Mr. Chumura's contention that "materials . . . are offered for sale" by Usenet service providers lacks foundation and is a legal conclusion on which Mr. Chumura is not qualified to state an opinion. |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

### Objection 5

| Material objected to | Grounds for objection |
|---|---|
| "A significant number of the alt.binaries newsgroups have names indicating that they offer infringing materials. . . ."<br><br>¶ 7, 3:6-7 | Lacks foundation; lacks personal knowledge; improper expert testimony; improper speculation; improper legal conclusion.  FRE 401, 402, 602, 701, 702.<br><br>Mr. Chumura is not an expert on Usenet or copyright law and has no basis for his speculations about the meaning of Usenet newsgroup names, the content of Usenet, or the copyright status of materials on Usenet. |

### Objection 6

| Material objected to | Grounds for objection |
|---|---|
| "I do not believe it is possible for a USENET provider, such as Defendants, to not be aware of the presence of massive infringement residing on their servers, for several reasons. First, as discussed above, it is common knowledge that posters do not have the right to post full-length Hollywood movies, songs by the Beatles, the Rolling Stones, and other popular groups, programs sold by Microsoft and Adobe | Improper speculation; inadmissible hearsay; lacks foundation; lacks personal knowledge; improper expert testimony; improper legal conclusion. FRE 602, 701, 702, 802.<br><br>Mr. Chumura is not an expert on Usenet; Defendants' operations; copyright law; or any area relevant to this statement.  Mr. Chumura's testimony is concededly based on |

DEFS.' EVIDENTIARY OBJS. TO DECLS.OF ZADA, CHUMURA, & YAMATO    11-CV-07098

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

(among others), and Playboy and Perfect 10 images. Second, the names of the newsgroups reflect the presence of illegal materials. Third, when Giganews wrote the computer code for managing its website and its servers, it must have written that code in such a way so that its servers could store and manipulate very large files such as movies. It must have known, when it wrote its server code, how movies, TV shows, songs, and other large files would be stored, indexed, and copied. In other words, the program was written specifically to accommodate massive amounts of infringing material. Fourth, I have read an archived web page from giganews.com that stated that "News Rover has built-in MP3 and File Locators that search all Giganews newsgroups for music, pictures, and movies…." That means that Giganews knew that it was storing large quantities of infringing movies and songs. Finally, Giganews claims that it hosts 9,000 terabytes of materials – which is staggering in scope (1000 gigabytes = 1 terabyte.) Non-media files such a text-

speculation about the knowledge of unidentified third parties; the actions and knowledge of defendant Giganews; and the nature and copyright status of unidentified Usenet content.  Mr. Chumura lays no foundation for his speculation about purported "common knowledge," what Giganews "must have" done, or what "everyone knows."

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

| | |
|---|---|
| based messages are very small and would only occupy a tiny fraction of the 9,000 terabytes of materials that Giganews claims it offers. The rest of the storage must be allocated to huge files, which would include, most notably, full-length movies and large software programs that everyone knows are pirated." <br><br> ¶ 8, 3:19 – 4:13 | |

### Objection 7

| Material objected to | Grounds for objection |
|---|---|
| "Exhibit 1 was provided to me by Dr. Norman Zada, the President of Perfect 10, Inc.  The highlighted portion of page 1 of Exhibit 1 means that Giganews makes copies of P10 Images from other USENET providers' servers, and stores them on its servers. It also means that Giganews copies Perfect 10 copyrighted images ("P10 Images") from its servers and distributes those images to other USETNET [sic] providers." <br><br> ¶ 9, 4:14-19 | Improper speculation; lacks foundation; lacks personal knowledge; inadmissible hearsay; improper expert testimony; document not properly authenticated. FRE 602, 701, 702, 802, 901. <br><br> Mr. Chumura's testimony is speculation because Exhibit 1, page 1, does not mention Perfect 10 or P10 Images.  Mr. Chumura is not an expert on Usenet or Defendants' operations. |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

**Objection 8**

| Material objected to | Grounds for objection |
|---|---|
| "The upper portion of page 2 of Exhibit 1 is a print screen of what might appear on News Rover during a downloading of files."<br><br>¶ 9, 4:19-20 | Improper speculation; lacks foundation; lacks personal knowledge; inadmissible hearsay; improper expert testimony; document not properly authenticated. FRE 401, 402, 602, 701, 702, 802, 901.<br><br>Mr. Chumura's testimony is concededly speculation.  Mr. Chumura not an expert on Usenet; Usenet search; or the operation of News Rover. |

**Objection 9**

| Material objected to | Grounds for objection |
|---|---|
| "Giganews makes copies of Perfect 10 Images in at least two different ways. When Giganews saves a copy of a P10 Image it obtains from some other USENET provider's servers, Giganews must elect to make at least one copy of that image, the copy that appears on its servers. For example, in page 2 of Exhibit 1, Giganews made a copy of the image identified as RoM_P10_Vol2_06_Perfect 10_001.jpg from easynews.com and then stored it on Giganews' servers. Also, when a user requests a copy of a P10 Image that is stored on Giganews' servers, Giganews must elect to make another copy for that user. So if 10,000 users request a copy of a particular P10 Image stored on Giganews' servers, Giganews must elect to make 10,000 copies of that image." <br><br> ¶ 10, 5:7-16 | Improper speculation; lacks foundation; lacks personal knowledge; improper expert testimony; inadmissible hearsay; improper legal conclusion; document not properly authenticated.  FRE 401, 402, 602, 701, 702, 802, 901. <br><br> Mr. Chumura is not an expert on Usenet, copyright law, or the operation of the Internet.  Mr. Chumura's speculation that Giganews "must elect" to make copies lacks foundation, is speculation, and is an improper legal conclusion. |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

DEFS.' EVIDENTIARY OBJS. TO DECLS. OF ZADA, CHUMURA, & YAMATO    11-CV-07098

**Objection 10**

| Material objected to | Grounds for objection |
|---|---|
| "Giganews.com commits all of the following volitional acts: 1) It copies P10 Images from other USENET providers' servers without Perfect 10's authorization; 2) It stores P10 Images on its servers without authorization; 3) It makes copies of P10 Images and provides them to users without authorization; and 4) It sells access to P10 Images without authorization. Giganews has complete control over the infringement which occurs on its website. It determines what materials are stored on its servers and what materials it offers to its users. It can remove and/or block any materials it wishes."<br><br>¶11, 5:19-26 | Improper speculation; lacks foundation; lacks personal knowledge; improper expert testimony; improper legal conclusion. FRE 602, 701, 702.<br><br>Mr. Chumura is not an expert on Usenet; copyright law; the operation of the Internet; the operation of Defendants' business, software, or servers; or any other relevant area.  Mr. Chumura's testimony in Paragraph 11 is speculative and merely a series of improper legal conclusions. |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

DEFS.' EVIDENTIARY OBJS. TO DECLS. OF ZADA, CHUMURA, & YAMATO    11-CV-07098

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

**Objection 11**

| Material objected to | Grounds for objection |
|---|---|
| "In my experience, Internet users try to obtain content without paying for it. If they do have to pay to access specific content, they will try to pay as little for it as possible. Thus users will subscribe to a massive infringing paysite like giganews.com, where they can obtain billions of dollars of full-length movies, songs, images, and computer software for as little as $5 a month, rather than subscribe to a website such as perfect10.com, which offers no full length movies, songs, third party images or computer software, for $25.50 a month."<br><br>¶12, 5:27 – 6:5 | Improper speculation; lacks foundation; lacks personal knowledge; improper expert testimony; improper legal conclusion. FRE 602, 701, 702.<br><br>Mr. Chumura is not an expert on Internet users or their behavior, or any other relevant area.  Mr. Chumura makes no effort to lay any foundation for his supposed "experience." |

Defs.' Evidentiary Objs. to Decls.of Zada, Chumura, & Yamato    11-CV-07098

**Objection 12**

| Material objected to | Grounds for objection |
|---|---|
| "Giganews can also use readily available image recognition technology to block copies of that image from ever being stored on giganews.com or offered to Giganews members." ¶ 13, 6:12-14 | Lacks foundation; lacks personal knowledge; improper expert testimony; improper speculation. FRE 602, 701, 702. Mr. Chumura is not an expert on image recognition technology and there is no foundation for this inaccurate statement, which is specifically rebutted by Defendants' experts John Levine and Bill Rosenblatt. |

**Objection 13**

| Material objected to | Grounds for objection |
|---|---|
| "Giganews, however, requests instead that the copyright holder provide the message-ID associated with each image. That is not feasible if large numbers of infringements are involved, because the message-ID is not downloaded with the image. Thus, for each image, the copyright holder would have to manually cut and paste the message-ID into a spreadsheet, which would take weeks if thousands of images were infringed. | Lacks foundation; lacks personal knowledge; improper expert testimony; improper speculation. FRE 602, 701, 702. Mr. Chumura is not an expert on programming or database programming, and his statement about what "the copyright holder would have to" do is speculation, and is specifically rebutted by Defendants' expert Bill Rosenblatt. |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

35

| | |
|---|---|
| Furthermore, a list of message-IDs by itself would be incomprehensible and provide no useful information as to what was infringed." <br><br> ¶ 13, 6:18-24 | Mr. Chumura is not an expert on Usenet or Defendants' operations and his statement that "a list of message-IDs by itself would be incomprehensible and provide no useful information" is speculation. |

### Objection 14

| Material objected to | Grounds for objection |
|---|---|
| ". . . the article may be quickly found by searching News Rover using the image identifier.  In fact, I have been able to search News Rover using the image identifier but I have not been able to search News Rover using the message-ID." <br><br> ¶ 14, 6:27 – 7:2 | Lacks foundation; lacks personal knowledge; improper expert testimony; improper speculation; irrelevant.  FRE 401, 402, 602, 701, 702. <br><br> Mr. Chumura's inability to perform certain tasks is irrelevant to any issue of fact before the Court.  Mr. Chumura is not an expert on Usenet; Usenet search; the operation of News Rover; or the operation of Defendants. |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

**Objection 15**

| Material objected to | Grounds for objection |
|---|---|
| "Giganews suggests in its letter it contacts the poster of the article. However, in my experience, most of the posters list phony email addresses. Thus, it may not be possible for Giganews to contact the poster, particularly if the post was not made to Giganews' servers."<br><br>¶14, 7:2-5 | Improper speculation; lacks foundation; lacks personal knowledge; improper expert testimony; irrelevant.  FRE 401, 402, 602, 701, 702.<br><br>Mr. Chumura's testimony is concededly speculation.  Mr. Chumura is not an expert on Usenet; the behavior of Usenet users; or the operation of Defendants.  Mr. Chumura does not attempt to lay any foundation for his purported "experience." |

DEFS.' EVIDENTIARY OBJS. TO DECLS. OF ZADA, CHUMURA, & YAMATO   11-CV-07098

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

**Objection 16**

| Material objected to | Grounds for objection |
|---|---|
| "In 2003, it might have taken as long as ten hours to upload a full-length movie."<br><br>¶15, 7:7-8 | Improper speculation; lacks foundation; lacks personal knowledge; improper expert testimony; irrelevant.  FRE 401, 402, 602, 701, 702.<br><br>Mr. Chumura's testimony is concededly speculation. The state of technology in 2003 is irrelevant to any issue before the Court.  Mr. Chumura is not an expert in any relevant area. |

DEFS.' EVIDENTIARY OBJS. TO DECLS. OF ZADA, CHUMURA, & YAMATO    11-CV-07098

**Objection 17**

| Material objected to | Grounds for objection |
|---|---|
| ". . . because entities such as Megaupload.com, Hotfile.com, and many other infringers pay users to upload infringing materials to their servers, I believe it unlikely that there is no commercial relationship between Defendants and uploaders. If the uploaders were truly independent third parties, there would be far less material uploaded, and the uploading would not be uniform. In other words, ten copies of a particular popular image or movie might be uploaded, and no copies of most others."<br><br>¶ 15, 7:11-17 | Lacks foundation; lacks personal knowledge; improper expert testimony; improper speculation; improper legal conclusion; irrelevant.  FRE 401, 402, 602, 701, 702.<br><br>Mr. Chumura's testimony is concededly speculation on matters outside his area of expertise.  Mr. Chumura is not an expert on economics; the operation of Megaupload.com, Hotfile.com, or any other Internet business; or the behavior of Internet users.  Mr. Chumura's testimony about the copyright status of unidentified works is speculative and an improper legal conclusion. |

## V.    EVIDENTIARY OBJECTIONS TO THE DECLARATION OF SEAN CHUMURA IN SUPPORT OF PERFECT 10'S PRELIMINARY INJUNCTION REPLY BRIEF

The Chumura Reply Declaration provides no additional facts establishing Mr. Chumura's "knowledge, skill, experience, training or education" that Federal Rule of Evidence 702 requires.  The Chumura Reply Declaration is also replete with speculation and generalizations about the thoughts, motives, and actions of third parties; legal conclusions dressed up as statements of fact; and conclusions drawn

39

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1  from insufficient data.

2       To the extent that the Court does not exclude the Chumura Reply Declaration in

3  its entirety based on Federal Rule of Evidence 702, Defendants specifically object to

4  the following statements in that declaration:

5                              **Objection 1**

| Material objected to | Grounds for objection |
|---|---|
| "Exhibit 2 provides three different ways by which Defendants could have located the infringing material. First, Defendants could have performed the search described in the letter, namely, "P10 Vol4 01," and simply removed all the resulting posts. If they have not done so already, Defendants could easily write computer code to do that in one operation. Second, the infringing posts are listed on pages 6 and 7 of Exhibit 2 for Defendants. Third, Defendants could have searched on the Image Identifiers which appear under the infringing images shown on pages 3-5 of Exhibit 2, or any common portion thereof. Once Defendants locate the infringing material (the infringing posts) shown on pages 6 and 7, they can determine the Message-IDs associated with those posts if they choose to do so, but they should have software written that would determine | Improper speculation; lacks foundation; lacks personal knowledge; improper opinion testimony; improper expert testimony; irrelevant; document not properly authenticated.  FRE 401, 402, 602, 701, 702, 901.<br><br>Mr. Chumura's testimony is concededly speculation and improper lay opinion. Mr. Chumura is not an expert in any relevant area. |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

| the Message-IDs and eliminate the posts automatically." ¶ 2, 1:8-20 | |
|---|---|

### Objection 2

| Material objected to | Grounds for objection |
|---|---|
| "The notice shown in Exhibit 2 would also enable Defendants to quickly see that that one poster, Polander50@Poland.com, is responsible for most or all of the infringing posts. Defendants should have a way of blocking their users [sic] access to all posts by this poster, which would be yet another way to quickly eliminate large numbers of Perfect 10 infringing images without requiring Message-IDs." ¶ 3, 1:21-26 | Improper speculation; lacks foundation; lacks personal knowledge; improper expert testimony; irrelevant; document not properly authenticated. FRE 401, 402, 602, 701, 702, 901. Mr. Chumura's testimony is concededly speculation and improper lay opinion. Mr. Chumura is not an expert in any relevant area. |

### Objection 3

| Material objected to | Grounds for objection |
|---|---|
| "The default version of Mimo does not display the Message-ID. It took me awhile to find an option on the right side which said "View File Information." . . . | Improper speculation; lacks foundation; lacks personal knowledge; improper expert testimony; irrelevant. FRE 401, 402, 602, 701, 702. |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

41

| | |
|---|---|
| Defendants have thus made it very burdensome for copyright holders to cut and paste large numbers of Message-IDs, even with their own newsreader. Defendants could easily provide an option whereby the copyright holder could extract all the Message-IDs for a particular group of messages at one time. However, they have not done so." <br><br> ¶ 4, 1:27 – 2:8 | Mr. Chumura is not an expert on the Mimo newsreader or its operation.  Mr. Chumura's difficulties in operating the Mimo software are not relevant to any issue before the Court.  Mr. Chumura's testimony concerning the burden on unidentified copyright holders is speculation.  Mr. Chumura's testimony about what Defendants "could" provide is concededly speculation. |

**Objection 4**

| Material objected to | Grounds for objection |
|---|---|
| "I cannot write the code to search Giganews's severs because I do not have access to those servers.  I can find a group of infringing posts available from giganews using Newsrover or Mimo, but then I cannot extract the Message-IDs from those posts because I have do not have access to the software used by Newsrover or Mimo." <br><br> ¶ 4, 2:4-8 | Improper expert testimony; irrelevant. FRE 401, 402, 701, 702. <br><br> Mr. Chumura is not an expert on Giganews's servers; the operation of Usenet; Usenet search; or the operation of News Rover or Mimo software.  Mr. Chumura's difficulties in operating any software program are not relevant to any issue before the Court.  Mr. Chumura's lack of access to Defendants servers or software is irrelevant to any |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

| Material objected to | Grounds for objection |
|---|---|
| | issue before the Court. |

**Objection 5**

| Material objected to | Grounds for objection |
|---|---|
| ". . . while it would be easy for Defendants to write the code to allow copyright holders to do a search using Mimo, find a group of infringing images, and instantaneously extract all of the Message-IDs for potentially thousands of images in that group, it would not be possible for Perfect 10 to do so."

¶ 5, 2:19-22 | Improper speculation; lacks foundation; lacks personal knowledge; improper expert testimony; irrelevant.  FRE 401, 402, 602, 701, 702.

Mr. Chumura's testimony is speculation.  Mr. Chumura is not an expert on Defendants' operations; the operation of Mimo; Usenet search; the operation of Usenet; or programming. |

DEFS.' EVIDENTIARY OBJS. TO DECLS. OF ZADA, CHUMURA, & YAMATO    11-CV-07098

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

### Objection 6

| Material objected to | Grounds for objection |
|---|---|
| "Defendants could scan their servers for images that match a library of forbidden images, and remove those images, along with all posts by whoever posted them." ¶ 6, 2:24-25 | Improper speculation; lacks foundation; lacks personal knowledge; improper expert testimony.  FRE 602, 701, 702.<br><br>Mr. Chumura's testimony is concededly speculation.  Mr. Chumura is not an expert on image recognition technology or Defendants' operations. |

### Objection 7

| Material objected to | Grounds for objection |
|---|---|
| "Because Adobe Acrobat Professional provides actual copies of the infringing images, it allows the ISP to use Image Recognition to remove similar images from its system." ¶ 7, 3:17-19 | Improper speculation; lacks foundation; lacks personal knowledge; improper expert testimony.  FRE 602, 701, 702.<br><br>Mr. Chumura's testimony is concededly speculation.  Mr. Chumura is not an expert on image recognition technology or Defendants' operations. |

DEFS.' EVIDENTIARY OBJS. TO DECLS. OF ZADA, CHUMURA, & YAMATO   11-CV-07098

| Objection 8 | |
| --- | --- |
| **Material objected to** | **Grounds for objection** |
| "The giganews.com servers are located at news.gigagnews.com, which is a subdomain of giganews.com." | Improper speculation; lacks foundation; lacks personal knowledge; improper expert testimony.  FRE 602, 701, 702. |
| ¶ 9, 3:28 – 4:1 | Mr. Chumura's testimony is speculation.  Mr. Chumura is not an expert on Usenet; the Domain Name System (DNS); or Defendants' operations. |

## VI.   EVIDENTIARY OBJECTIONS TO THE DECLARATION OF CRAIG YAMATO IN SUPPORT OF PERFECT 10'S PRELIMINARY INJUNCTION REPLY BRIEF

Mr. Yamato is not an expert on Usenet.  He is a network engineer currently working for TW Telecom.  Yamato Reply Decl. ¶ 1.  He claims no professional or lay experience or expertise in designing, engineering, or programming Usenet hardware or Usenet software.  *Id.*  He does not claim that any of his duties or responsibilities at TW Telecom or elsewhere involved designing, engineering, or programming Usenet hardware or Usenet software.  *Id.*  Mr. Yamato does not claim he ever accessed, inspected, or otherwise used Giganews's Usenet servers or Usenet software; he does not even claim that he had a user account to access or otherwise use Giganews's Usenet servers or Usenet software.  *E.g.*, *id.*, ¶¶ 3-8.  Nor does Mr. Yamato claim any experience or expertise in designing, engineering, or programming image recognition technologies, keyword-filtering technologies, or search technologies.  *E.g.*, *id.* ¶¶ 3, 8. Mr. Yamato's statements, including his repeated statements about Usenet, Usenet Message-IDs, Usenet servers, recognition technologies, keyword-filtering technologies, and search technologies, are without foundation.  Mr. Yamato merely

includes a conclusory statement, unconnected to supporting facts, that he has "extensive experience" with "the Internet[] and the USENET." *Id.*, ¶ 1.  The Yamato Reply Declaration falls well short of establishing the "knowledge, skill, experience, training or education" required by Federal Rule of Evidence 702.

Mr. Yamato is not an expert on intellectual property or copyright infringement, either: his qualifications are based solely on his purported experience as a network engineer.  *Id.*  The Yamato Reply Declaration makes it clear that Mr. Yamato is not an expert programmer regarding any area relevant to the preliminary injunction motion. For instance, he claims that it would be "impossible" for Perfect 10 to "automatically extract" Usenet Message-IDs.  *Id.* ¶ 3.  A programmer who claims that is it *impossible* to automatically copy textual information hardly qualifies as an expert.

The Yamato Reply Declaration is also replete with speculation and generalizations about the thoughts, motives, and actions of Defendants; legal conclusions dressed up as statements of fact; and conclusions drawn from insufficient data.  To the extent that the Court does not exclude the Yamato Reply Declaration in its entirety based on Federal Rule of Evidence 702, Defendants specifically object to the following statements in Mr. Yamato's declaration:

**Objection 1**

| Material objected to | Grounds for objection |
| --- | --- |
| "Exhibit 1 would allow Giganews to find and disable access to the infringing images identified in the notice, from the newsgroup alt.binaries.amp, as well as possibly from other newsgroups as well, in a number of different ways. First, Giganews could find any particular image by inputting the Image Identifier | Improper speculation; lacks foundation; lacks personal knowledge; improper expert testimony; irrelevant.  FRE 401, 402, 602, 701, 702.

Mr. Yamato is not an expert on the operations of Usenet; Usenet search technology; newsreader technology; or |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

| | |
|---|---|
| appearing below that image into a suitable newsreader such as newsrover.com. Such a search should return all messages where that Image Identifier appears as part of the message description, and thus allow Giganews to disable all such messages at once. Second, Giganews could search on a portion of the Image Identifier, such as "RoM P10," as Dr. Zada suggests on page 1 of Exhibit 1. That search should turn up all such images whose Image Identifiers contain "RoM P10," and would allow Giganews to remove a large number of infringing images at one time. Third, Giganews could employ standard image recognition techniques using the images in Exhibit 1 to make sure those images are removed and never offered again to its members." | image recognition technology.  Mr. Yamato's testimony concerning what Defendants "would" or "could" do is concededly speculation.  Mr. Yamato's testimony about what a given search "should return" is concededly speculation.  Mr. Yamato is not an expert in any relevant area. |
| ¶ 3, 1:18 – 2:3 | |

**Objection 2**

| Material objected to | Grounds for objection |
|---|---|
| "Giganews could easily write computer code, if it has not done so already, that | Improper speculation; lacks foundation; lacks personal knowledge; improper |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

would allow it to instantaneously identify the Message-IDs corresponding to a large group of infringing messages, and block them all simultaneously. Such code would be as simple as "If Message Title contains RoM P10, block associated Message-ID." In other words, Giganews could write a few lines of code that would block and remove all messages that contained "RoM P10" in their title, without even needing the Message-IDs. Giganews also can and should block all posts by whoever uploaded the Perfect 10 images, which would immediately eliminate potentially thousands of infringing messages. While it would be straightforward for Giganews to instantaneously identify and block all Message-IDs corresponding to a particular group of messages, it would be impossible for Perfect 10 to do so, because Perfect 10 does not have access to Giganews' servers and cannot alter the newsrover program to allow it to automatically extract Message-IDs."

¶ 4, 2:7-21

expert testimony; irrelevant.  FRE 401, 402, 602, 701, 702.

Mr. Yamato's testimony is concededly speculation.  Mr. Yamato's testimony that certain programming tasks would be "impossible" is speculation.  Mr. Yamato is not an expert on computer programming; the operations of Usenet; Usenet search technology; newsreader technology; or image recognition technology.

DEFS.' EVIDENTIARY OBJS. TO DECLS.OF ZADA, CHUMURA, & YAMATO   11-CV-07098

1

2

**Objection 3**

| Material objected to | Grounds for objection |
|---|---|
| "I do not believe it is possible for a USENET provider who makes copies of such materials, stores them on its servers, and then makes additional copies which it sends over the Internet to thousands of members, to not be aware that it is copying and distributing huge movie files that cannot possibly be authorized."<br><br>¶ 5, 2:23-27 | Improper speculation; lacks foundation; lacks personal knowledge; improper legal conclusion; improper expert testimony; irrelevant.  FRE 401, 402, 602, 701, 702.<br><br>Mr. Yamato's testimony is concededly speculation.  Mr. Yamato's testimony concerning the copyright status of unidentified third-party works is speculation and is an improper legal conclusion.  Mr. Yamato is not an expert on the operations of Usenet; the operations of Defendants; or intellectual property law or licensing. |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

### Objection 4

| Material objected to | Grounds for objection |
|---|---|
| "Whenever a Giganews member requests a movie, song, or image from Giganews, Giganews must make a copy of that work, and then send it across the Internet to the user, who then must make a copy of that work when he stores it on his computer. Similarly, if a Giganews member were to upload a copyrighted work to Giganews, that member must first make a copy, send it through the Internet to Giganews, and then Giganews must make a copy to store it on Giganews' servers."<br><br>¶ 6, 2:28 – 3:6 | Improper speculation; lacks foundation; lacks personal knowledge; improper expert testimony; irrelevant.  FRE 401, 402, 602, 701, 702.<br><br>Mr. Yamato's testimony concerning the acts of Defendants and unidentified third parties is speculation.  Mr. Yamato is not an expert on the operation of Usenet; the operations of Defendants; or the operations of unidentified third parties. |

### Objection 5

| Material objected to | Grounds for objection |
|---|---|
| "Giganews has complete control over what it stores on its servers, and what it provides to its members. No one can upload anything to Giganews' servers without Giganews' permission, and no one can receive a copy of a work from Giganews' servers without Giganews electing to provide them with that copy." | Improper speculation; lacks foundation; lacks personal knowledge; improper legal conclusion; improper expert testimony; irrelevant.  FRE 401, 402, 602, 701, 702.<br><br>Mr. Yamato's testimony concerning the acts and mental states of Defendants |

50

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

| ¶ 7, 3:7-10 | and unidentified third parties is speculation.  Mr. Yamato is not an expert on the operation of Usenet or the operations of Defendants. |
|---|---|

## Objection 6

| Material objected to | Grounds for objection |
|---|---|
| "Giganews, as the author of its own software, has the ability to use key words such as Image Identifiers to intercept and flag messages. Such flagged messages could then undergo automated image analyses using any number of available tools for comparison to copyrighted material. Such image recognition methods, which could be readily implemented by Giganews, would block most if not all of the copyrighted material for which Giganews has received DMCA notices."<br><br>¶ 8, 3:11-17 | Improper speculation; lacks foundation; lacks personal knowledge; improper expert testimony; irrelevant.  FRE 401, 402, 602, 701, 702.<br><br>Mr. Yamato's testimony is concededly speculation.  Mr. Yamato's testimony about "any number of available tools" is concededly speculation and improper expert testimony.  Mr. Yamato's testimony concerning the copyright status of unidentified third-party works is speculation.  Mr. Yamato is not an expert on the operation of Usenet; the operations of Defendants; image recognition technology; search technology; filtering technology; or copyright law. |

DEFS.' EVIDENTIARY OBJS. TO DECLS.OF ZADA, CHUMURA, & YAMATO   11-CV-07098

1    Dated:  September 23, 2011          WINSTON & STRAWN LLP

2                                        By:  ___/s/ K.Joon Oh_____
                                              Andrew P. Bridges
3                                             Jennifer Golinveaux
                                              K. Joon Oh
4
                                         Attorneys for Defendants Giganews, Inc.
5                                        and Livewire Services, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA 94111-5802**

DEFS.' EVIDENTIARY OBJS. TO DECLS. OF ZADA, CHUMURA, & YAMATO    11-CV-07098
SF:319664.2