## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-7098 AHM (SHx) | | Date | March 19, 2012 |
|---|---|---|---|---|
| Title | PERFECT 10, INC. v. GIGANEWS, INC., ET AL. | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Cindy Nirenberg | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiff: | | Attorneys **NOT** Present for Defendants: |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Plaintiff Perfect 10, Inc., has filed a motion for preliminary injunction against Defendants Giganews, Inc., and Livewire Services, Inc.[1]  Because Plaintiff has failed to demonstrate that it is likely to suffer immediate irreparable harm, the Court DENIES the motion.[2]

A plaintiff seeking a preliminary injunction must establish the following four factors: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer immediate irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.  *Winter v. Natural Resources Defense Council, Inc.*,  555 U.S. 7, 20 (2008).  A plaintiff must establish that irreparable harm is *likely*, not just possible.  *Id*. at 21.

Plaintiff argues that it will suffer irreparable harm because (1) Defendants are violating its intellectual property rights, and (2) it is on the verge of financial ruin as a result.  (Mot. 21-22.)  After Plaintiff filed the instant motion (but before it filed its reply), the Ninth Circuit rejected these very arguments in *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976 (9th Cir. 2011), *cert. denied,* -- S.Ct. --, 2012 WL 685778 (2012), a case involving the same Plaintiff in this action.  The court first clarified that a showing of likelihood of success on the merits no longer gave rise to a presumption of irreparable harm in copyright cases in light of the Supreme Court's ruling in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).  *Id*. at 980.  The court then found that Plaintiff had failed to establish a causal relationship between the alleged acts of the

---

[1] Defendants have also filed a motion to strike Plaintiff's reply.  The Court DENIES Defendants' motion (Dkt. 77) but has disregarded any arguments Plaintiff raised for the first time in its reply.

[2] Dkt. 17.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-7098 AHM (SHx) | Date | March 19, 2012 |
|---|---|---|---|
| Title | PERFECT 10, INC. v. GIGANEWS, INC., ET AL. | | |

defendant and irreparable harm to Plaintiff's business. *Id.* at 981.

As was the case in *Google*, Plaintiff has failed to establish such a causal relationship here. Plaintiff has submitted evidence regarding its financial situation in the form of declarations from its President Dr. Norman Zada. (Dkt. 27.) According to Dr. Zada, "Perfect 10 is very close to bankruptcy." (Zada Decl. ¶ 4.) Plaintiff's revenues have declined from close to $2,000,000 a year to less than $90,000 a year, and Plaintiff has lost over $60 million. (*Id.*) There is no proof, however, that the alleged conduct of Defendants is what brought Plaintiff on the verge of bankruptcy. Indeed, although Plaintiff brought this action against Defendants in 2011, Plaintiff apparently "ceased production of its flagship magazine in June 2007" -- four years ago. As the Ninth Circuit noted in *Google*, Plaintiff has submitted no evidence showing that it was ever profitable. Moreover, Dr. Zada declares that in addition to Defendants, "[t]here are at least 150 pirate paysites which have each stolen as many as 26,000 Perfect 10 images." (*Id.*, ¶ 30.) With so many other alleged infringers remaining in operation, it is unlikely that a preliminary injunction against Defendants would prevent any irreparable injury to Plaintiff.

Although Defendants relied on *Google* in their opposition, Plaintiff did not mention the case or attempt to demonstrate alternative grounds for irreparable injury. Thus, the Court finds *Google* controlling here.

For the above reasons, the Court DENIES Plaintiff's motion for preliminary injunction for failure to show irreparable harm. The Court does not at this time make any findings regarding the merits of Plaintiff's claims.

_____ : _____

Initials of Preparer                    SMO