UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC.<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GIGANEWS, INC. , et al.<br><br><br>　　　　Defendants. | CASE NO:<br>2:11−cv−07098−ABC−SH<br><br>1. SCHEDULING CONFERENCE PURSUANT TO FED. R. CIV. P. 16 AND 26, AND LOCAL RULE 26 DATE: JULY 1, 2013 2. MOTIONS &EX PARTE APPLICATIONS:<br><br>1.　SCHEDULING CONFERENCE PUSUANT TO FED.R.CV.P.16 AND LOCAL RULE 26<br>DATE: <u>July 1, 2013 at 10:00 AM</u><br><br>2.　MOTIONS AND EX PARTE APPLICATIONS |

　　This action has been assigned to the calendar of Judge Audrey B. Collins, Courtroom 680, Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012.

　　The responsibility for the progress of litigation in the Federal Courts falls not only upon the attorneys in the action, but upon the Court as well. In order "to secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, all counsel are hereby ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

　　**NOTICE:** Electronic filing ("efiling") is mandatory in this district. *See* Local Rule ("L.R.") 5−4.1. Local Rule 5−4, "Filing Documents," sets forth how efiling

works in this district. **Counsel <u>must</u> familiarize themselves with this rule.**

Following the filing of any document, <u>one mandatory chambers copy</u> of the document <u>must</u> be delivered directly to chambers by 12:00 p.m. (noon) of the next court day. Chambers copies do not need to be blue–backed. *<u>For security reasons, chambers copies should be removed from envelopes or folders before being placed in the chambers drop–box.</u>*

**SCHEDULING CONFERENCE**

A Scheduling Conference is set for July 1, 2013 at 10:00 AM.

1. The conference will be held pursuant to Fed. R. Civ. P. 16 and 26(f), and Local Rule 26–1. The parties are reminded of their disclosure obligations. *See* Fed. R . Civ. P. 26(a). The parties must confer on a discovery plan not later than 21 days prior to the scheduling conference and file a Joint Rule 26(f) Report not later than 14 days after they confer as required by Fed. R. Civ. P. 26 and Local Rule 26–1. Failure to comply with all applicable rules or to cooperate in the preparation of the Joint Rule 26(f) Report may lead to the imposition of sanctions.

2. Counsel should begin to conduct discovery <u>before</u> the Scheduling Conference. This will expedite settlement discussions and early motion work.

3. If counsel for any party has his or her office outside of Los Angeles County, the Court may in its discretion conduct the scheduling conference by telephonic conference call. *Counsel requesting the the telephonic conference shall contact the Courtroom Deputy Clerk at (213) 894–6500 for approval*. Counsel requesting the telephonic will be responsible for originating the conference call to the Court after assembling all parties on the line. Counsel may be required to remain available on the telephone until the case number is called.

///

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**

As set forth in Local Rule 16–15.1, every case must attempt Alternative Dispute Resolution ("ADR"). This Court participates in the Court–Directed ADR Therefore, at the Scheduling Conference, all civil cases will presumptively be referred either to the Mediation Panel or to a private dispute resolution process. A settlement conference with a magistrate judge is generally not available for cases within the Court–Directed ADR Program. (See General Order 11–10 for a full full description of the program.) Counsel must comply with Local Rule 26–1.(c) and General Order 11–10 sections 5.1 and 5.2, which order counsel to furnish and discuss with their clients the Notice to Parties of Court–Directed ADR Program in preparation for the Fed. R. Civ. P. 26(f) conference of parties. Plaintiff's counsel received this Notice at the time the Complaint was filed and must serve all parties with this notice.

**FILING AND CONTENTS OF THE JOINT RULE 26(F) REPORT**

*The Joint Rule 26(f) Report shall be filed not later than one week before the scheduling conference*. Plaintiff is responsible for drafting the report, but it shall be submitted and signed jointly. The Joint Rule 26(f) Report shall include the following:

1. A short statement of the claims, counterclaims, and affirmative defenses, not to exceed three (3) pages;
2. A brief description of the key legal issues;
3. A discussion of the likelihood of motions seeking to add other parties or claims, file amended pleadings, or transfer venue;
4. A discussion of discovery and experts pursuant to Rule 26(f);
5. A description of any issues which may be resolved by motions for summary judgment;
6. Whether, after conferring with their clients, counsel prefers to be

///

referred to the Mediation Panel or to use a private dispute resolution process.

7. Proposed dates for:

- Cuff−off for filing motions to amend the pleadings by adding claims or parties;
- Discovery cut−off;
- Motion cut−off;
- Jury or court trial[1]; and

8. Other matters affecting the status of the case.

- **ERISA cases**. Note that the Court will not hear motions for for summary judgment, see Kearney v. Standard Insurance Co., 175 F.3d 1084 (1999), but will hear motions to determine the standard of review and the scope of the administrative record. There will be a court trial (usually confined to oral argument) on the administrative record and any other expanded testimony.
- **Patent Cases**. Counsel should propose dates for claim construction and Markman hearings.
- **Consent to Magistrate Judge**. The parties may consent to have a magistrate judge preside over the entire case, including trial. The parties are free to select from among all the Magistrate Judges available for this purpose, not just the magistrate judge assigned to this case. (Please consult the Court's website for the list of Magistrate Judges.)

///

///

---

[1] All motion cut−off and pre−trial conference dates are on Mondays. Trials are always set on Tuesdays.

## MOTIONS

For motions, counsel should note the timing and service requirements of Local Rules 6 and 7, which include:

- **Local Rule 6–1:** If mailed, the notice of motion shall be served not later than thirty–one (31) days before the hearing date designated in the notice. If served personally, the notice of motion shall be served not later than twenty–eight (28) days before the hearing date designated in the notice.

- **Local Rule 7–3:** The Court strictly enforces Local Rule 7–3, which requires a pre–filing meeting of counsel to discuss the substance and potential resolution of non–discovery motions. Note that counsel for the moving party must inform the Court in that notice of motion that the meeting took place.

- **Local Rule 7–4:** All motions and papers filed in connection with any motion must comply with Local Rule 7–4. Ensure that the notice of motion includes a concise statement of the relief or court action the movant seeks.

- **Local Rule 7–9:** Opposing papers shall be served upon other parties and filed not later than twenty–one (21) days before the hearing date.

- **Local Rule 7–10:** Reply papers, if any, shall be served and filed not later later than fourteen (14) days before the motion hearing date.

**Adherence to these Local Rules is essential to proper chambers preparation of motions.**

## DISCOVERY

This Court refers all discovery motions and disputes to the magistrate judge assigned to the case. Note that the discovery cut–off date means the last day by which depositions must be completed and responses to all previously served written

///

written discovery must be provided. (See further discussion in the Civil Jury Trial and Civil Court Trial Orders.)

## EX PARTE APPLICATIONS

Ex parte applications are usually decided on the papers and not set for hearing. Ex parte applications are to be reserved solely for extraordinary relief.

**Ex parte applications must comply with Local Rules 7–19 and 7–19.1. Counsel are ordered to read and adhere to <u>Mission Power Engineering, Co. v. Continental Casualty Co.</u>, 883 F. Supp. 488 (C.D. Cal. 1995) before filing any ex parte application. Applications that fail to conform with these rules, including a statement of opposing counsel's position, will not be considered. This Court may impose sanctions for misuse of ex parte applications. <u>See</u> Local Rule 7–19; In re Intermagnetics Am., Inc., 101 B.R. 191 (Bankr. C.D. Cal. 1989).**

The moving party shall serve the opposing party by facsimile transmission. Opposing papers must be filed not later than twenty–four hours following such facsimile service. **Counsel must inform the Courtroom Deputy Clerk at (213) 894–6500 if the ex parte application will not be opposed.** Counsel must deliver two mandatory chambers paper copies of the ex parte application and opposing papers to chambers as soon as possible.

## NOTICE TO BE PROVIDED BY COUNSEL

Plaintiff's counsel or, if plaintiff is appearing *pro se*, defendant's counsel, shall provide this Order to any parties who first appear after the date of this this Order and to parties who are known to exist but have not yet entered appearances.

///
///

**COURT'S WEBSITE**

This and all other orders of this Court that may become applicable to this case are available on the Central District of California website at www.cacd.uscourts.gov under "Judges' Procedures &Schedules." The Local Rules and General Orders are also available on the website.[2]

**IT IS SO ORDERED.**

DATED: May 6, 2013

*Audrey B. Collins*

Audrey B. Collins
United States District Judge

---

[2]Local rules may be purchased from the following:

| Los Angeles Daily Journal | West Publishing Co. | Metropolitan News |
| 915 East First Street | 50 West Kellogg Boulevard | 210 South Spring Street |
| Los Angeles, CA 90012 | St. Paul MN 55164–9979 | Los Angeles, CA 90012 |