UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 11-7098 ABC (SHx) | Date | July 10, 2013 |
|---|---|---|---|
| Title | Perfect 10, Inc., v. Giganews, Inc., et al. | | |

| Present: The Honorable | Audrey B. Collins, United States District Judge | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

          None                                                                          None

**Proceedings:**     ORDER RE: MOTION TO DISMISS FAC and MOTION TO STRIKE (In Chambers)

      Pending before the Court are a Motion to Dismiss First Amended Complaint ("Motion," docket no. 110) and a Motion to Strike (docket no. 116), both filed jointly by Defendants Giganews, Inc. ("Giganews") and Livewire Services, Inc. ("Livewire") on April 19, 2013. Plaintiff Perfect 10, Inc. ("Plaintiff") filed Oppositions, and Defendants filed Replies. The Court finds the Motions appropriate for disposition without oral argument and therefore **VACATES** the hearing set for July 15, 2013. See Fed. R. Civ. P. 78, Local Rule 7-15. For the following reasons, the Motion to Dismiss is **GRANTED in part and DENIED in part** and the Motion to Strike is **GRANTED in part and DENIED in part**.

### I.  BACKGROUND

      This Order presumes familiarity with the Court's Order granting in part and denying in part Defendants' Motion to Dismiss Complaint. See March 8, 2013 Order (J. Matz) (docket no. 97) ("March 8 Order"). In that Order, as relevant here, Judge Matz found that Plaintiff adequately pled contributory and vicarious infringement against Giganews. But Judge Matz also found that Plaintiff's claim for direct infringement against Giganews was insufficiently pled, as were Plaintiff's claims for direct, contributory, and vicarious infringement against Livewire. On March 26, 2013, Plaintiff filed a First Amended Complaint ("FAC," docket no. 105) re-asserting all of its copyright infringement claims – direct, contributory, and vicarious – against Giganews and Livewire.

      Defendants move to dismiss all of these claims. They assert that the FAC fails to remedy the deficiencies of the original Complaint, and that additional facts pled require the Court to dismiss the contributory and vicarious infringement claims against Gigawire. Defendants also move to strike certain allegations in the FAC.

### II.  MOTION TO DISMISS

**A.     Legal Standard**

      Fed. R. Civ. Proc. 8(a)(2) requires a pleading to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. Proc. 12(b)(6), a defendant may move

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 11-7098 ABC (SHx) | Date | July 10, 2013 |
|---|---|---|---|
| Title | Perfect 10, Inc., v. Giganews, Inc., et al. | | |

to dismiss a pleading for "failure to state a claim upon which relief can be granted." Thus, a pleading that does not satisfy Rule 8 is subject to dismissal under Rule 12(b)(6). Dismissal is proper under Rule 12(b)(6) where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 969, 699 (9th Cir. 1988).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and alterations omitted). Although this does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 555 U.S. 662, 678 (2009). A sufficiently-pled claim must be "plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. For purposes of a motion to dismiss, allegations of fact are taken as true and are construed in the light most favorable to the nonmoving party. See Newdow v. Lefevre, 598 F.3d 638, 642 (9th Cir. 2010).

The first step in determining whether a claim is sufficiently pled is to identify the elements of that claim. See Iqbal, 555 U.S. at 675. The court should then distinguish between the pleading's allegations of fact and its legal conclusions: a court "must take all of the factual allegations in the complaint as true," but should not give legal conclusions this assumption of veracity. Iqbal, 556 U.S. at 678. The court must then decide whether the pleading's factual allegations, when assumed true, "plausibly give rise to an entitlement to relief." Id. at 679. The court may not consider material beyond the pleadings other than judicially noticeable documents, documents attached to the complaint or to which the complaint refers extensively, or documents that form the basis of the claims. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

**B.    Direct Copyright Infringement**

A plaintiff asserting a claim for direct copyright infringement must allege and prove two elements: (1) ownership of the allegedly infringed material, and (2) that the defendant committed an act of "copying" this material. A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001); see 17 U.S.C. § 501(a). "The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights" under 17 U.S.C. § 106. See Napster, 239 F.3d at 1013 (quoting S.O.S., Inc. v. Payday, Inc., 886 F.2d 1081, 1085 n.3 (9th Cir.1989)). These exclusive rights include the right to reproduce, distribute, publicly display, perform, or create derivative works of the copyrighted work. See 17 U.S.C. § 106. Plaintiff alleges that Defendants have copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff, thereby directly violating its exclusive rights. (FAC ¶¶ 57, 65.)

Whether Plaintiff has pled the first element – ownership of the allegedly infringed copyrights – is not in issue. Rather, Defendants argue that Plaintiff has failed to plead that either of them directly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 11-7098 ABC (SHx) | Date | July 10, 2013 |
|---|---|---|---|
| Title | Perfect 10, Inc., v. Giganews, Inc., et al. | | |

engaged in any form of copying.[1]  The March 8 Order found that the Complaint failed to plead direct copyright infringement against either Defendant because it failed to allege that either Defendant engaged in a volitional act, that is, it failed to plead that "Defendants were the direct cause of, or actively engaged in, direct infringement."  March 8 Order p. 10.  For example, the Complaint did not allege that either Defendant itself copied Plaintiff's copyrights images onto their servers; rather, the Complaint alleged, in essence, that the Defendants programmed their servers to automatically copy, distribute, and display content that was uploaded by subscribers.  Id.  Plaintiff's FAC contains additional allegations that remedy this defect.

    1.    **Giganews**

        a.    **Display Rights**

Plaintiff alleges that Giganews directly infringes its display rights through its Mimo newsreader.  FAC ¶ 33.  However, Mimo is just a reader, a piece of software that allows a user to view an image.  To the extent Mimo is used to view infringing images, this is done by the user.  Furthermore, a user could use a number of other readers to view infringing content.  That users may use Giganews's reader to display infringing images does not constitute volitional conduct by Giganews.

        b.    **Right to Reproduce**

Plaintiff alleges that Giganews directly infringes on its right to reproduce in four ways.  See FAC ¶¶ 34-43.  These are: (1) by placing copies of copyrighted material from various internet locations onto its own servers, and not at the request of customers (FAC ¶¶ 34-35); (2) by making copies of materials at customers' requests (FAC ¶¶ 36, 40-43); (3) by reproducing images for Livewire at a Livewire customer's request (FAC ¶ 37); and (4) by storing on its own servers infringing images uploaded by users (FAC ¶¶ 38-39).

The allegations concerning the last three types of conduct are somewhat muddled so it is difficult to distinguish among them, but it is clear that these allegations cannot support a claim for direct infringement: they amount to saying that Giganews programmed its servers to automatically copy, distribute, and display content uploaded by USENET users and/or at a user's request.  As the March 8 Order indicates, this conduct does not amount to a volitional act, and therefore cannot form the basis of a direct infringement claim.

The first allegation – that Giganews itself uploads infringing content onto USENET or Giganews servers – is sufficient to allege direct infringement.  Paragraphs 40-43 elaborate on this allegation, explaining that in light of how comprehensive, organized, and laborious the uploading of Plaintiff's

---

[1] The Court agrees with Judge Matz's scholarly analysis of the "volitional act" requirement, notably, that it is a means of showing a defendant's direct involvement in infringement, that is, that the defendant directly *caused* the infringement.  This Court sees no reason to depart from Judge Matz's analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 11-7098 ABC (SHx) | Date | July 10, 2013 |
|---|---|---|---|
| Title | Perfect 10, Inc., v. Giganews, Inc., et al. | | |

images has been, and in light of the financial benefit that Giganews reaps from the materials accessible to users through its servers, it can be inferred that Giganews itself, through employees, uploaded some of the infringing materials. This possibility is rendered more plausible by the example of Megaupload, which the Department of Justice found to have itself, and not at the request of users, uploaded massive quantities of copyrighted works to its own servers. Although this is not the strongest set of allegations, and although this allegation is made on information and belief, at this stage of the litigation, Plaintiff would not likely have anything but information and belief to rely upon. Taken as a whole, and making all reasonable inferences in Plaintiff's favor, Plaintiff's allegations that Giganews itself has uploaded Plaintiff's copyrighted materials are sufficiently plausible to survive a motion to dismiss.

### c.     Distribution

Plaintiff alleges that Giganews directly distributes Plaintiff's images when a user requests one of Plaintiff's images from Giganews's servers. FAC ¶ 44. However, this does not state a claim because this distribution happens automatically, so Giganews has not engaged in volitional conduct by which it "causes" the distribution. Because the distribution claim fails on this ground, the Court need not reach Giganews's argument that the claim fails because the copies distributed are not "material objects."

### 2.     Livewire's Direct Infringement

Plaintiff alleges that Livewire "sells the infringing material is receives from Giganews at different prices, depending on usage." FAC ¶ 59. It appears that, unlike Giganews, the material that Livewire makes available to users is not posted on Livewire's websites or Livewire servers by users. Rather, Livewire contracts with Giganews to obtain that content. FAC ¶¶ 62, 63. Livewire sells copies of this material to its customers. FAC ¶ 61. Livewire makes infringing copies of Plaintiff's images available to its customers in this way. FAC ¶ 61. Based on these allegations, Livewire has engaged in "volitional conduct" that can give rise to direct liability for copyright infringement.

### C.     Secondary Infringement

The FAC also purports to allege claims for contributory and vicarious infringement against Giganews and Livewire. In the March 8 Order, the Court found that Plaintiff sufficiently alleged contributory infringement and vicarious infringement claims against Giganews. Giganews contends that new allegations concerning Plaintiff's notices demonstrate that these claims fail; the Court disagrees, and finds it unnecessary to revisit these rulings. As such, the Court will only consider whether Plaintiff has pled these claims adequately against Livewire

### 1.     Contributory Infringement

A defendant who has not directly infringed on a copyright may still be liable for contributory infringement if the defendant (1) has knowledge of another's infringing conduct and (2) induces, causes, or materially contributes to that conduct. Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1171 (9th Cir. 2007) ("Amazon"). In the context of cyberspace, the Ninth Circuit has held that "a computer

Case 2:11-cv-07098-AB-JPR Document 129 Filed 07/10/13 Page 5 of 7 Page ID #:6511

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 11-7098 ABC (SHx) | Date | July 10, 2013 |
|---|---|---|---|
| Title | Perfect 10, Inc., v. Giganews, Inc., et al. | | |

system operator can be held contributorily liable if it has actual knowledge that specific infringing material is available using its system and can take simple measures to prevent further damage to copyrighted work, yet continues to provide access to infringing works." Amazon, 508 F.3d at 1158 (citations and quotations omitted).

To plead that Livewire had knowledge of another's infringing conduct, the FAC alleges that Plaintiff sent Ronald Yokubaitis, the Digital Millenium Copyright Act agent for both Giganews and Livewire, 42 notices identifying some 14,560 copies of Plaintiff's images stored on both Defendants' servers. FAC ¶¶ 45, 46, 60. Defendants provided these notices as exhibits to the Yokubaitis Declaration. See Yok. Decl. Exhs. A, C-PP. Livewire contends that these notices were not adequate to give it actual knowledge because they did not identify the infringing images specifically enough, and were sent to Giganews, not to Livewire.

The Court has reviewed every one of the 42 notices referenced in the FAC. Consistent with the March 8, 2013 Order, the Court finds that these notices were specific enough to overcome a motion to dismiss because they may be sufficient to allow their recipient to locate the referenced images on its servers. However, these notices were sent only to Giganews: the first was FedExed to Giganews's office, and the rest appeared to be sent to a Giganews email account, dmca2008@giganews.com. By their own terms, these notices give notice to "your company." Because these notices were addressed only to Giganews and make no mention of Livewire, "your company" could only refer to Giganews.[2] Furthermore, the indentifiers associated with the images may well not have been the same for both Defendants. As such, these notices were effective only to inform Giganews that the infringing images were on its servers; they did not inform Livewire that the images were on its servers. The notices therefore could not be effective as to Livewire and are an insufficient basis upon which to plead that Livewire had knowledge of the infringing conduct. Plaintiff pleads that Livewire also generally knows that it offers images that infringe Plaintiff's images, but, as discussed in the March 8 Order, such allegations of general knowledge are insufficient to plead knowledge. Plaintiff's contributory infringement claim against Livewire therefore fails.

2. **Vicarious Infringement**

A defendant may also be liable under a vicarious infringement theory "by profiting from direct infringement while declining to exercise a right to stop or limit it." Metro- Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005). To prove vicarious infringement, Plaintiff must show (1) that Defendants enjoy a direct financial benefit from the infringing activity of its subscribers, and (2) that Defendants have declined to exercise the right and ability to supervise or control that infringing

---

[2] Plaintiff submitted a declaration saying that between March 25, 2009 and May 5, 2013, it sent Ronald Yokubaitis at least 110 notices, identifying ay least 24,000 infringing images, and that at least 64 of these notices referred to Livewire and/or specifically identified infringing material offered on usenet.net, a Livewire website. See Zada Decl. ¶ 20. However, the FAC refers only to 42 notices, so those are the notices that can support Plaintiff's claims. The Court has reviewed those 42 notices and they make no mention of Livewire.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 11-7098 ABC (SHx) | Date | July 10, 2013 |
|---|---|---|---|
| Title | Perfect 10, Inc., v. Giganews, Inc., et al. | | |

activity.  Ellison v. Robertson, 357 F.3d 1072,  1076 (9th Cir. 2004).   "[A] defendant exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so."  Amazon, 508 F.3d at 1173.

The March 8 Order found that charging subscribers a fee is sufficient to show direct financial benefit.  See March 8 Order p. 18.  Plaintiff pleads that Livewire charges fees for access to infringing materials it provides.  FAC ¶ 64.  This is adequate to show that Livewire directly benefits from the infringing activity of its clients.  Plaintiff pleads that Livewire exercises "control" over the infringing activity because it "has complete control over the materials it purchases from Giganews and provides to its clients.  It has complete control over Giganews, the infringer from which it receives its content, because Livewire is owned/operated/and or controlled by the same parties (the Yokubaitis family."  FAC ¶ 63.  These allegations do not demonstrate that Livewire has "control" over its clients, which is the kind of control necessary to hold Livewire liable for vicarious infringement based on its clients' direct infringement.  The first allegation – that Livewire controls what it purchases from Giganews and provides to clients – may support a direct infringement claim, but it does not show that Livewire exercises control over the infringing activity of its clients, and therefore cannot trigger liability for vicarious infringement.  The second allegation – that Livewire controls Giganews – is likewise insufficient to hold Livewire vicariously liable for the direct infringement of its clients.  In short, Plaintiff has not pled that Livewire exercises control over its clients.  As such, Plaintiff's claim against Livewire for vicarious infringement fails.

### IV.  MOTION TO STRIKE

A.      **Legal Standard**

Fed. R. Civ. P. 12(f) empowers the Court to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  An allegation is "immaterial" if it has no essential or important relationship to the claim for relief or defenses pleaded.  Fantasy, Inc. V. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993).

B.      **Discussion**

The Court has reviewed Defendants' Motion to Strike.  It merits little discussion.  The only materials in the FAC that warrant being stricken are:

- 20:17, in ¶ 66 the words "the Perfect 10 Marks, or the Perfect 10 Rights of Publicity", and

- 23:18, in the Prayer for Relief, the words "trademarks, or rights of publicity."

The Court orders this material stricken from the FAC.

### V.  CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 11-7098 ABC (SHx) | Date | July 10, 2013 |
|---|---|---|---|
| Title | Perfect 10, Inc., v. Giganews, Inc., et al. | | |

For the foregoing reasons, the Court hereby **GRANTS** the Motion to Dismiss Plaintiff's claims for contributory and vicarious infringement against Livewire.  Because Plaintiff has already amended once, and has not shown how any further amendment could cure its pleading deficiencies, these claims are dismissed without leave to amend.  The Court **DENIES** the Motion to Dismiss in all other respects.

The claims remaining in the case are: for direct, contributory, and vicarious copyright infringement against Giganews, and for direct copyright infringement against Livewire.

The Court hereby **GRANTS** the Motion to Strike, in the FAC, 20:17, ¶ 66, the words "the Perfect 10 Marks, or the Perfect 10 Rights of Publicity", and in the FAC, 23:18, the Prayer for Relief, the words "trademarks, or rights of publicity."  The Court **DENIES** the Motion to Strike in all other respects.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | AB | |