ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JENNIFER L. KELLY (CSB No. 193416)
jkelly@fenwick.com
KATHLEEN LU (CSB No. 267032)
klu@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:   415.281.1350

Attorneys for Defendants
GIGANEWS, INC., and
LIVEWIRE SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | Case No.: 11-cv-07098-ABC (SHx)<br><br>**DEFENDANTS GIGANEWS, INC. AND LIVEWIRE SERVICES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

# GIGANEWS, INC. AND LIVEWIRE SERVICES, INC.'S ANSWER TO PERFECT 10'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

Defendants Giganews, Inc. ("Giganews") and Livewire Services, Inc. ("Livewire") (collectively "Defendants") respond to Plaintiff Perfect 10, Inc.'s First Amended Complaint as follows.

1. Defendants admit the allegations of paragraph 1 of the First Amended Complaint.

2. Defendants admit the allegations of paragraph 2 of the First Amended Complaint.

3. Defendants deny the allegations of paragraph 3 of the First Amended Complaint.

4. Defendants deny that PERFECT 10 magazine was ever popular. Defendants lack information or belief sufficient to admit or deny the remaining allegations of paragraph 4 of the First Amended Complaint and therefore deny the allegations.

5. Defendants deny the allegations of paragraph 5 of the First Amended Complaint.

6. Livewire admits that it at some time operated the Internet websites located at rhinonewsgroups.com, cheapnewsgroups.com, fastusenet.com, usenetgiant.com, and usenet.net. Livewire admits that some of these websites are no longer operational, and that Livewire still operates rhinonewsgroups.com, powerusenet.com, and usenet.net. None of these websites has ever had any images in which Perfect 10 has alleged it owns the copyright. Defendants deny the remaining allegations of paragraph 6 of the First Amended Complaint.

7. Defendants admit that Ronald Yokubaitis and members of his family own and control Giganews and Livewire. Defendants deny the remaining allegations of paragraph 7 of the First Amended Complaint.

8. Defendants deny the allegations of paragraph 8 of the First Amended Complaint.

9. Defendants deny the allegations of paragraph 9 of the First Amended Complaint.

10. Defendants deny they acted with any Doe Defendants to harm or damage Perfect 10 as it alleges. Defendants lack information or belief sufficient to admit or deny the remaining allegations of paragraph 10 of the First Amended Complaint and therefore deny the allegations.

11. Defendants deny the allegations of paragraph 11 of the First Amended Complaint.

12. Defendants deny the allegations of paragraph 12 of the First Amended Complaint.

13. Defendants deny the allegations of paragraph 13 of the First Amended Complaint. Defendants believe that the business of Perfect 10 consists of copyright litigation for purposes of settlement revenue.

14. Defendants deny the allegations of paragraph 14 of the First Amended Complaint.

15. Defendants deny the allegations of paragraph 15 of the First Amended Complaint.

16. Defendants lack information or belief sufficient to admit or deny the allegations of paragraph 16 of the First Amended Complaint and therefore deny the allegations.

17. Defendants deny that Perfect 10's revenues are currently derived predominately from sales of memberships to its perfect10.com website. Defendants believe that Perfect 10's revenues almost exclusively derive from litigation settlements. Defendants lack information or belief sufficient to admit or deny the remaining allegations of paragraph 17 of the First Amended Complaint and therefore deny the allegations.

18. Defendants deny that Exhibits 4-6 include Perfect 10 copyrighted images that Defendants have infringed. Defendants deny that Perfect 10 continues to invest substantial sums of money, time, effort, and creative talent to make and produce Perfect 10 copyrighted works. Defendants lack information or belief sufficient to admit or deny the remaining allegations of paragraph 18 of the First Amended Complaint and therefore deny the allegations.

19. Defendants deny that Perfect 10 owns a valuable and well-known Perfect 10 family of trademarks. Defendants further deny that Perfect 10 uses such marks in commerce or in connection with the sale of certain products including Perfect 10 Magazine. Defendants lack information or belief sufficient to admit or deny the remaining allegations of paragraph 19 of the First Amended Complaint and therefore deny the allegations.

20. Defendants lack information or belief sufficient to admit or deny the allegations of paragraph 20 of the First Amended Complaint and therefore deny the allegations.

21. Defendants deny that Perfect 10 secures valid assignments of its models' rights of publicity and that the so-called Perfect 10 Rights of Publicity are valuable. Defendants lack information or belief sufficient to admit or deny the allegations of paragraph 21 of the First Amended Complaint and therefore deny the allegations.

22. Defendants deny infringement and deny that any infringement as Plaintiff describes is devastating to or threatens the existence of Perfect 10's business. Defendants lack information or belief sufficient to admit or deny the remaining allegations of paragraph 22 of the First Amended Complaint and therefore deny the allegations.

23. Giganews admits that it operates the Internet website located at giganews.com. Livewire admits that it operates or has operated the Internet websites located at rhinonewsgroups.com, powerusenet.com, infinityusenet.com,

eurousenet.com, galacticegroups.com, cheapnewsgroups.com, fastusenet.com, usenetgiant.com, and usenet.net, but at no time have those websites had images in which Perfect 10 claims copyright rights.  Defendants admit that the Yokubaitis family owns or controls both Giganews and Livewire.  Defendants deny the remaining allegations of paragraph 23 of the First Amended Complaint.

24.   Defendants deny the allegations of paragraph 24 of the First Amended Complaint.

25.   Giganews admits that it has in the past and continues to provide Usenet access services to some of the largest and most prestigious Internet service providers in the world, which have provided Giganews's Usenet access services to over 10 million households since Giganews began its services.  Defendants deny the remaining allegations of paragraph 25 of the First Amended Complaint.

26.   Defendants deny the allegations of paragraph 26 of the First Amended Complaint.

27.   Giganews admits that, in connection with certain subscriptions, it furnishes customers a username and password.  Defendants deny the remaining allegations of paragraph 27 of the First Amended Complaint.

28.   Defendants deny the allegations of paragraph 28 of the First Amended Complaint.

29.   Defendants deny the allegations of paragraph 29 of the First Amended Complaint.

30.   Defendants admit that, in the Mimo browser, search results contain a field called "poster" that provides a reference to a person ostensibly contributing a message to the Usenet and a field called "age" that refers to how long Giganews's Usenet servers have stored a Usenet message.  Defendants lack information or belief sufficient to admit or deny the allegations regarding specific articles that Plaintiff refers to in paragraph 30.  Defendants deny the remaining allegations of paragraph 30 of the First Amended Complaint and therefore deny the allegations.

31. Defendants lack information or belief sufficient to admit or deny the allegations regarding Exhibit 3 and therefore deny those allegations. Defendants deny the remaining allegations of paragraph 31 of the First Amended Complaint.

32. Giganews admits it provides its customers access to the Usenet, but it does not "allow" or "forbid" what its customers (or customers of its customers) may choose to download. Defendants deny that they offer the images in Exhibit 4 to users. Defendants lack information or belief sufficient to admit or deny the remaining allegations of paragraph 32 of the First Amended Complaint and therefore deny the allegations.

33. Giganews admits that it offers a newsreader called Mimo as part of its services to its Diamond members, and that the retail price of a Diamond membership is $34.99/month. Defendants deny the remaining allegations of paragraph 33 of the First Amended Complaint.

34. Defendants deny the allegations of paragraph 34 of the First Amended Complaint.

35. Defendants deny the allegations of paragraph 35 of the First Amended Complaint.

36. Defendants deny the allegations of paragraph 36 of the First Amended Complaint.

37. Defendants deny the allegations of paragraph 37 of the First Amended Complaint.

38. Defendants deny the allegations of paragraph 38 of the First Amended Complaint.

39. Defendants deny the allegations of paragraph 39 of the First Amended Complaint.

40. Defendants deny the allegations of paragraph 40 of the First Amended Complaint

41.     Defendants deny that Giganews offers Perfect 10 magazines. Defendants lack information or belief sufficient to admit or deny the remaining allegations of paragraph 41 of the First Amended Complaint and therefore deny the allegations.

42.     Defendants deny that uploading movies to the Usenet would always subject the uploader to severe penalties for criminal copyright infringement; for example, an uploader who is the copyright owner or who has legal authorization or justification to make the upload would not be subject to any penalties.  Defendants lack information or belief sufficient to admit or deny the remaining allegations of paragraph 42 of the First Amended Complaint and therefore deny the allegations.

43.     Defendants deny all allegations regarding Giganews in paragraph 43. Defendants lack information or belief sufficient to admit or deny the remaining allegations of paragraph 43 of the First Amended Complaint and therefore deny the allegations.

44.     Defendants deny the allegations of paragraph 44 of the First Amended Complaint.

45.     Giganews admits that in March 2009, it received, addressed to "To Whomever It May Concern" at "Giganews," a letter dated March 25, 2009 from Perfect 10.  Giganews admits that it wrote back to Perfect 10 explaining that Perfect 10's letter did not provide the Message IDs necessary for Giganews to identify any allegedly infringing images that Perfect 10's letter referred to and explaining to Perfect 10 how to locate and provide the Message IDs.  Defendants deny the remaining allegations of paragraph 45 of the First Amended Complaint.

46.     Defendants deny the allegations of paragraph 46 of the First Amended Complaint.

47.     Defendants deny the allegations of paragraph 47 of the First Amended Complaint.

48. Defendants lack sufficient information or belief regarding the specific contents of Plaintiff's communications with Visa to admit or deny these allegations and therefore deny them. Defendants deny the remaining allegations of paragraph 48 of the First Amended Complaint.

49. Defendants lack information or belief sufficient to admit or deny the allegations of paragraph 49 of the First Amended Complaint and therefore deny the allegations.

50. Defendants lack information or belief sufficient to admit or deny whether Exhibit 6 includes images of the faces of Christina Aguilera, Bridget Fonda, Halle Berry, Jennifer Lopez, Kate Beckinsale, Katie Holmes, and Natalie Portman superimposed on portions of images copyrighted by Perfect 10, and therefore deny this allegation. Defendants deny the remaining allegations of paragraph 50 of the First Amended Complaint.

51. Defendants deny the allegations of paragraph 51 of the First Amended Complaint.

52. Defendants deny the allegations of paragraph 52 of the First Amended Complaint.

53. Defendants deny the allegations of paragraph 53 of the First Amended Complaint.

54. Defendants lack information or belief sufficient to admit or deny whether or how many images associated with messages found on the newsgroups alt.binaries.celeb.fake and alt.binaries.pictures.nude.celebrities.fake use a "Perfect 10 image" for the purported body of a celebrity and whether any such images infringe upon Perfect 10's copyrights, and they therefore deny those allegations. Defendants deny the remaining allegations of paragraph 54 of the First Amended Complaint.

55. Defendants lack information or belief sufficient to admit or deny the allegations regarding the numbers or character of articles or messages on April 20,

1  2011.  Defendants deny the remaining allegations of paragraph 55 of the First Amended Complaint.

56.  Defendants deny the allegations of paragraph 56 of the First Amended Complaint.

57.  Defendants deny the allegations of paragraph 57 of the First Amended Complaint.

58.  Defendants deny the allegations of paragraph 58 of the First Amended Complaint.

59.  Livewire admits that it operates or has operated the Internet websites located at rhinonewsgroups.com, powerusenet.com, infinityusenet.com, eurousenet.com, galacticegroups.com, cheapnewsgroups.com, fastusenet.com, usenetgiant.com, and usenet.net.  None of these websites has ever had any images in which Perfect 10 has alleged it owns the copyright.  Defendants admit that the Yokubaitis family owns or controls both Giganews and Livewire.  Defendants deny the remaining allegations of paragraph 59 of the First Amended Complaint.

60.  Defendants admit that Ronald Yokubaitis is the currently listed Designated Agent to Receive Notification of Claimed Infringement with the U.S. Copyright Office for Livewire, and that Mr. Yokubaitis is also the currently listed Designated Agent to Receive Notification of Claimed Infringement with the U.S. Copyright Office for Giganews.  Defendants deny the remaining allegations of paragraph 60 of the First Amended Complaint.

61.  Defendants deny the allegations of paragraph 61 of the First Amended Complaint.

62.  Defendants deny the allegations of paragraph 62 of the First Amended Complaint.

63.  Defendants deny the allegations of paragraph 63 of the First Amended Complaint.

64. Defendants deny the allegations of paragraph 64 of the First Amended Complaint.

65. Defendants deny the allegations of paragraph 65 of the First Amended Complaint.

66. Defendants deny the allegations of paragraph 66 of the First Amended Complaint.

## FIRST CLAIM

67. Defendants repeat and incorporate here their responses to paragraphs 1-66 above.

68. Defendants lack information or belief sufficient to admit or deny the allegations of paragraph 68 of the First Amended Complaint and therefore deny the allegations.

69. Defendants deny the allegations of paragraph 69 of the First Amended Complaint.

70. Defendants deny the allegations of paragraph 70 of the First Amended Complaint.

71. Defendants deny the allegations of paragraph 71 of the First Amended Complaint.

72. Defendants deny the allegations of paragraph 72 of the First Amended Complaint.

73. Defendants deny the allegations of paragraph 73 of the First Amended Complaint.

74. Defendants deny the allegations of paragraph 74 of the First Amended Complaint.

75. Defendants deny the allegations of paragraph 75 of the First Amended Complaint.

76. Defendants deny the allegations of paragraph 76 of the First Amended Complaint.

77. Defendants deny the allegations of paragraph 77 of the First Amended Complaint.

78. Defendants deny the allegations of paragraph 78 of the First Amended Complaint.

79. Defendants deny the allegations of paragraph 79 of the First Amended Complaint.

80. Defendants deny the allegations of paragraph 80 of the First Amended Complaint.

81. Defendants deny the allegations of paragraph 81 of the First Amended Complaint.

82. Defendants deny the allegations of paragraph 82 of the First Amended Complaint.

## **AFFIRMATIVE AND OTHER DEFENSES**

Defendants assert the following defenses, whether affirmative or otherwise. Defendants reserve all further defenses that may now or in the future exist based on discovery and further factual investigation in the case.

1. The First Amended Complaint and each claim within it fail to allege facts sufficient to state a cause of action.

2. The lack of any volitional action by Defendants relating to infringement bars liability of Defendants.

3. Defendants' lack of culpable intent regarding alleged underlying infringements bars the claims against Defendants.

4. Defendants' lack of specific knowledge of alleged underlying infringements bars the claims against Defendants.

5. Defendants' lack of any *respondeat superior* relationship with any alleged infringers bars vicarious liability of Defendants.

6. Defendants' lack of direct financial profit from the alleged underlying infringements bars the claims against Defendants.

7. The fair use doctrine bars Plaintiff's claims.

8. The doctrine of unclean hands bars Plaintiff's claims.

9. The doctrine of copyright misuse bars Plaintiff's claims.

10. Plaintiff's failure to mitigate damages bars Plaintiff's claims.

11. Waiver and estoppel bar Plaintiff's claims.

12. Lack of ownership of the alleged copyrights bars Plaintiff's claims with respect to any copyrights that Perfect 10 does not own.

13. The safe harbors under 17 U.S.C. § 512 bar the relief against Defendants that the Plaintiff seeks.

14. To the extent that Plaintiff or its predecessors did not register copyrights before alleged infringements or within three months of first publication of published works, the failure to register timely bars Plaintiff's claims for statutory damages and attorney's fees.

15. To the extent that Plaintiff or its predecessors did not register copyrights before alleged infringements of unpublished works, the failure to register timely bars Plaintiff's claims for statutory damages and attorney's fees.

16. Plaintiff's claims for statutory damages violate the First, Fifth, and Eighth Amendments to the United States Constitution.

17. The lack of statutory causes of action for contributory infringement and vicarious liability bars Plaintiff's claim for statutory damages for those alleged causes of action.

18. The Court lacks jurisdiction to adjudicate claims of infringement of copyrights for which Perfect 10 does not own a registration, and this case is not yet ripe for adjudication of infringements of copyrights for which Perfect 10 does not own a registration.

## PRAYER FOR RELIEF

Defendants respectfully request that the Court enter judgment in favor of Defendants that Plaintiff take nothing by its claims against Defendants; award

Defendants their attorneys' fees and costs pursuant to the Copyright Act in connection with this action; and grant all other relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Defendants request trial by jury.

Dated: July 24, 2013    FENWICK & WEST LLP

By: /s/ Andrew P. Bridges
Andrew P. Bridges
Jennifer L. Kelly
Kathleen Lu

Attorneys for Defendants
GIGANEWS, INC.,
LIVEWIRE SERVICES, INC.