# EXHIBIT B

ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
ILANA RUBEL (CSB No. 221517)
irubel@fenwick.com
KATHLEEN LU (CSB No. 267032)
klu@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:   415.281.1350

Attorneys for Defendant
GIGANEWS, INC. and
LIVEWIRE SERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| PERFECT 10, INC., a California Corporation , <br><br>     Plaintiff, <br><br>   v. <br><br> GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada Corporation; and Does 1 through 100, inclusive, <br><br>     Defendant. | Case No.:  CV11-7098-ABC (SHx) <br><br> **[PROPOSED] PROTECTIVE ORDER** |
| GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada Corporation, <br><br>     Counterclaimants, <br><br>   v. <br><br> PERFECT 10, INC., a California Corporation, <br><br>     Counterdefendant. | |

# [PROPOSED] PROTECTIVE ORDER

For good cause the Court HEREBY ORDERS as follows pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

1.  **Application.**  This Protective Order ("Order") shall apply to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admission, and all other discovery pursuant to the Federal Rules of Civil Procedure or furnished informally by agreement between the parties, as well as other information hereafter furnished, directly or indirectly, by or on behalf of any party or nonparty in connection with this action which that party or nonparty in good faith believes to comprise or reflect proprietary information used by it in, or pertaining to, its business, which is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence.  This includes, without limitation, trade secrets, financial data, contracts and agreements, current and future business plans, marketing documents, and customer information. The term "document" as used in this Order shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, without limitation, all "writings," "recordings" and photographs" as defined in Rule 1001of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device.  This Protective Order does not apply to hearings before the Magistrate Judge or hearings or trial before the District Court.  The parties, any party in interest, and/or the witnesses, can move the Court to seal any court proceeding for reasons consistent with this Protective Order.

2.  **Classes of Designation.**  Parties may designate material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only (AEO)"  or

"Highly Confidential – Source Code – Outside Attorneys' Eyes Only (OAEO)" pursuant to this Order (collectively, "Designated Material").

3. **Limitation on Use of Designated Material.**  Recipients shall use Designated Material  solely for the purpose of prosecuting, defending, or attempting to settle this litigation, *Perfect 10, Inc. v Giganews, Inc.*, CV-11-7098-ABC, and not for any other purpose whatsoever.  A recipient may not use Designated Material in connection with any other case, or in bringing, prosecuting, defending, or attempting to settle any other litigation or claims.

4. **Nondisclosure.**  Designated Material and the information in such material shall not be disclosed to anyone except the categories of persons this Order describes and under the conditions this Order describes.  No expert or consultant shall review or gain access to Designated Material unless he or she has executed the Notification of Protective Order and Undertaking (attached as Exhibit A).  Receiving parties, experts, and consultants must store and maintain Designated Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  The recipient of any material designated under this Order shall use its best efforts, but at no time less than reasonable efforts under the circumstances, to maintain the confidentiality of such information.

5. **Manner of Designation.**  Any information or materials produced by any party or nonparty as part of discovery in this action may be designated with one of the classes of confidentiality by such party or nonparty in the following manner:

(a) **In the case of documents**, by affixing a plainly visible designation legend as follows:  (i) for electronic files, on each page containing any confidential information or material (or, if affixing by page is not possible, in the name of file) and physically on the outside of any media for storing electronic documents; (ii)

for non-electronic documents, on a cover page of such document; (iii) for written discovery responses, within the responses designating the particular responses containing Confidential information, and (iv) for pleadings and other materials filed with the Court, in accordance with the Court's requirements governing filings under seal, at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.

(b)     **In the case of depositions or other pretrial or trial testimony**: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated hereunder; or (ii) by written notice of such designation sent by counsel to all parties within ten (10) days after the delivery to counsel of the transcript of the deposition.  At or before a deposition, the deponent or his counsel, or any other counsel of record, acting in good faith, may invoke the provisions of this Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed protected under this Order.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without approval of the Court.  If any document or information designated under this Order is used during the course of a deposition, that portion of the deposition record reflecting such Designated Material shall be sealed and stamped accordingly, and access thereto shall be limited pursuant to the other terms of this Order.

(c)     A party or nonparty furnishing documents and things to another party for inspection shall have the option to defer designation until after the inspecting Party has indicated which materials it would like copied and produced, or may

4

require that all or batches of documents and things be treated as Confidential ,
Highly Confidential – AEO, or Highly Confidential Source Code - OAEO during
inspection and to make its designations of particular documents and things at the
time copies of documents and things are produced or furnished.

      6.    **"Confidential" Materials Permitted Disclosure and Access.**

Material designated "Confidential," or copies or extracts therefrom and
compilations thereof, may be disclosed, described, characterized, or otherwise
communicated or made available in whole or in part only to the following persons:

      (a)    Outside counsel of record in this litigation and staff and supporting
personnel of such attorneys, such as paralegals, secretaries, stenographic and
clerical employees and contractors, and outside copying, imaging and presentation
services (if used), who are working on this litigation under the direction of such
attorneys and to whom it is necessary that the materials be disclosed for purposes
of this litigation;

      (b)    In-house counsel for the parties herein who are necessary for the
furtherance of this litigation and in-house paralegal;

      (c)    Three officers of each of the parties;

      (d)    Subject to Paragraphs 13 and 15 herein, persons who are expressly
retained or sought to be retained by a party as consultants or testifying experts,
such accountants, statisticians, economists, industry or technical experts; provided
that the disclosure of "Confidential" material to any persons under this
subparagraph shall only be to the extent necessary to perform their work on this
litigation.

      (e)    Subject to Paragraph 15 herein, any other persons who are designated
to receive material designated "Confidential" by order of this Court after notice to
the parties, or by written stipulation of the parties.

(f)     Subject to Paragraph 14 and Paragraph 15 herein, any person who gives testimony in deposition or trial in this action.

(g)     The Court and Court personnel.

(h)     Subject to Paragraph 15, court reporters, interpreters and videographers employed in connection with this action.

7.     **"Highly Confidential – AEO" Materials Permitted Disclosure and Access.**  Material designated "Highly Confidential -- AEO," or copies or extracts therefrom and compilations thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to, and accessed, copied, or held only by, the following persons:

(a)     Two in-house counsel of each of the parties who shall also sign the attached Notification of Protective Order and Undertaking.

(b)     Outside counsel of record and necessary support staff working under the lawyers' supervision.

(c)     Outside consultants and experts, not affiliated with or employed by any party, who have signed the attached Notification of Protective Order and Undertaking and who qualify for access to the materials in the manner set forth in Paragraph 13 herein, provided that the disclosure of Designated Material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation

(d)     Subject to Paragraph 15 herein, any other persons who are designated to receive material designated "Highly Confidential -- AEO" by order of this Court after notice to the parties, or by written stipulation of the parties.

(e)     Subject to Paragraph 14 and Paragraph 15 herein, any person who gives testimony in deposition or trial in this action.

(f)     The Court and Court personnel.

(g)     Subject to Paragraph 15, court reporters, interpreters and videographers employed in connection with this action.

(h)     **[Perfect 10's proposal regarding additional persons permitted to view AEO material would concern this subsection.]**

Highly Confidential – AEO materials shall not be disclosed to any other officer, director or employee of a party, unless otherwise agreed or ordered.  Designation of material as Highly Confidential - AEO shall be restricted to only those materials for which there is a legitimate reason to restrict access.

8.     **Highly Confidential Source Code – OAEO Materials Permitted Disclosure and Access.**  The parties may further designate certain source code, including machine code, website scripts, algorithms, and other software or programs of a highly confidential and/or proprietary nature as "Highly Confidential Source Code – OAEO."  Highly Confidential Source Code - OAEO Material or copies or extracts therefrom and compilations thereof may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to, and accessed, copied, or held only by, the following persons:

(a)     Outside counsel of record and necessary support staff working under the lawyers' supervision.

(b)     Outside consultants and experts, not affiliated with or employed by any party, who have signed the attached Notification of Protective Order and Undertaking and who qualify for access to the materials in the manner set forth in Paragraph 13 herein, provided that the disclosure of Designated Material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation.

(c)     Subject to Paragraph 15 herein, any other persons who are designated to receive material designated "Highly Confidential -- AEO" by order of this Court after notice to the parties, or by written stipulation of the parties.

(d)     Subject to Paragraph 14 and Paragraph 15 herein, any person who gives testimony in deposition or trial in this action.

(e)     The Court and Court personnel.

(f)     Subject to Paragraph 15, court reporters, interpreters and videographers employed in connection with this action.

(g)     **[Perfect 10's proposal regarding additional persons permitted to view OAEO material would concern this subsection.]**

Highly Confidential Source Code – OAEO materials shall not be disclosed to any officer, director or employee of a party, unless otherwise agreed or ordered. Designation of material as Highly Confidential Source Code - OAEO shall be restricted only to those materials for which there is a legitimate reason to restrict access.

9.     **Additional Precautions Regarding Highly Confidential Source Code – OAEO.**  The following additional protections shall apply to Highly Confidential Source Code – OAEO Material.

(a)     Other than for purposes of this Action, subject to the restrictions of this Order, and except as hereinafter provided, those permitted access to Highly Confidential Source Code - OAEO Material under this Order shall not duplicate the material or disclose contents of the material to any other persons at any time and shall never use any information gained from access to or review of such materials for any purpose or reasons other than for the purposes of this action.

(b)     Each of Fenwick & West LLP and Krause, Krause, Kalfayan, Benink & Slavins, LLP, shall designate one of its attorneys to function as the Custodian of any Highly Confidential Source Code - OAEO Material produced to the firm under

this Order.  Each Custodian shall execute a statement to be provided to opposing counsel upon execution, confirming that he or she will maintain any Highly Confidential Source Code - OAEO Material produced to his or her firm in compliance with all the terms of this Order. The Custodians will ensure that Highly Confidential Source Code - OAEO Material will be protected from dissemination, including by the following means.

(c)     At each location, any Highly Confidential Source Code - OAEO Material will be kept in a secure location when not being actively accessed.

(d)     At each location, counsel for the receiving parties and consultants and experts who have signed the Notification of Protective Order will maintain a log of those counsel of record, support personnel working under their direct supervision, one officer of the party, and experts or consultants who have accessed Highly Confidential Source Code - OAEO Material.  The log entries will include the date and time of any such access.  Before gaining access for the first time to Highly Confidential Source Code - OAEO Material, such person otherwise qualifying under Paragraph 8 will review this Order and attest to having read and understood it, which also will be recorded on the log.  In the event of a dispute involving any alleged violation of this Order, counsel may obtain immediate copies of the logs from each location by written notice to the opposing Custodian.

(e)     Except as needed for use in depositions, court filings under seal, or trial, no copies of Highly Confidential Source Code - OAEO Material, or work product containing portions of such data, shall be taken from the offices of outside counsel of record or outside consultants and experts who have signed the Notification of Protective Order and Undertaking, and no computer that contains any of the Highly Confidential Source Code - OAEO Material or portions of the data shall be connected to a computer network of any sort while it contains the Highly Confidential Source Code - OAEO Material or portions of such data.

9

(f)     In the event that a Custodian becomes aware of any breach of the provisions of this Order, he or she shall promptly alert opposing counsel of any such breach.

10.    **Material Subject to Protection On Other Grounds.**  Subject to Paragraph 11, in the event that information in the possession or control of a person or entity involves the confidentiality rights of a non-party or its disclosure would violate a protective order issued in another action, the party with possession or control of the information will promptly attempt to obtain the consent of the non-party to disclose the information under this Order.  If the consent of the non-party is refused or otherwise cannot be obtained, the party will promptly thereafter notify the party seeking discovery by the written response due date for such discovery of: (a) the existence and description (to the extent disclosable) of the information without producing such information and; (b) the identity of the nonparty (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations).  The party seeking discovery may then make further application to the non-party or seek an order to compel discovery.

11.    **Procedures for Disclosure of Customer Information.**  To conform to the terms of Defendant(s) Privacy Polic(ies), to the extent that Defendants' discovery obligations require them to produce any customer information, Defendants shall do so under this provision:

(a)    After Defendant(s) has identified disclosure of a particular customer's information as necessary for discovery in this matter, that Defendant shall attempt to notify that customer of the following:

(i)    The existence of this litigation and protective order;

(ii)    and that the customer's information will be disclosed pursuant to this protective order unless the customer objects to the Court within 14 days.

(b)    If the customer does not object to the Court within 14 days, Defendant(s) shall disclose the information in a manner consistent with the remaining terms of this protective order.

(c)    If the Court receives an objection within 14 days, Defendant(s) will abide by the Court's ruling on that objection, and will not release the information until the objection has been withdrawn, ruled upon, or otherwise resolved. Plaintiff may respond to any such objection to the Court.  If the Court overrules the customer's objection, Defendant shall produce the information in a manner consistent with the remaining terms of this protective order.

12.    **Restrictions Applicable to Certain Individuals.**  The parties retain the right to apply to the Court for an order restricting certain individuals from access to certain information.  To accomplish this, counsel for a party wishing to restrict access to information shall produce the information (i.e. document) to all counsel for which there is no objection, with a request that the information not be disseminated to other individuals involved in this litigation pending further order of the Court.  The moving party shall, thereafter, within (7) seven days, file the information under seal with the Magistrate Judge and identify the person (by name and title) who the moving party objects to seeing the information and why the moving party believes the information should not be received by this person(s).  If the Court is inclined to grant the order, it will notify the aggrieved party and invite briefing (and/or oral argument) before issuing an order.

13.    **Eligibility to Serve as Consultant or Expert Witness.**  For the purposes of this Order, a consultant shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party, and who is not retained by, employed by, or otherwise affiliated with any party to this action. The name, business address, curriculum vitae ("CV") and affiliation of each such

11

consultant or testifying expert must be disclosed to the producing party at least 10 days prior to such person's review of material designated under this Order.  The CV shall contain a list of all present employers/clients as well as all past employers/clients for the 5 years preceding the date of employment in this case.  During that 10-day period, counsel for the designating party shall have the opportunity to oppose the proposed disclosure.  Any party opposing disclosure shall within such 10-day period provide the other party with a written objection, setting forth in reasonable detail the specific grounds for such opposition.  If no written objection is received by 5:00 p.m., Pacific time, on the tenth day following the date of disclosure of the identity of the proposed consultant or testifying expert, then the party) seeking to disclose may do so and failure to object shall constitute waiver of the specific objection.  However, after the ten-day period has expired without objection, a party may still move the Magistrate Judge to allow it to object to an expert if it can show:  a) there is new, material information relating to the expert, which was not available to the moving party within the five-day objection period; and b) had the moving party been aware of the information at the time, the moving party would have objected to the expert.  In the event that an objection is received, the parties shall meet and confer telephonically or in person within 10 days to attempt to resolve the objection.  If, after meeting and conferring, the parties cannot resolve the objections, the objecting party shall, within 5 days, send to the other party by email its portion of a joint stipulation, modeled on the procedure used by this District, to be furnished to the court in connection with any motion regarding the objection.  Within 5 days of receipt of such portion of the joint stipulation, the party seeking to disclose shall send its portion of a joint stipulation to the objecting party by email.  After combining the sections and obtaining permission from the party seeking to disclose, the objecting party shall promptly file the joint stipulation with the Court, and both parties shall seek a

hearing at the Court's earliest convenience.  In the event such resolution by the Court is necessary, the material at issue shall not be disclosed to the consultant or testifying expert pending resolution of the issue by the Court.

14.    **Access by Author or Previous Recipient of Information Serving as Witness.**  Each person set forth in Paragraph 6 to be examined as a witness, may be so examined at trial or during a deposition concerning any information or material designated under this Order, which that person had lawfully received or authored prior to and apart from this action.  During examination, any such witness may be shown information or material designated under this Order by a party which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same party provided that the examining party makes a reasonable effort to obtain the compliance of the witness with Paragraph 15.

15.    **Signatures on Notification and Undertaking.**  Each person set forth in Paragraph 6 who is not (i) outside counsel to a party to this litigation, or staff directly employed by such outside counsel; or (ii) the Court or Court personnel to whom material designated under this Order is to be disclosed, shall, before receiving such material, receive a copy of this Order and a copy of the Court's Notification of Protective Order and Undertaking, which the person shall read and sign (Attached as Exhibit A).  Counsel for the party seeking to disclose material designated under this Order to any such person pursuant to this paragraph shall be responsible for permanently retaining the executed originals of all such Notifications.

16.    **Filing or Submission of Protected Materials.**  In the event that counsel for any party determines to file or submit to this Court any Designated Material or information from such materials pursuant to this Order ("Confidential Information"), or any papers containing or making reference to such information

13

(the "Filing Party"), those materials shall be filed under seal in accordance with Local Rule 79-5.  Subject to the Court's convenience and needs, documents filed under seal shall be kept under seal by the Clerk until further Order of the Court.

17.     **Designation by Nonparties.**  Nonparties who produce any documents and information pursuant to subpoena or otherwise may designate material pursuant to the terms of this Order.

18.     **Challenges to Designations.**  A party shall not be obligated to challenge the propriety of material designated under this Order at the time the designation is made and failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any state of these proceedings with such designation, such party shall provide to the designating person or entity a letter detailing its objection to the designation.  To avoid ambiguity as to whether a challenge has been made, the letter must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order.  The designating person or entity shall respond by letter within 10 days to such letter.  If this does not resolve the issue, the parties shall meet and confer telephonically or in person within 10 days.  If, after meeting and conferring, the parties cannot resolve the challenge, the objecting party may file a motion objecting to the designation in accordance with Local Rule 37-2.  The material shall be treated as designated pending resolution of the issue by the Court. In any such motion, the burden of proving that information has been properly designated under this Order is on the person or entity making such designation.

19.     **Disclosure By Specific Consent or Pursuant to Legal Obligation.** Nothing in this Order shall prevent disclosure beyond the terms of this Order if the party designating material consents in writing to such disclosure, or if a court orders such disclosure.  A party requested to disclose material designated under this Order to a nonparty pursuant to a validly served subpoena civil investigative

demand, discovery procedure permitted under the Federal Rules of Civil Procedure or other formal discovery request shall object to its production to the extent permitted by applicable law and notify the requesting nonparty of the existence of this Order and that the material requested by the nonparty has been designated under this Order, and shall further give notice of such request, by email and next business day delivery, upon the party which designated the material as soon as is reasonably possible, but in all instances sufficiently prior to the date on which such confidential material is to be produced to the nonparty. Once such notice is given, the designating party shall take all steps it believes are necessary to protect the Designated Materials and the non-designating party is not required to take any further action.

20. **Inadvertent Failure to Designate Material.** If a party inadvertently fails to designate material and/or information, when producing or otherwise disclosing such material and/or information, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as the receiving party has knowledge of the inadvertent production, the information must be treated as if it had been designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 6-8 above, as well as any copies made by such persons. The costs of doing so shall be paid by the designating party.

21. **Inadvertent Disclosure of Privileged or Protected Materials.** If a party inadvertently produces materials and/or information that is subject to attorney-client privilege, work-product protection, or any other applicable privilege or protection, it shall not be deemed a waiver in whole or in part of a party's claim

of privilege or protection, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as the receiving party has knowledge of the inadvertent production, the information must be treated as if it had been designated under this Protective Order, and the receiving party must endeavor in good faith to obtain and destroy or sequester all copies, notes, or summaries of the document which it distributed or disclosed, as well as any copies made by such persons. Until a Court orders the production of such documents, the receiving party may not review, use, or disclose the inadvertently produced documents or any notes or summaries based on those documents, though the receiving party may retain notes of information about the document that would typically appear on a privilege log. If the non-producing party believes the claim of privilege or protection is unwarranted, it may move to the Court to compel the production of the documents at issue, but may not use the substance of the inadvertently-disclosed documents to do so. The moving party may use information that would typically be on a privilege log in so moving.

22. **Acknowledgement by Counsel.** All counsel for the parties who have access to information or material designated under this Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

23. **Rights Not Affected and No Admission, Waiver, or Prejudice.** Entering into, agreeing to, and/or producing or receiving information or material designated under this Order, or otherwise complying with the terms of this Order shall not:

(a)     constitute an admission or waiver of any claim or defense by any party

(b)     operate as an admission by any party that any particular information or material designated under this Order contains or reflects trade secrets,

16

proprietary or commercially sensitive information or any other type of confidential information;

 (c) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information designated under this Order;

 (d) affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure;

 (e) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

 (f) prejudice in any way the rights of any party to seek a determination by the Court whether any information or material should be subject to the terms of this Order;

 (g) prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information;

 (h) prevent the parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material with written or on the record consent of the party disclosing such information.

 24. This Order shall not be construed to apply to any information that:  (a) is available to the public other than through a breach of this Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the party at the time of disclosure and was not subject to conditions of confidentiality;

or (c) a receiving party can demonstrate was developed by that party independently of any disclosure by a designating party or nonparty.  Nothing in this Order shall preclude any party to the lawsuit or its counsel from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated under this Order.

      25.  **Disposal of Designated Material.**  Within sixty (60) days after the final termination of litigation between the parties (including appeals), all Designated Material under this Order and all copies of or references to (including summaries and excerpts) shall be either returned to the party that produced it or destroyed and a certification of destruction supplied to the producing party; provided, however, that for each party, counsel who is entitled to access to such Designated Material pursuant to this Order may retain one complete and unredacted set of its work product that contains Designated Material as well as pleadings and papers filed with the Court or served on the other party solely for reference.  In addition, each producing party's outside counsel of record may securely retain one archival copy of its' client's Designated Material.  Only in the event of, further proceedings or litigation between the parties, a dispute over such counsel's performance, or a dispute over the use or dissemination of material designated under this Order may counsel use Designated Material or information from Designated Material.  Such retained copy of pleadings and papers shall be maintained in a file accessible only by properly authorized counsel under the provisions of, and bound by, this Order.  This Order shall survive the final termination of this litigation with respect to any such retained Designated Material and the Court shall retain jurisdiction to resolve any dispute any dispute concerning the use of information disclosed hereunder.

BY ORDER OF THE COURT.

_____

Hon. _____

United States Magistrate Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PERFECT 10, INC., a California Corporation ,<br><br>             Plaintiff,<br><br>    v.<br><br>GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada Corporation; and Does 1 through 100, inclusive,<br><br>             Defendant. | Case No.: CV11-7098-ABC (SHx)<br><br>**NOTIFICATION OF PROTECTIVE ORDER COVERING INFORMATION IN CASE AND UNDERTAKING** |
| GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada Corporation,<br><br>             Counterclaimants,<br><br>    v.<br><br>PERFECT 10, INC., a California Corporation,<br><br>             Counterdefendant. | |

The United States District Court in Los Angeles has issued a protective

order in this case, which limits the dissemination of Confidential, Highly

Confidential, and Highly Confidential Source Code information produced in discovery.  You are now subject to this order and are prohibited by court order from communicating any Confidential, Highly Confidential, or Highly Confidential Source Code information you obtained through discovery in this case to any persons other than those specified in the protective order.  If you intentionally disseminate this information in violation of this Court's order, you could be subject to sanctions, which could include fines and, in an extreme case, incarceration for contempt of court.

If for any reason you believe you should not be subject to this order or would like to request an order from the Court exempting you from this order, you should request a hearing before this Court and obtain a ruling before you disseminate any of the information.  You can request a hearing by telling any of the attorneys in this case that you want to be heard.  The attorney will then arrange for the Court to hold a hearing.  If you prefer, you can instead call the Court's clerk and request a hearing date.

BY ORDER OF THE COURT.

_____
Hon. _____
United States Magistrate Judge

I declare under penalty of perjury that I have read the Protective Order issued in this case and that I agree to abide by and be bound by its terms.

Executed this \_\_\_ day of _____, 20\_\_ in

_____.


_____   _____
Print Name                                                Signature

NOTIF. OF PROT. ORD. GOVERNING INFO IN CASE
EXHIBIT A