UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7098 ABC (SHx) | Date | February 14, 2014 |
|---|---|---|---|
| Title | Perfect 10, Inc. v. Giganews, Inc., et al. | | |

| Present: The Honorable | Audrey B. Collins, United States District Judge | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

None   None

**Proceedings:**   ORDER STRIKING DEFENDANTS' OBJECTIONS TO PROTECTIVE ORDER   (In Chambers)

On January 30, 2014, Defendants Giganews, Inc. ("Giganews") and Livewire Services, Inc. ("Livewire") (together, "Defendants") filed a document entitled "Defendants' Objections to Protective Order" ("Objections," docket no. 181).  Therein, Defendants seek review of the Protective Order Magistrate Judge Hillman issued on January 10, 2014 and entered on the docket on January 13, 2014. ("Protective Order," docket no. 172.)  Defendants purport to "notice" their Objections for a hearing on March 3, 2014.  Plaintiff Perfect 10, Inc. ("Plaintiff"), filed an Opposition.

The Court **STRIKES** Defendants' filing because it is procedurally improper in several respects.

Under Fed. R. Civ. P. 72(a), " A party may serve and file objections to [a magistrate judge's non-dispositive order] **within 14 days** after being served with a copy.  A party **may not assign as error a defect in the order not timely objected to**.  The district judge in the case **must consider timely objections** . . ." Fed. R. Civ. P. 72(a) (emphasis added).  Central District Local Rule 72-2.1 further specifies that "Any party objecting under F.R.Civ.P. 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense **must file a motion for review** by the assigned District Judge, **designating the specific portions of the ruling objected to** and stating the grounds for the objection.  Such motion **shall be filed . . . within fourteen (14) days of service of a written ruling**." L.R. 72-2.1 (emphasis added).  Local Rule 7-3 requires counsel to meet and confer to prior to filing a motion in an attempt to resolve the issue without having to resort to motion practice

First, the document Defendants filed was titled "Objections," and not identified as a Motion for Review.  It is therefore not cognizable under Local Rule 72-2.1.

Second, Defendants' filing fails to clearly "designat[e] the specific portions of the ruling objected to . . .", and on that basis violates Local Rule 72-2.1.

Third, were the Court to construe the filing as a Motion, it is untimely.   Magistrate Judge Hillman's Protective Order was entered on January 13, 2014, and electronically served on Defendants at the same time.  Under Fed. R. Civ. P. 72(a) and Local Rule 72-2.1, a Motion for Review was due filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7098 ABC (SHx) | Date | February 14, 2014 |
|---|---|---|---|
| Title | Perfect 10, Inc. v. Giganews, Inc., et al. | | |

within fourteen days, that is, by January 27, 2014. Defendants filed their Objections on January 30, 2014 – three days too late. Fed. R. Civ. P. 72(a) states that a "party **may not assign as error a defect in the order not timely objected to**." Because Defendants' filing was untimely, the Court will not consider it.

    Fourth, Defendants' filing does not demonstrate compliance with Local Rule 7-3.

    For all of these reasons, the Court **STRIKES** Defendants' Objections.

    **IT IS SO ORDERED.**

|  |  -- | : | -- |
|---|---|---|---|
|  | Initials of Preparer | | ljw for AB |