ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
ILANA RUBEL (CSB. No. 221517)
irubel@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
KATHLEEN LU (CSB No. 267032)
klu@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:   415.281.1350

Attorneys for Defendants
GIGANEWS, INC., and
LIVEWIRE SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada Corporation,<br><br>Counterclaimants,<br><br>v.<br><br>PERFECT 10, INC., a California Corporation,<br><br>Counterdefendant. | Case No.: 11-cv-07098-ABC (SHx)<br><br>**DISCOVERY MATTER**<br>***Before Hon. Stephen J. Hillman***<br><br>**DEFENDANTS' PROPOSALS FOR RESOLVING DIFFERENCES ON DEFENDANTS' DOCUMENT REQUESTS NOS. 1 AND 2 TO PLAINTIFF, IN RESPONSE TO THE COURT'S INSTRUCTIONS**<br><br>Discovery Cut-off:   June 30, 2014<br>Pretrial Conference:  January 19, 2015<br>Trial Date:   January 27, 2015 |

At the Court's instruction from the February 24, 2014 hearing on Defendants' Motion to Compel Production of Documents, the parties discussed proposals for reformulating Defendants' Requests Nos. 1 and 2.

We have been unable to get both parties to agree to a joint stipulation. We traded a number of communications. Below, Defendants set forth Defendants' proposals, and what Defendants believe are Perfect 10's latest positions. To enable the Court to understand the parties' positions, and to guard against any suspicion that Defendants have misrepresented Plaintiff's positions, Defendants attach a copy of the email correspondence regarding the negotiations as Exhibit I. Defendants do not furnish any argument with this response, but their views and concerns are evident in the correspondence.

Defendants are willing to discuss these proposals and provide further explanation or argument if the Court desires.

## I.   REQUEST FOR PRODUCTION NO. 1

### A.   Original Request

All communications to, by, or with all Third-Parties regarding Giganews, Livewire, or any dispute you have with Giganews or Livewire.

### B.   Defendants' Proposal

All communications to, by, or with all Third-Parties regarding Giganews, Livewire, or any dispute you have with Giganews or Livewire. <u>For all individual communications over 10 MB, produce general components (such as cover letters) and all additional portions that are concerning Defendant, so long as the portions provide sufficient additional material to provide a reasonable and accurate context so that one can understand the references to Defendants. Defendants may inspect the remainder of the communication at the offices of Lynell Davis and Natalie Locke on one week's advance notice and at a reasonable time during the business day.</u>

Fenwick & West LLP
Attorneys at Law
San Francisco

### C. Defendants' Understanding of Perfect 10's Proposal

All communications by Perfect 10 with third parties regarding alleged infringement of Perfect 10's copyrighted works by either Giganews or Livewire. To the extent that this request requires production of over 10 MB DMCA notices sent by Perfect 10 to third parties, Perfect 10 need only produce those portions of such notices identifying alleged infringement by Giganews or Livewire.

## II. REQUEST FOR PRODUCTION NO. 2

### A. Original Request

All communications to, by, or with any Third-Party regarding infringements by Persons other than that Third-Party, alleged infringements by a Person other than that Third-Party, or disputes you have or have had with a Person other than that Third-Party.

### B. Defendants' Proposal

As a substitute for providing documents, Perfect 10 shall provide to Giganews a list of all businesses, entities, and websites that it has accused, up to the date of its response, of infringing upon its copyrights since January 1, 2000. That list shall include, at a minimum, all the websites to which Perfect 10 referred in page 2, paragraph no. 1 of Perfect 10's statement for the October 6, 2008 Case Management Conference Before Judge Matz in Perfect 10 v. Google (docket no. 364, filed Oct. 5, 2008).  <u>While Perfect 10 must provide a current list, Perfect 10 need not include in a new list any of the businesses, entities, and websites that it had identified in lists shown in Exhibits A through G to this substitute request, or in the full 32-page document of which Exhibit H is the first page, which it had previously filed in other cases, so long as Perfect 10 affirms in writing in this case that it has accused all those businesses, entities, and websites of infringing upon its copyrights.</u>[1]

---

[1] For the Court's convenience, Exhibits A-H of the Substitute Request No. 2 are Exhibits A-H of this document.

### C. Defendants' Understanding of Perfect 10's Proposal

As a substitute for providing documents, Perfect 10 shall provide to Giganews a list of 40 of the entities to whom Perfect 10 has complained about their alleged infringement of Perfect 10's copyrighted works between January 1, 2005 and the commencement of this lawsuit.

Dated: March 6, 2014      FENWICK & WEST, LLP

By */s/ Andrew P. Bridges*
Andrew P. Bridges

Attorneys for Defendants
GIGANEWS, INC. and LIVEWIRE SERVICES, INC.