UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| PERFECT 10 INC., a California, Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GIGANEWS, INC., A Texas Corp., LIVEWIRE SERVICES, INC., a Nevada Corporation; and DOES 1 through 100 inclusive,<br><br>　　　　Defendants.<br><br>GIGANEWS, INC. a Texas Corp. LIVEWIRE SERVICES, INC., a Nevada Crop. And DOES 1 through 100 inclusive,<br><br>　　　　Counter-claimants,<br><br>　　v.<br><br>PERFECT 10, INC, a California Corporation,<br><br>　　　　Counter-defendant.<br>_____ | CV 11-07098-ABC (SHx)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EVIDENTIARY SANCTIONS |

# INTRODUCTION

Plaintiff's Motion for Evidentiary Sanctions has been taken under submission without oral argument. The court has reviewed the Joint Stipulation, Declarations and Exhibits, and the Supplemental Memoranda of the parties.

The gravamen of this Motion (except for the Rule 30(b) (6) issue) involves the appropriate application of F.R.Civ.P 33 regarding e-discovery compliance, as well as cost-shifting. In essence, plaintiff alleges that defendant Giganews has flouted this court's Order to respond to Interrogatories, by unfairly responding by way of a Rule 33 (d) "document dump", rather than responding in traditional narrative form. With respect to Document Production, plaintiff asserts that the discovery response of Giganews was equally unuseable and amounted to a "document dump".

Giganews responds that it has properly invoked Rule 33, insofar as Giganews can no more easily provide the Interrogatory Responses ordered by the court than can plaintiff itself by analyzing at its own expense the voluminous electronic records Giganews has produced. Giganews also responds that it has properly adhered to Rule 33 as to Document Production.

Because Giganews has responded to both Interrogatories and Document Production by way of Rule 33, the court necessarily focuses on e-discovery principles in determining whether Giganews has adequately and fairly responded to the court's Orders. In sum, the court declines to recommend Evidentiary Sanctions, but also concludes that more needs to be done to insure that plaintiff obtains full compliance with this court's prior Order.

Interrogatories 1-3:

The court previously ordered that Giganews respond to these Interrogatories, which called for Giganews to identify "persons" who posted images to Giganews.com servers, or to the Usenet; who used specific fictitious email

addresses; and "persons" who uploaded material associated with specific Message-IDs.

Giganews responded to the court's Order by way of voluminous electronic documents, invoking Rule 33(d). Plaintiff now complains that instead of providing specific names, addresses and phone numbers of the 60 persons it was required to identify, Giganews improperly responded with more than 15,000 pages of electronic documents, all encrypted, undecipherable or otherwise "corrupted." Plaintiff complains that most of the documents are irrelevant, and none of the documents set forth the information which the court ordered.

Moreover, plaintiff argues that Giganews failed to link the names and addresses of certain persons to the email addresses or Message ID's ordered by the court. In essence, plaintiff asserts that Giganews has intentionally flouted this court's Order by improperly responding via Rule 33(d) without any Index, that plaintiff cannot ascertain the identities of real persons who posted messages containing plaintiff's copyrighted images to Giganews' servers, and that Giganews should be sanctioned.

Giganews responds that it has complied with the court's Order in good faith, and has produced the available responsive information by properly relying on Rule 33(d), and that it does not maintain any Index or Summary containing the information ordered by the court. Giganews further responds that it provided Bates numbers for the records produced, and that it has provided plaintiff with detailed instructions on how plaintiff may derive whatever information it is seeking by way of a multi-step data process. Giganews argues that the burden of extracting the specific information plaintiff seeks would be equal for both parties, and that therefore the cost should be borne by plaintiff. Giganews asserts that the multi-step analytic process involves three distinct databases which are neither compatible nor linked in any way, and that it directed plaintiff to the Bates ranges of documents that would "most likely" have the information plaintiff sought.

The court agrees with Giganews. Giganews has produced documents in an appropriate manner, consistent with preferred ediscovery practices, and properly relied on Rule 33(d). Giganews does not maintain, in discrete format, the narrative responses which plaintiff had expected to receive. The documents which are likely to contain the information ordered were produced in single page TIFF images which preserved the metadata and visual appearance of the documents, and were Bates-numbered.

In the court's experience, parties often wage battles over the feasibility of producing exactly the kind of format of document production which Giganews here has willingly provided to Plaintiff. Giganews provided plaintiff with instructions on how to decrypt and access their electronic files. Giganews specially ordered a hard drive to provide a redundant copy of the document production to plaintiff, in order to make it easier for plaintiff to extract the information it sought. Giganews identified the method by which its responses may be determined. See Rule 33(d).

As the court sees it, the real problem is a technical one, insofar as plaintiff claims it is still unable to decode or extract from the discovery responses the data it wishes. Therefore, the court orders Giganews to provide any additional technical expertise it may have to plaintiff as to how plaintiff itself may decode the "X-Trace header" to obtain the identity of the posters.

If, as plaintiff argues, Giganews in fact has the ability to match fictitious email addresses to the true identities of the posters by performing a specific search method recommended by plaintiff. Giganews shall so inform plaintiff, If Giganews responds that it is in fact able to perform such a search, and if plaintiff requests Giganews to do so, then the cost of the search shall be borne entirely by plaintiff, since Giganews is not required to create data it does not already maintain. Cost-shifting is especially justified here, because the information so vigorously sought by plaintiff is, in the court's opinion, highly unlikely to yield information that will advance plaintiff's case. Nevertheless, the court ordered that the Interrogatories be

responded to, but the cost of a specific data analysis need not be borne by Giganews.

The parties shall also discuss the possibility of an outside computer expert retained by plaintiff to perform the search it is unable to perform itself. The court will not order such a procedure, but it should be considered in good faith by the parties.

Finally, plaintiff asserts that the text files for tens of thousands of pages are missing from subfolders produced, because the subfolders are empty. The court views this issue as simply another technical problem that plaintiff has experienced in attempting to access the discovery records. This issue shall be resolved by the parties as set forth above.

Interrogatories 6-11:

These interrogatories, responses to which the court previously ordered, required Giganews to identify the "persons" Giganews emailed regarding their alleged involvement in uploading infringing material to Giganews.com servers or the Usenet; "persons" to whom Giganews provided notices of alleged or actual violations of its repeat infringer policy; "persons" to whom Giganews provided notices of alleged or actual copyright infringement; "persons" terminated as a result of alleged or actual violation of Giganews' repeat infringer policy; and "persons" terminated as a result of alleged or actual copyright infringement.

Once more, instead of providing specific names, addresses and telephone number of "persons", Giganews responded by way of ediscovery documents per Rule 33(d). Giganews notes that the Interrogatories were not limited to persons which plaintiff itself accused of copyright infringement, but rather the entire universe of responsive information. The court granted these Interrogatories because they are relevant to the issue of whether Giganews had, and enforced, an adequate repeat infringer policy.

Again, Giganews responds that it does not maintain the information ordered by the court in individual records or summaries, and that it properly invoked Rule 33(d).

The court concludes that Interrogatory 11 is subject to the same analysis and ruling as Interrogatories 1-3.

<u>Requests for Production 7-8 and 10-11</u>:

The responses to these Requests, which do not appear to be properly before the court due a failure to meet and confer, raise somewhat different concerns than Giganews' responses to Interrogatories. Aside from Request 7, the Requests simply seek actual emails and communications between Giganews and several email addresses and websites which uploaded images, or may have committed other intellectual property violations. The court presumably ordered a very limited number of actual documents be produced. Giganews maintains the subject documents in electronic form. It is questionable, however, whether Giganews produced the documents in the form in which they are ordinarily maintained, or in a reasonably useable form.

It may be that Giganews has the ability to easily and economically extract the relatively few discrete documents ordered, if any exist, without resorting with an inundation of irrelevant electronic documents.

The court declines to rule on Requests 7-8 and 10-11 at this time, however the court reserves the authority to order Giganews to produce no more or less than the limited universe of documents that were ordered produced, if the court concludes that Giganews has not produced the documents as forthrightly as possible.

Nonetheless, the parties are ordered to follow the procedures set forth above with respect to expeditiously resolving technical issues which are impeding plaintiff's easy retrieval of the ordered documents.

<u>Rule 30 (b) (6) Deposition of Giganews:</u>

The parties dispute whether Giganews fairly designated witnesses to testify as to specific topics set forth in plaintiff's Deposition Notice. The court concludes that the Giganews deponents were fairly designated and adequately prepared to testify as to the Noticed Topics.

If, however, Perfect 10 wishes to take a deposition of Sunday Yokubaitis (whether as an individual and/or a Rule 30(b)(6) witness), the court indicates it is inclined to permit such deposition.

Plaintiff's final request, for the court to impose monetary sanctions, is Denied.

The court will decide Defendants' Motion to Compel as soon as feasible.

DATED: <u>June 2, 2014</u>

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE