ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
ILANA RUBEL (CSB. No. 221517)
irubel@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
KATHLEEN LU (CSB No. 267032)
klu@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:   415.875.2300
Facsimile:   415.281.1350

Attorneys for Defendants
GIGANEWS, INC., and
LIVEWIRE SERVICES, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants.<br>────────────────────────<br>GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada Corporation,<br><br>　　　　　　Counterclaimants,<br><br>　　v.<br><br>PERFECT 10, INC., a California Corporation,<br><br>　　　　　　Counterdefendant. | Case No.: 11-cv-07098-ABC (SHx)<br><br>**DISCOVERY MATTER**<br>***Before Hon. Stephen J. Hillman***<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS GIGANEWS, INC. AND LIVEWIRE SERVICES, INC.'S MOTION TO COMPEL DISCOVERY COMPLIANCE FROM CRAIG KEN YAMATO II, AND FOR SANCTIONS**<br><br>Date:　　　　　June 30, 2014<br>Time:　　　　　2:00 P.M.<br>Courtroom:　　550 (Roybal)<br><br>Discovery Cut-off:　　June 30, 2014<br>Pretrial Conference:　January 19, 2015<br>Trial Date:　　　　　January 27, 2015 |

# **TABLE OF CONTENTS**

                                                                                    **Page**

I.     INTRODUCTION ...................................................................................1

II.    THE DISCOVERY REQUESTS AND RESPONSES AT ISSUE .................3

       **Document Request No. 1.** ..............................................................3

              Perfect 10 and Mr. Yamato's Response to
              Document Request No. 1. ...........................................................3

       **Document Request No. 2.** ..............................................................3

              Perfect 10 and Mr. Yamato's Response to
              Document Request No. 2. ...........................................................3

       **Document Request No. 3.** ..............................................................4

              Perfect 10 and Mr. Yamato's Response to
              Document Request No. 3. ...........................................................4

       A.     The Requested Documents are Relevant to the Issues in this
              Case. ..........................................................................................4

       B.     Mr. Yamato Has Not Established that He Performed a
              Reasonable and Diligent Search for Responsive Documents. ...............4

       C.     The Court Should Compel Further Production Because
              Responsive Documents Necessarily Exist Within Mr.
              Yamato's Possession, Custody or Control. ..........................................6

       D.     No Privilege Protects Any Documents Responsive to
              Request No. 2 From Disclosure. ..........................................................7

       **Document Request No. 4.** ..............................................................8

              Perfect 10 and Mr. Yamato's Response to
              Document Request No. 4. ...........................................................9

       A.     Request No. 4 Seeks Relevant and Discoverable Documents
              About Mr. Yamato's Communications with Other Witnesses
              Affiliated with Perfect 10. ..................................................................9

       B.     This Court Should Order a Sworn Declaration Detailing All
              Efforts to Locate Documents Responsive to Request No. 4. ...............10

       C.     The Court Should Compel Mr. Yamato to Produce Further
              Documents Because Non-Privileged Documents Responsive
              to Request No. 4 Likely Exist Within Mr. Yamato's
              Possession, Custody or Control. .........................................................11

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS
## (Cont.)

**Page**

**Document Request No. 5.** .................................................... **12**

    Perfect 10 and Mr. Yamato's Response to
    Document Request No. 5. ...................................................... 12

**Document Request No. 6.** .................................................... **12**

    Perfect 10 and Mr. Yamato's Response to
    Document Request No. 6. ...................................................... 12

**Document Request No. 7.** .................................................... **13**

    Perfect 10 and Mr. Yamato's Response to
    Document Request No. 7. ...................................................... 13

**Document Request No. 8.** .................................................... **13**

    Perfect 10 and Mr. Yamato's Response to
    Document Request No. 8. ...................................................... 13

**Document Request No. 9.** .................................................... **13**

    Perfect 10 and Mr. Yamato's Response to
    Document Request No. 9. ...................................................... 13

**Document Request No. 10.** .................................................... **13**

    Perfect 10 and Mr. Yamato's Response to
    Document Request No. 10. ...................................................... 14

**Document Request No. 11.** .................................................... **14**

    Perfect 10 and Mr. Yamato's Response to
    Document Request No. 11. ...................................................... 14

**Document Request No. 12.** .................................................... **14**

    Perfect 10 and Mr. Yamato's Response to
    Document Request No. 12. ...................................................... 14

**Document Request No. 13.** .................................................... **14**

    Perfect 10 and Mr. Yamato's Response to
    Document Request No. 13. ...................................................... 15

A.    Requests Nos. 5-13 Seek Relevant and Discoverable
Documents About Both the Substantive Claims and Defenses
and the Credibility of Mr. Yamato .......................................... 15

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS
## (Cont.)

**Page**

B. This Court Should Order a Sworn Declaration Detailing All Efforts to Locate Documents Responsive to Requests Nos. 5-13. .................................................................. 16

C. The Court Should Compel Mr. Yamato to Produce All Non-Privileged Documents Responsive to Requests Nos. 5-13. ................ 16

D. No Privilege Protects Any Documents Responsive to Requests Nos. 5, 7, 9, and 10 From Disclosure. ................................... 17

**Document Request No. 14.** .................................................. 18

    Perfect 10 and Mr. Yamato's Response to Document Request No. 14. ................................................. 18

**Document Request No. 15.** .................................................. 18

    Perfect 10 and Mr. Yamato's Response to Document Request No. 15. ................................................. 18

**Document Request No. 16.** .................................................. 19

    Perfect 10 and Mr. Yamato's Response to Document Request No. 16. ................................................. 19

A. The Court Has Already Recognized the Relevance of the Information Sought by Requests Nos. 14-16. ........................... 19

B. No Privacy Interest Protects the Disclosure of this Information. ..................................................................... 20

C. Mr. Yamato's Claim that He has No Responsive Documents is Not Credible. .................................................. 20

D. This Court Should Order Mr. Yamato and Objecting Counsel to Provide Sworn Declarations Detailing All Efforts to Locate Responsive Documents. ........................................... 21

**Request for Production No. 17** ............................................ 21

    Perfect 10 and Mr. Yamato's Response to Document Request No. 17. ................................................. 22

**Request for Production No. 18** ............................................ 22

    Perfect 10 and Mr. Yamato's Response to Document Request No. 18. ................................................. 22

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**<u>TABLE OF CONTENTS</u>**
**<u>(Cont.)</u>**

**Page**

A.    Defendants' Requests Seek Relevant and Discoverable Documents, and Again the Court Has Already Compelled Perfect 10 to Produce the Same Information. ...................................... 22

B.    This Court Should Order Mr. Yamato and his Counsel to Provide Sworn Declarations Detailing All Efforts to Locate Responsive Documents. .................................................. 23

C.    The Court Should Compel Mr. Yamato to Produce all Non-Privileged Responsive Documents, Because Any Assertion that Such Documents Do Not Exist Lacks Credibility. ...................... 24

D.    No Privilege Protects Any Documents Responsive to Request No. 17 From Disclosure. .......................................... 25

III.  CONCLUSION .............................................................. 25

A.    The Court Should Order Mr. Yamato Immediately to Comply with His Discovery Obligations. ................................ 25

B.    The Court Should Award Monetary Sanctions For Mr. Yamato's Unjustified Discovery Noncompliance and Objecting Counsel's Complete Failure to Meet and Confer. .............. 26

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEMO. ISO DFTS.' MOT. TO COMPEL
DISCOVERY COMPLIANCE FROM YAMATO,
AND FOR SANCTIONS

iv

CASE NO. 11-cv-07098-ABC (SHx)

1
2

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

3   **CASES**

4
5
*A. Farber & Partners, Inc. v. Garber*,
    234 F.R.D. 186 (C.D. Cal. 2006) ................................................................. 5, 21

6
*CP Kelco U.S. Inc. v. Pharmacia Corp.*,
    213 F.R.D. 176 (D. Del. 2003) ........................................................................ 8

7
8
*Duran v. Cisco Sys., Inc.*,
    258 F.R.D. 375 (C.D. Cal. 2009) ................................................................... 6

9
10
*In re Application of Republic of Ecuador*,
    280 F.R.D. 506 (N.D. Cal. 2012), *aff'd sub nom.*
    *Republic of Ecuador v. Mackay*, 742 F.3d 860 (9th Cir. 2014) ......................... 11

11
12
*In re CitiMortgage, Inc., Home Affordable Modification Program ("HAMP")*,
    No. MDL 11-2274-DSF, 2012 WL 10450139 at *5
    (C.D. Cal. June 7, 2012) ................................................................................. 5

13
14
*In re Syncor Erisa Litig.*,
    229 F.R.D. 636 (C.D. Cal. 2005) ................................................................... 7

15
*Metzler Contracting Co. LLC v. Stephens*,
    642 F. Supp. 2d 1192 (D. Haw. 2009) ........................................................... 8

16
17
*Nat'l Acad. of Recording Arts & Sciences, Inc. v. On Point Events, LP*,
    256 F.R.D. 678 (C.D. Cal. 2009) ............................................................... 5, 21

18
19
*Qualcomm Inc. v. Broadcom Corp.*,
    No. 05-cv-1958-B (BLM), 2008 U.S. Dist. LEXIS 911
    (S.D. Cal. Jan. 7, 2008) ................................................................................. 5

20
*Republic of Ecuador v. Mackay*,
    742 F.3d 860 (9th Cir. 2014) ......................................................................... 8

21
22
*Tikkun v. City of New York*,
    265 F.R.D. 152 (S.D.N.Y. 2010) .................................................................... 8

23
*United States v. Abel*,
    469 U.S. 45 (1984) ....................................................................................... 15

24
25
*United States v. Cathcart*,
    No. C 07-4762 PJH, 2009 WL 1764642 (N.D. Cal. June 18, 2009) .................... 15

26
*Walt Disney Co. v. DeFabiis*,
    168 F.R.D. 281 (C.D. Cal 1996) .................................................................... 26

27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES
## (Cont.)

**Page(s)**

**STATUTES**

Digital Millennium Copyright Act ...........................................................................24

**RULES**

Civ. L.R. 37....................................................................................................................2

Civ. L.R. 37-1 .........................................................................................................1, 3

Civ. L.R. 37-2 ...............................................................................................................1

Civ. L.R. 37-4 ...............................................................................................................2

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEMO. ISO DFTS.' MOT. TO COMPEL
DISCOVERY COMPLIANCE FROM YAMATO,
AND FOR SANCTIONS

vi

CASE NO. 11-cv-07098-ABC (SHx)

## I.   INTRODUCTION

Pursuant to Local Rule 37-2.4, Defendants Giganews, Inc. and Livewire Services, Inc. (collectively, "Defendants") submit this Memorandum in support of their Motion to Compel Discovery Compliance from Craig Ken Yamato II.[1]

On April 24, 2014, Defendants served Mr. Yamato with a subpoena for the production of documents.  On May 1, 2014, counsel for Plaintiff Perfect 10, Inc. ("Plaintiff" or "Perfect 10") and Mr. Yamato ("Objecting Counsel") served their objections and responses to Defendants' subpoena.  In their responses, Perfect 10 and Mr. Yamato asserted that the requested documents either did not exist or, to the extent that they did, were protected from disclosure because of a privilege or privacy interest.  In essence, these responses served as an attempt to avoid having to produce any responsive documents at all.

Starting May 9, 2014, Defendants repeatedly sent correspondence to counsel for Perfect 10 and Mr. Yamato identifying the deficiencies in their discovery responses and calling for a telephonic conference pursuant to Local Rule 37-1.  At no point did Objecting Counsel acknowledge the issues that Defendants had raised. Nor did Objecting Counsel respond to Defendants' demands for a telephonic conference.

Although Mr. Yamato produced a dozen responsive documents on May 27, 2014, neither Perfect 10 nor Mr. Yamato certified that they had agreed to produce all non-privileged responsive documents and that they had, in fact, done so.  In fact,

---

[1]   As discussed in greater detail below, Defendants made repeated requests for a meet and confer conference to discuss the issues regarding Perfect 10, Inc. and Mr. Yamato's responses to Defendants' document subpoena to Mr. Yamato.  Counsel for Perfect 10 and Mr. Yamato failed to meet and confer in the time period required under Local Rule 37-1 or even to acknowledge Defendants' requests.  Therefore, rather than filing the instant motion through the typical joint stipulation process, Defendants must file this motion pursuant to Local Rule 37-2.4.  Because Defendants bring this motion under Local Rule 37-2.4, Local Rules 6-1, 7-9 and 7-10 apply.  Defendants' Memorandum generally follows the approach that the Court requires for a joint stipulation in support of a motion to compel.

1

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Defendants' review of Mr. Yamato's production reveals that additional responsive documents almost certainly exist within Mr. Yamato's possession, custody or control, and further that any asserted claim of privilege or privacy interest is illegitimate.

Defendants served Mr. Yamato with a subpoena for documents to obtain the responsive documents before his scheduled deposition on June 9, 2014.  With Mr. Yamato and Objecting Counsel showing no cooperation, Defendants respectfully ask the Court to resolve this dispute.

Accordingly, the Court should enter Defendants' proposed order compelling Mr. Yamato to produce all non-privileged responsive documents immediately. Further, in light of Objecting Counsel's wholesale failure to comply with or cooperate in the meet-and-confer procedures set forth under Local Rule 37, this Court should also award Defendants their reasonable attorneys' fees and costs as sanctions against Perfect 10 and Mr. Yamato for their discovery noncompliance pursuant to Local Rule 37-4, as well as any other monetary sanctions this Court deems proper.

Defendants attach a copy of the Court's Scheduling Order as **Exhibit A** to the Declaration of Joseph S. Belichick ("Belichick Decl."), which accompanies this Memorandum.  Discovery closes on June 30, 2014.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## II.   THE DISCOVERY REQUESTS AND RESPONSES AT ISSUE[2]

**Document Request No. 1.[3]**

All documents concerning communications with any person or entity regarding Giganews or Livewire.

**Perfect 10 and Mr. Yamato's Response to Document Request No. 1.**

Subject to, and without waiving the foregoing General Objections, after a reasonable and diligent search, Yamato responds he has no such documents in his possession, custody or control.

**Document Request No. 2.**

All documents concerning your knowledge or awareness of Giganews or Livewire.

**Perfect 10 and Mr. Yamato's Response to Document Request No. 2.**

Subject to, and without waiving the foregoing specific and General Objections, after a reasonable and diligent search, Yamato responds that other than

---

[2]   After reviewing Perfect 10 and Mr. Yamato's responses and objections to Defendants' subpoena for production of documents, Defendants sent a meet-and-confer letter dated May 9, 2014, which addressed in detail the deficiencies with these responses, objections, and failures to produce. Belichick Decl., Ex. B [May 9, 2014 Letter from Belichick to Locke] at 1-5. Objecting Counsel did not respond and failed to conduct a conference by May 19, 2014, as Local Rule 37-1 required. *Id.* at ¶4. Defendants sent a follow-up letter on May 23, 2014. *Id.* at ¶5, Ex. C [May 23, 2014 Letter from Gregorian to Locke]. Once again, Objecting Counsel failed to respond and to conduct a conference, as requested. *Id.* at ¶6. On May 27, 2014, Defendants sent a follow-up email to Objecting Counsel, attaching the May 23 letter and requesting a conference. *Id.* at ¶7, Ex. D [May 27, 2014 Email from Gregorian to Locke]. Later that same day, Defendants received a dozen documents from Objecting Counsel, including some emails between Norman Zada and Mr. Yamato, without any statement about the issues raised in Defendants' correspondence or Objecting Counsel's failure to meet-and-confer. *Id.* at ¶9, Ex. E [May 27, 2014 Production Letter from Poblete to Counsel].

[3]   For the Court's convenience, Defendants group together for argument Requests Nos. 1-3, which call for similar subject matter.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

documents protected by the attorney-client and work product privileges in connection with the preparation of his Declaration in this case, he has no other responsive documents in his possession, custody or control.

**Document Request No. 3.**

All documents concerning Perfect 10's knowledge or awareness of Giganews or Livewire.

**Perfect 10 and Mr. Yamato's Response to Document Request No. 3.**

Subject to, and without waiving the foregoing General Objections, after a reasonable and diligent search, Yamato responds he has no such documents in his possession, custody or control.

**A.      The Requested Documents are Relevant to the Issues in this Case.**

There is no serious question that these document requests seek relevant and discoverable documents.  Indeed, the Court has already considered similar discovery requests that Defendants served on Perfect 10 and granted Defendants' motions to compel regarding these similar requests.  *See* Dkt. 223 (regarding RFP No. 1) and Dkt. 254 (regarding RFP No. 4 – "All documents, including all communications, concerning Giganews, Livewire, or any of their services" – and RFP No. 64 – "All communications between Perfect 10 and any Person regarding any Defendant or this litigation.").  Further, by failing to raise any specific objection to these document requests based on relevance, Perfect 10 and Mr. Yamato waived any relevance objections and effectively conceded that the requested documents are relevant to the issues in this case.

**B.      Mr. Yamato Has Not Established that He Performed a Reasonable and Diligent Search for Responsive Documents.**

Perfect 10 and Mr. Yamato's responses to these requests rely in principal part on the representation that, "after a reasonable and diligent search," Mr. Yamato has no non-privileged, responsive documents within his possession, custody or control. But Defendants cannot accept this unsupported general assertion that no responsive

4

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

documents exist, particularly in light of Perfect 10's consistent use of similar tactics and evasions regarding Defendants' subpoenas to other third-party witnesses affiliated with Perfect 10, which remain in dispute.  *See* [Joint Stipulation on Defendants' Motion to Compel Discovery Compliance from Third-Party Witnesses.

Individuals responding to discovery have an affirmative obligation to conduct a "reasonable inquiry" into the factual basis of its discovery responses. *Nat'l Acad. of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189-90 (C.D. Cal. 2006).  Consistent with this obligation, "[t]he Federal Rules impose an affirmative duty *upon lawyers* to engage in discovery in a responsible manner and to conduct a 'reasonable inquiry' to determine whether discovery responses are sufficient and proper."  *See Qualcomm Inc. v. Broadcom Corp.*, No. 05-cv-1958-B (BLM), 2008 U.S. Dist. LEXIS 911, at *47 (S.D. Cal. Jan. 7, 2008) (emphasis added).  But, because Objecting Counsel never responded to Defendants' repeated demands for a meet-and-confer, Defendants have had no opportunity to confirm whether Mr. Yamato performed a reasonable inquiry or whether Objecting Counsel properly supervised Mr. Yamato's alleged discovery compliance efforts.

Accordingly, this Court should—at minimum—order Mr. Yamato and Objecting Counsel to provide sworn declarations detailing all efforts they have made to locate documents responsive to each of Defendants' document requests. This measure is necessary in light of Perfect 10's and Mr. Yamato's boilerplate contentions that no responsive documents exist within Mr. Yamato's possession. *See In re CitiMortgage, Inc., Home Affordable Modification Program ("HAMP")*, No. MDL 11-2274-DSF, 2012 WL 10450139 at *5 (C.D. Cal. June 7, 2012) (reasonable inquiry may be established through declarations under oath detailing the nature of the efforts to locate responsive documents on a request-by-request basis); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 190 (C.D. Cal. 2006) ("[T]o assure . . . a 'reasonable inquiry,' the Court will order   . . . declarations or

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

affidavits detailing the nature of his 'reasonable inquiry' to locate responsive documents, and such declarations must address the inquiry he made on a request-by-request basis."); *Cf. Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 383 (C.D. Cal. 2009) (ordering responding party to provide declarations detailing the factual bases of its "reasonable inquiry" to obtain responsive information).

### C.    The Court Should Compel Further Production Because Responsive Documents Necessarily Exist Within Mr. Yamato's Possession, Custody or Control.

In connection with Perfect 10's reply briefing in support of its unsuccessful motion for a preliminary injunction, Mr. Yamato submitted a declaration containing several opinions about Giganews' ability to identify and disable access to messages constituting or containing allegedly infringing images.  Dkt. 67.  Perfect 10 filed this declaration three years ago.  Any contention that Mr. Yamato has *no* responsive and relevant documents in his possession is not credible, to say the least, or raises serious questions regarding spoliation of evidence.

Request Nos. 1-3 generally seek documents regarding Giganews or Livewire, including Perfect 10's and Mr. Yamato's knowledge or awareness of them.  Mr. Yamato likely has responsive documents in his possession, because Mr. Yamato's declaration specifically provides opinions about Giganews' operations and capabilities.  If such documents did not exist, as Perfect 10 and Mr. Yamato contend, the entire basis for the opinions in Mr. Yamato's declaration becomes suspect and Mr. Yamato may have committed perjury in his declaration..

Further, the few documents produced on behalf of Mr. Yamato on May 27, 2014 confirm that responsive materials do indeed exist within Mr. Yamato's possession.  For instance, Mr. Yamato's production includes multiple email threads between himself and Mr. Zada exchanging drafts of his declaration. *See, e.g.*, Belichick Decl. at ¶10, Ex. F [Aug. 28, 2011 Email chain between Yamato and Zada].  These emails not only show that responsive documents exist within Mr.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Yamato's possession, but they also confirm that Mr. Yamato's production to date is incomplete; specifically, the email chains identify multiple early drafts of Mr. Yamato's declaration that have not yet been produced. *Id*. Mr. Yamato's production also contains email from another Perfect 10 witness, Sean Chumura, which identifies an early draft of a declaration from Mr. Chumura as an attachment. *Id*. at ¶11, Ex. G [Aug. 28, 2011 Email from Chumura to Yamato]. Mr. Yamato has not produced this document either. *Id.*

Because common sense, logic, and Mr. Yamato's limited production confirm that additional relevant documents likely exist within his possession, this Court should compel Mr. Yamato to produce all non-privileged documents responsive to these requests.

### D. No Privilege Protects Any Documents Responsive to Request No. 2 From Disclosure.

As discussed above, Mr. Yamato already submitted a declaration in this matter. Dkt. 67. To date, Defendants have had no opportunity to test the purported basis for Mr. Yamato's opinions. Belichick Decl. at ¶13. Accordingly, Defendants drafted Request No. 2, which calls for documents about Mr. Yamato's understanding of Giganews and/or Livewire, to uncover what Mr. Yamato actually knows about Defendants' services and what he knew at the time of his declaration. In his response, Mr. Yamato contends that the only existing documents are protected from disclosure by attorney-client and work product privileges.

Mr. Yamato's privilege claim fails on three counts. First, Perfect 10 waived any privilege that could theoretically attach when it voluntarily disclosed protected documents or communications to Mr. Yamato, a third-party. *In re Syncor Erisa Litig.*, 229 F.R.D. 636, 645 (C.D. Cal. 2005) (granting motion to compel in the face of privilege and work product objections due to disclosure to third party). Second, even if this Court were to consider Mr. Yamato an expert witness, no privilege would apply because Perfect 10 submitted a declaration containing Mr. Yamato's

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

testimony.  *Metzler Contracting Co. LLC v. Stephens*, 642 F. Supp. 2d 1192, 1205 (D. Haw. 2009) (no privilege for experts "who are anticipated to testify"); *see also Tikkun v. City of New York*, 265 F.R.D. 152, 155 (S.D.N.Y. 2010) ("When a party provides an expert with information to consider in connection with offering an opinion, the party forfeits whatever privilege might attach to that information."); *CP Kelco U.S. Inc. v. Pharmacia Corp.*, 213 F.R.D. 176, 179 (D. Del. 2003) (holding that "the disclosure of the allegedly privileged information to an expert that [a party] put forward to give expert testimony" waived any purported privilege).  *Cf. Republic of Ecuador v. Mackay*, 742 F.3d 860, 871 (9th Cir. 2014) (holding that there is no "presumptive protection for all testifying expert materials as trial preparation materials").

Third, Mr. Yamato's limited production of documents to date shows that he has no credible claim of privilege (and neither does Perfect 10).  As stated above, Mr. Yamato's production contains multiple emails between himself and Mr. Zada, *a non-attorney.  See, e.g.*, Belichick Decl. at ¶10, Ex. F [Aug. 28, 2011 Email chain between Yamato and Zada].  These documents cannot even arguably be characterized as attorney-client communications.  Further, given Mr. Zada's extensive involvement in drafting Mr. Yamato's declaration, it remains likely that only few, if any, documents in connection with the preparation of Mr. Yamato's declaration even reflect communications with attorneys.

Because neither Mr. Yamato nor Perfect 10 can support a credible legal or factual basis of privilege, this Court should not limit the scope of Mr. Yamato's production of responsive documents on the basis of privilege.

**Document Request No. 4.**

All documents concerning communications from, to, or with (including as cc: or bcc: recipient) Perfect 10, Norman Zada (also known as Norman Zadeh), Daniel Cooper, Randall (Randy) Lewis, Natalie Locke, Lynell Davis, Melanie Poblete, Sean Chumura, Craig Yamato, Szabolcs Apai, Heena Chou, Inna Khusid,

8

Gwendalyn Augustine, Wendy Augustine, Rebekah Chaney, Danuta Arnold, Amber Rangel, Craig Yamato, Craig Yamato, or Eileen Yamato, including but not limited to communications regarding (a) potential or actual copyright infringement, (b) potential or actual litigation, (c) the Usenet, (d) Giganews, or (e) Livewire, or (f) your work.

**Perfect 10 and Mr. Yamato's Response to Document Request No. 4.**

Yamato and Perfect 10 further object to the request on the ground that it seeks irrelevant documents.  Yamato and Perfect 10 further object to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Yamato and Perfect 10 further object to this request on the ground that it is overly broad, burdensome, vague and ambiguous.  Yamato and Perfect 10 further object to this request on the ground that it is vague as to time and does not specify any applicable time period.  Yamato and Perfect 10 object to the request to the extent it seeks the disclosure of information subject to the attorney-client privilege and attorney work product doctrine.

Subject to, and without waiving the foregoing specific and General Objections, after a reasonable and diligent search, Yamato responds that other than documents protected by the attorney-client and work product privileges in connection with the preparation of his Declaration in this case, he has no other responsive documents in his possession, custody or control.

**A.**     **Request No. 4 Seeks Relevant and Discoverable Documents About Mr. Yamato's Communications with Other Witnesses Affiliated with Perfect 10.**

Request No. 4 seeks all documents concerning communications between Mr. Yamato and certain identified witnesses involved in Perfect 10's potential or actual lawsuits,  potential or actual copyright infringement, Usenet, Defendants, and the work Mr. Yamato performed.  The requested documents are directly relevant to the

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  substantive claims and defenses, as well as the credibility of Perfect 10's CEO and

2  other personnel, and the appropriateness of various remedies.

3       As with the document requests discussed in the previous section, this Court

4  has already recognized the undeniable relevance of these materials by granting

5  Defendants' motions to compel with respect to similar requests.  *See* Dkt. 223

6  (regarding RFP No. 1) and Dkt. 254 (regarding RFP Nos. 4 and 64).  Although this

7  request seeks documents beyond those dealing directly with Defendants or this

8  litigation, it is not unduly overbroad because the request focuses on

9  communications between persons known to have worked at Perfect 10 during the

10 time that Perfect 10 has been involved in a series of copyright infringement cases,

11 when Perfect 10 first learned of Defendants and their services.  Therefore, Perfect

12 10's knowledge and conduct during this time period, as reflected in its internal

13 communications, are relevant to the issues in this litigation.

14 **B.     This Court Should Order a Sworn Declaration Detailing All**

15 **Efforts to Locate Documents Responsive to Request No. 4.**

16      Perfect 10's and Mr. Yamato's responses to this request assert that Mr.

17 Yamato has no non-privileged responsive documents.  But, as noted above,

18 Defendants have no way of knowing whether either Mr. Yamato or counsel

19 performed a reasonable inquiry for responsive documents, because Objecting

20 Counsel never responded to Defendants' repeated demands for a meet-and-confer

21 teleconference.  This Court should therefore order Mr. Yamato and Objecting

22 Counsel to provide sworn declarations detailing any and all efforts they have made

23 to locate responsive documents in connection with the responses they furnished.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**C.     The Court Should Compel Mr. Yamato to Produce Further Documents Because Non-Privileged Documents Responsive to Request No. 4 Likely Exist Within Mr. Yamato's Possession, Custody or Control.**

Contrary to the assertions inherent in Perfect 10 and Mr. Yamato's boilerplate responses, Request No. 4 seeks documents concerning not only attorney-expert communications but also communications between Mr. Yamato and *non*-attorney third parties.  This latter category could not conceivably fall within the scope of any privilege or protection.  *See In re Application of Republic of Ecuador*, 280 F.R.D. 506, 516 (N.D. Cal. 2012), *aff'd sub nom. Republic of Ecuador v. Mackay*, 742 F.3d 860 (9th Cir. 2014) (no protection whatsoever for communications not between testifying expert and attorney).

The small handful of documents produced on behalf of Mr. Yamato confirms that Mr. Yamato has responsive documents within his possession.  These documents include email exchanges between Mr. Yamato and non-attorneys such as Mr. Zada and Mr. Chumura.  Belichick Decl. at ¶10, Ex. F [Aug. 28, 2011 Email chain between Yamato and Zada], ¶11, Ex. G [Aug. 28, 2011 Email from Chumura to Yamato].  As discussed above, Mr. Yamato's production to date is incomplete because the production omits several documents that the few documents produced specifically identify.  Further, one such email from Mr. Zada to Mr. Yamato specifically asks "about why you [Mr. Yamato] have experience with the USENET."  Belichick Decl. at ¶12, Ex. H [Aug. 29, 2011 Email from Zada to Yamato].  This question strongly suggests that Mr. Yamato has additional responsive documents in his possession.

Defendants have a right to these responsive and relevant documents, and this Court should compel Mr. Yamato to produce all non-privileged documents responsive to these requests.  Further, as discussed above, neither Mr. Yamato nor Perfect 10 has any legal or factual basis for any claim of privilege or work product

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

protection with respect to these documents.  Defendants drafted Request No. 4 as a complement to Request No. 2, in order to understand better the circumstances leading up to the development of the declaration Mr. Yamato submitted in this matter.  *See* Dkt. 67.  Because no credible claim of privilege exists, this Court should not limit the scope of Mr. Yamato's production of responsive documents based on his assertion of privilege.

**Document Request No. 5.[4]**

Documents sufficient to identify all the dates of your employment by or other work for Perfect 10, Norman Zada, or any other business in which Perfect 10 or Norman Zada has or has had an ownership interest.

**Perfect 10 and Mr. Yamato's Response to Document Request No. 5.**

Subject to, and without waiving the foregoing specific and General Objections, after a reasonable and diligent search, Yamato responds that other than documents protected by the attorney-client and work product privileges in connection with the preparation of his Declaration in this case, he has no other responsive documents in his possession, custody or control.

**Document Request No. 6.**

All Documents concerning contracts or agreements between you and Perfect 10, Norman Zada, or any other business in which Perfect 10 or Norman Zada has or has had an ownership interest.

**Perfect 10 and Mr. Yamato's Response to Document Request No. 6.**

Subject to, and without waiving the foregoing General Objections, after a reasonable and diligent search, Yamato responds he has no such documents in his possession, custody or control.

---

[4]   For the Court's convenience and to avoid needless repetition, Defendants group together for argument Requests Nos. 5-13 to Mr. Yamato, as these requests contain similar subject matter.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Document Request No. 7.**

Documents sufficient to identify all relationships between you and Perfect 10 or Norman Zada, including professional, business, and social relationships.

**Perfect 10 and Mr. Yamato's Response to Document Request No. 7.**

Subject to, and without waiving the foregoing specific and General Objections, after a reasonable and diligent search, Yamato responds that other than documents protected by the attorney-client and work product privileges in connection with the preparation of his Declaration in this case, he has no other responsive documents in his possession, custody or control.

**Document Request No. 8.**

All documents concerning any business or investment which you invested in, participated in, assisted, or worked for that Perfect 10 or Norman Zada also invested in, participated in, or worked for.

**Perfect 10 and Mr. Yamato's Response to Document Request No. 8.**

Subject to, and without waiving the foregoing General Objections, after a reasonable and diligent search, Yamato responds he has no such documents in his possession, custody or control.

**Document Request No. 9.**

Documents sufficient to identify all work you performed for Perfect 10.

**Perfect 10 and Mr. Yamato's Response to Document Request No. 9.**

Subject to, and without waiving the foregoing specific and General Objections, after a reasonable and diligent search, Yamato responds that other than documents protected by the attorney-client and work product privileges in connection with the preparation of his Declaration in this case, he has no other responsive documents in his possession, custody or control.

**Document Request No. 10.**

Documents sufficient to describe your job or work duties for Perfect 10 and the approximate dates you performed those duties.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Perfect 10 and Mr. Yamato's Response to Document Request No. 10.**

Subject to, and without waiving the foregoing specific and General Objections, after a reasonable and diligent search, Yamato responds that other than documents protected by the attorney-client and work product privileges in connection with the preparation of his Declaration in this case, he has no other responsive documents in his possession, custody or control.

**Document Request No. 11.**

Documents sufficient to identify all compensation of any kind you have received from Perfect 10, Norman Zada, or any business in which Norman Zada has or had an ownership interest; whether the compensation was related to any litigation; and if so, which litigation.

**Perfect 10 and Mr. Yamato's Response to Document Request No. 11.**

Subject to, and without waiving the foregoing General Objections, Yamato responds he has no such documents in his possession, custody or control as no responsive documents exist.

**Document Request No. 12.**

All invoices you issued to Perfect 10 or Norman Zada.

**Perfect 10 and Mr. Yamato's Response to Document Request No. 12.**

Subject to, and without waiving the foregoing General Objections, Yamato responds he has no such documents in his possession, custody or control as no responsive documents exist.

**Document Request No. 13.**

All Documents concerning any payments, monetary or other asset transfers, loans, or advances you received from, or furnished to, Perfect 10, Norman Zada, or any other business in which Perfect 10 or Norman Zada has or has had an ownership interest.

/ / /

/ / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Perfect 10 and Mr. Yamato's Response to Document Request No. 13.**

Subject to, and without waiving the foregoing General Objections, Yamato responds he has no such documents in his possession, custody or control as no responsive documents exist.

A.     **Requests Nos. 5-13 Seek Relevant and Discoverable Documents About Both the Substantive Claims and Defenses and the Credibility of Mr. Yamato.**

Requests Nos. 5-13 generally seek documents concerning Mr. Yamato's work for Perfect 10, Mr. Zada, and any other business in which Perfect 10 or Mr. Zada has had an ownership interest, including documents regarding dates of employment, contracts or agreements, work performed, job duties, the type of relationships involved, compensation, and any financial dealings between the Subpoenaed Witnesses, Perfect 10, and Mr. Zada.  These documents are directly relevant not only to the substantive claims and defenses in this case but also to the credibility of Mr. Yamato, including any opinions Mr. Yamato already offered in this case and those that he may offer in the future.  As the Supreme Court has long since noted, "[p]roof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."  *United States v. Abel*, 469 U.S. 45, 52 (1984); *see also United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 1764642 (N.D. Cal. June 18, 2009) (granting motion to compel source for payment of legal fees as relevant to bias and credibility).

Neither Perfect 10 nor Mr. Yamato seriously disputes the relevance of the documents.  Indeed, by failing to raise any specific objection based on relevance, Perfect 10 and Mr. Yamato agree that the requested documents are relevant to the issues in this case.

/ / /

/ / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**B.    This Court Should Order a Sworn Declaration Detailing All Efforts to Locate Documents Responsive to Requests Nos. 5-13.**

Perfect 10 and Mr. Yamato's responses to Requests 5-13 assert that Mr. Yamato has no non-privileged, responsive documents within his possession, custody or control.  Additionally, Mr. Yamato raises a claim of privilege with respect to Request Nos. 5, 7, 9, and 10.  As discussed above, no privilege applies to the requested documents.  Also as noted above, Defendants cannot test whether either Mr. Yamato or counsel performed a reasonable inquiry for responsive materials, because Objecting Counsel never responded to Defendants' repeated demands for a meet-and-confer.  This Court should therefore order Mr. Yamato and Objecting Counsel to provide sworn declarations detailing any and all efforts they made to locate documents responsive to these requests leading up to their response.

**C.    The Court Should Compel Mr. Yamato to Produce All Non-Privileged Documents Responsive to Requests Nos. 5-13.**

As noted above, Mr. Yamato submitted a declaration in this case supporting Perfect 10's unsuccessful motion for preliminary injunction in September 2011.  Dkt. 67.  But how and why Mr. Yamato, as a non-party, came to submit the declaration remains a mystery.  To this day, Defendants have little idea what connection Mr. Yamato actually has to Perfect 10, Mr. Zada, or this litigation.  The fact that Mr. Yamato submitted a declaration, however, strongly suggests that he has a paper trail somewhere in his possession.

The few documents appearing in Mr. Yamato's limited production demonstrate that additional responsive documents likely exist.  For instance, Mr. Yamato's production contains certain email exchanges between Mr. Yamato and Mr. Zada.  Belichick Decl. at ¶10, Ex. F [Aug. 28, 2011 Email chain between Yamato and Zada].  As established above, Defendants' review of these documents reveals that Mr. Yamato's production is incomplete, because the production omits several documents specifically identified within the other documents produced.  But

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   beyond that facial deficiency in Mr. Yamato's production-to-date, the few emails

2   produced only appear to discuss later revisions of Mr. Yamato's declaration.  This

3   suggests that, at the very least, other earlier or introductory communications

4   between Mr. Zada and Mr. Yamato likely exist.  Accordingly, the Court should

5   compel Mr. Yamato to produce all non-privileged documents responsive to these

6   requests.

7   **D.     No Privilege Protects Any Documents Responsive to Requests Nos.**

8           **5, 7, 9, and 10 From Disclosure.**

9   Contrary to Perfect 10 and Mr. Yamato's assertions, no privilege protects the

10  documents Defendants sought by Requests Nos. 5, 7, 9, and 10.  First and foremost,

11  the information sought by these requests does not fairly fall under the scope of any

12  privilege.  Request No. 5 calls for documents sufficient to show dates of

13  employment.  Request No. 7 requests documents sufficient to identify all

14  relationships between Mr. Yamato and Mr. Zada or Perfect 10.  Requests Nos. 9

15  and 10 seek documents sufficient to identify the work Mr. Yamato performed for

16  Mr. Zada and Perfect 10, and any related job duties.  Simply put, it is not credible

17  that any privilege or work product protection would protect documents responsive

18  to these requests from disclosure.  In fact, because Yamato's production contains

19  multiple emails between himself and Mr. Zada, *a non-attorney*, establishing the

20  basis for a privilege objection in the first instance is unlikely.  *See, e.g.*, Belichick

21  Decl. at ¶10, Ex. F [Aug. 28, 2011 Email chain between Yamato and Zada].

22  Further, as discussed above, even if some of the documents sought might fall into

23  privileged territory as a threshold matter, Perfect 10 has long since waived any

24  theoretical claim of privilege that may have once attached.

25  / / /

26  / / /

27  / / /

28  / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Document Request No. 14.[5]**

Documents sufficient to identify all email addresses you have used for any business purpose (including personal email addresses you used for any business purpose) since you first performed any work for Perfect 10 or Norman Zada.

**Perfect 10 and Mr. Yamato's Response to Document Request No. 14.**

Yamato and Perfect 10 further object to the request on the ground that it seeks irrelevant documents. Yamato and Perfect 10 further object to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Yamato and Perfect 10 further object to this request on the ground that it is overly broad, burdensome, vague and ambiguous. Yamato and Perfect 10 further object to this request on the ground that it is vague as to time and does not specify any applicable time period. Yamato further object to this request on the ground that it invades Yamato's privacy rights.

**Document Request No. 15.**

Documents sufficient to identify all IP addresses you have used for any business purpose since you first performed any work Perfect 10 or Norman Zada.

**Perfect 10 and Mr. Yamato's Response to Document Request No. 15.**

Yamato and Perfect 10 further object to the request on the ground that it seeks irrelevant documents. Yamato and Perfect 10 further object to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Yamato and Perfect 10 further object to this request on the ground that it is overly broad, burdensome, vague and ambiguous. Yamato and Perfect 10 further object to this request on the ground that it is vague as to time and does not specify any applicable time period. Yamato and Perfect 10 further object to this request on the ground that it is unintelligible. Yamato objects to this request on the ground that it invades Yamato's privacy rights.

---

[5]  For the Court's convenience, Defendants group together for argument Requests Nos. 14-16 to Mr. Yamato, as these requests contain similar subject matter.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Subject to, and without waiving the foregoing General Objections, Yamato

2   responds he has no such documents in his possession, custody or control as no

3   responsive documents exist.

4   **Document Request No. 16.**

5   Documents sufficient to identify all IP addresses you have used for any

6   business purpose since you first performed any work Perfect 10 or Norman Zada.

7   **Perfect 10 and Mr. Yamato's Response to Document Request No. 16.**

8   Yamato and Perfect 10 further object to the request on the ground that it

9   seeks irrelevant documents.  Yamato and Perfect 10 further object to this request on

10   the ground that it is not reasonably calculated to lead to the discovery of admissible

11   evidence.  Yamato and Perfect 10 further object to this request on the ground that it

12   is overly broad, burdensome, vague and ambiguous.  Yamato and Perfect 10 further

13   object to this request on the ground that it is vague as to time and does not specify

14   any applicable time period.  Yamato and Perfect 10 further object to this request on

15   the ground that it is unintelligible.  Yamato objects to this request on the ground

16   that it invades Yamato's privacy rights.

17   **A.      The Court Has Already Recognized the Relevance of the**

18   **Information Sought by Requests Nos. 14-16.**

19   These requests seek documents concerning the email addresses and IP

20   addresses that Mr. Yamato used in connection with his work for Perfect 10 and Mr.

21   Zada, as well as all names Mr. Yamato personally or professionally used.  These

22   requests squarely seek relevant and discoverable information.  As this Court already

23   recognized in its April 24, 2014 Order, Defendants are entitled to this information.

24   Dkt. 254.  In that Order, this Court ordered production with respect to:  (1) Request

25   Nos. 7-9 of Defendants' Second Set of Requests for Production, which seek

26   documents sufficient to identify all IP addresses and email addresses used by

27   Perfect 10, Mr. Zada, or persons under Perfect 10 and/or Mr. Zada's control *for any*

28   *purpose*; and (2) Interrogatory Nos. 2 and 4 of Livewire's First Set of

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Interrogatories, which call for Perfect 10 to identify all IP addresses and email addresses for anyone acting under Perfect 10's direction or control, for the time period alleged in the Complaint.  Dkt. 254 at 1-2.  In fact, the Court specifically refused to allow Perfect 10 to limit its response to full-time employees.  Dkt. 254 at 1.

### B.    No Privacy Interest Protects the Disclosure of this Information.

Without citing any supporting authority, Mr. Yamato's responses to these requests claim that production of such materials invades his privacy rights.  But Mr. Yamato does not, and indeed cannot, identify any privacy interest excusing him from complying with Defendants' requests.  In fact, the Protective Order entered in this case expressly contemplates the production of non-party confidential information and protects against the undue invasion of any asserted privacy interest.  Dkt. 172.

Further, the fact that Mr. Yamato has already produced documents reflecting some of the information contradicts his claim that he has a legitimate privacy interest implicated by these requests.  For instance, Mr. Yamato's production to date includes email exchanges between himself and Mr., Zada, among others.  *See, e.g.*, Belichick Decl. at ¶10, Ex. F [Aug. 28, 2011 Email chain between Yamato and Zada].  These documents reflect one email address that Mr. Yamato used professionally in connection with his work for Perfect 10 and were produced *without being designated CONFIDENTIAL under the Protective Order*.  *See id.*  Because Perfect 10's and Mr. Yamato's own actions belie any claim that there is a legitimate privacy interest here, the Court should not limit the scope of production because of on any privacy claim.

### C.    Mr. Yamato's Claim that He has No Responsive Documents is Not Credible.

Request No. 15 seeks documents sufficient to show the IP addresses Mr. Yamato used in connection with his work for Perfect 10 and Mr. Zada.  As Mr.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Yamato attested, at the time he executed his declaration he worked as the Senior Network Applications Engineer of Enterprise at TW Telecom.  Mr. Yamato further represented that he has "extensive experience with telecommunications, the Internet, and the USENET."  Dkt. 67 at ¶ 1.  In light of his purported background, Mr. Yamato's representation that he is unable to find any documents demonstrating the IP addresses he used in connection with his work for Perfect 10 and Mr. Zada is simply not credible.

### D. This Court Should Order Mr. Yamato and Objecting Counsel to Provide Sworn Declarations Detailing All Efforts to Locate Responsive Documents.

In light of Mr. Yamato's obligation to conduct a "reasonable inquiry," neither Perfect 10 nor Mr. Yamato can merely stand on a boilerplate assertion that no documents responsive to these requests exist.  *See Nat'l Acad. of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189-90 (C.D. Cal. 2006).  On the contrary, Mr. Yamato must be able to back up his assertion with facts regarding his search for documents.  Unfortunately, as noted above, Defendants do not know if Mr. Yamato and his counsel performed a reasonable inquiry for responsive materials, because Objecting Counsel never responded to any requests for a meet-and-confer teleconference.  Therefore, in addition to ordering Mr. Yamato to produce all non-privileged responsive documents , the Court should also order Mr. Yamato and Objecting Counsel to provide sworn declarations detailing any and all efforts they have made to locate responsive documents.

### Request for Production No. 17.[6]

All documents constituting, containing, or concerning all testimony, exhibits, or other documents that you have furnished in connection with any proceeding,

---

[6]  For the Court's convenience, Defendants group together for argument Requests Nos. 17-18 to Mr. Yamato, as these requests contain similar subject matter.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

whether in trial or hearing or deposition or investigation, whether as an expert, percipient witness, party, or subject.

**Perfect 10 and Mr. Yamato's Response to Document Request No. 17.**

Subject to, and without waiving the foregoing specific and General Objections, after a reasonable and diligent search, Yamato responds that other than documents protected by the attorney-client and work product privileges in connection with the preparation of his Declaration in this case, he has no other responsive documents in his possession, custody or control.

**Request for Production No. 18.**

All documents concerning all communications in which you furnished assistance or otherwise communicated with copyright holders who were contemplating or engaged in litigation over their copyrights.

**Perfect 10 and Mr. Yamato's Response to Document Request No. 18.**

Subject to, and without waiving the foregoing General Objections, after a reasonable and diligent search, Yamato responds he has no such documents in his possession, custody or control.

**A.    Defendants' Requests Seek Relevant and Discoverable Documents, and Again the Court Has Already Compelled Perfect 10 to Produce the Same Information.**

Requests Nos. 17-18 seek transcripts, testimony, declarations, exhibits or other documents furnished in any proceeding or provided to assist copyright holders who were contemplating or engaged in litigation over their copyrights. Though not limited to the documents in this case, these requests nevertheless seek relevant and discoverable documents because they relate to Mr. Yamato's similar work on other legal cases and thus are relevant to his qualifications and credibility in connection with any statements under penalty of perjury he made on behalf of Perfect 10 in this case. *See* Dkt. 67.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Once again, the Court has already considered substantially similar discovery requests that Defendants served on Perfect 10, and it granted Defendants' motion to compel regarding these requests. *See* Dkt. 254 at 2 (regarding RFP Nos. 10, 12-13).[7] In fact, Perfect 10 did not even object to the production of the requested documents (Dkt. 235 at 42-44), but instead claimed that it produced all responsive documents that it located after conducting a reasonable search.

**B.      This Court Should Order Mr. Yamato and his Counsel to Provide Sworn Declarations Detailing All Efforts to Locate Responsive Documents.**

Consistent with Objecting Counsel's approach to responding to the other requests in Defendants' subpoena, Perfect 10 and Mr. Yamato's responses to Requests Nos. 17 and 18 maintain that no non-privileged, responsive documents exist within his possession, custody or control.  (Additionally, Mr. Yamato raises a claim of privilege with respect to Request Nos. 17.  As already explained, any such claim of privilege lacks merit.  Further, as noted above, because Mr. Yamato and his counsel have not established that they performed a reasonable inquiry for responsive documents (because, among other things, Objecting Counsel never responded to Defendants' repeated demands for a meet-and-confer in violation of the Local Rules), the Court should order them to provide sworn declarations.

---

[7]  RFP No. 10 requested "All documents constituting or containing deposition transcripts (including exhibits) of Perfect 10, Norman Zada, any employee or other agent of Perfect 10, including Bruce Hersh."  RFP No. 12 requested "All documents constituting or containing declarations (including exhibits) executed by or filed on behalf of Norman Zada or Perfect 10 in any litigation or in any arbitration or before any government agency."  RFP No. 13 requested "All documents constituting or containing expert reports or declarations in any action, including any litigation or arbitration, or before any government agency, in which Norman Zada or Perfect 10 was a party to the action."  *See* Dkt. 235 at 31.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

C.     **The Court Should Compel Mr. Yamato to Produce all Non-Privileged Responsive Documents, Because Any Assertion that Such Documents Do Not Exist Lacks Credibility.**

The fact that Mr. Yamato already submitted a declaration in this case means that he has (or should have) at least *one responsive document* within his reasonable reach.  Dkt. 67.  But in response to Defendants' subpoena Mr. Yamato did not produce or even acknowledge this declaration.  Nor did Mr. Yamato or his counsel certify that this declaration constituted the sum total of testimony he had ever provided in any proceeding.  Instead, Mr. Yamato and his counsel took the easier course of simply asserting that no documents exist, when one need look no further than the docket for this case to find at least one.  Therefore, Mr. Yamato's naked representation that no documents exist is not credible.

Moreover, careful review of Mr. Yamato's declaration in this matter and his paltry production so far reveals that, more likely than not, Mr. Yamato has more documents responsive to these requests as well.  If not documents concerning testimony, Mr. Yamato must have at least some materials responsive to Request No. 18, which seeks documents concerning all communications in which Mr. Yamato furnished assistance or otherwise communicated with copyright holders who were contemplating or engaged in litigation over their copyrights.  For instance, in his declaration, Mr. Yamato rendered opinions about the enforcement of copyrights under the DMCA.  Dkt. 67.  Further, Mr. Yamato submitted his declaration in support of Perfect 10's motion for a preliminary injunction, who at the time was *engaged in litigation over their copyrights*.  It stands to reason that Mr. Yamato would have some documentation of the assistance he furnished at least to Perfect 10, a "copyright holder" within the meaning of Request No. 18.

In fact, the few documents produced on behalf of Mr. Yamato on May 27, 2014 confirm that responsive materials do indeed exist within Mr. Yamato's

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEMO ISO DFTS' MOT TO COMPEL DISCOVERY
COMPLIANCE FROM YAMATO, AND FOR SANCTIONS

24

CASE NO. 11-CV-07098-ABC(SHX)

possession.  *See, e.g.*, Belichick Decl. at ¶10, Ex. F [Aug. 28, 2011 Email chain between Yamato and Zada].  Defendants have the right to obtain these documents.  .

**D.     No Privilege Protects Any Documents Responsive to Request No. 17 From Disclosure.**

As with Mr. Yamato's other privilege objections, his claim of privilege regarding Request No. 17 does not pass muster.  This request seeks documents concerning testimony offered by Mr. Yamato in any proceeding.  In response, Mr. Yamato claims privilege and work product protection for documents concerning the preparation of his declaration in this case.  As discussed above, Mr. Yamato's claim of privilege and/or work product protection fails.

**III.   CONCLUSION**

**A.     The Court Should Order Mr. Yamato Immediately to Comply with His Discovery Obligations.**

Consistently with the pattern and practice we have seen with other third-party witnesses who affiliated with Perfect 10, counsel for Perfect 10 is preventing Defendants from obtaining relevant discovery, especially preventing Defendants from obtaining such documents before Defendants depose the third-party witnesses. Defendants believe that Mr. Yamato and his counsel made no serious, good faith effort actually to search for documents in good faith and to comply with Defendants' subpoena.  Instead, Objecting Counsel either flatly insisted that no responsive documents existed within Mr. Yamato's possession, custody or control, or else invoked upon a general assertion of privileges and/or privacy interests that even the most cursory legal research would demonstrate not to apply.  And when questioned about Mr. Yamato's responses, ***Objecting Counsel did not even bother to answer***.

The end of discovery is fast approaching, and counsel for Perfect 10 withholds discovery this Court has already ruled that Defendants are entitled to. Defendants respectfully ask the Court to grant this motion and order Mr. Yamato

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   and Objecting Counsel immediately to serve supplemental discovery responses and

2   supporting declarations, and also immediately to produce all non-privileged

3   responsive documents as the accompanying Proposed Order details.

4        **B.**     **The Court Should Award Monetary Sanctions For Mr. Yamato's**

5                       **Unjustified Discovery Noncompliance and Objecting Counsel's**

6                       **Complete Failure to Meet and Confer.**

7        Under Local Rule 37-1, "[u]nless relieved by written order of the Court upon

8   good cause shown, counsel for the opposing party *shall confer with counsel for the*

9   *moving party within ten (10) days* after the moving party serves a letter requesting

10  such conference." Civ. L.R. 37-1 (emphasis added). The failure of Objecting

11  Counsel to comply with this requirement is sanctionable. Civ. L.R. 37-4; *see also,*

12  *e.g.*, *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 285 (C.D. Cal. 1996) (awarding

13  attorney's fees and *additional* monetary sanctions where counsel for party

14  responding to discovery failed to participate in meet-and-confer process). In *Walt*

15  *Disney*, the court specifically found that "[t]he failure of defendant['s] counsel,

16  moreover, to meet and confer, and to participate in the joint stipulation as required

17  by [then] Local Rule 7.15, cannot be ignored." *Id.* (sanctioning defendant's counsel

18  in the amount of $500.00).

19       Fact discovery closes on June 30, 2014, and Defendants repeatedly tried to

20  resolve Mr. Yamato's discovery noncompliance before filing this motion. As early

21  as May 9, 2014, Defendants sent a letter asking to meet and confer with opposing

22  counsel to discuss the glaring deficiencies in Perfect 10's and Mr. Yamato's

23  responses and objections. Belichick Decl. at ¶3, Ex. B [May 9, 2014 Letter from

24  Belichick to Locke] at 1-5. When Objecting Counsel entirely ignored Defendants'

25  demand, Defendants again raised the matter. *Id.* at ¶5, Ex. C [May 23, 2014 Letter

26  from Gregorian to Locke], ¶7, Ex. D [May 27, 2014 Email from Gregorian to

27  Locke]. Despite Defendants' repeated efforts, Counsel for Perfect 10 and Mr.

28  Yamato failed to meet-and-confer with respect to ***any*** of the document requests at

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   issue.  Because of Objecting Counsel's obstructive disregard for Defendants'

2   requests and the meet-and-confer process that the Local Rules command,

3   Defendants must bring this Motion without the usual joint stipulation.

4          This Court should not tolerate Objecting Counsel's repeated defiance of the

5   required meet-and-confer process.  Accordingly, in addition to whatever other relief

6   the Court deems proper, this Court should award Defendants their reasonable

7   attorneys' fees and costs associated with bringing this Motion, as well as an

8   additional monetary sanction in the amount of at least $1,500 to be paid by

9   Objecting Counsel for the undeniable failure to respond to Defendants' three

10  requests for a required meet-and-confer effort.

11  Dated:  June 2, 2014                    FENWICK & WEST LLP

12

13                                          By:  /s/Joseph S. Belichick
                                                 Joseph S. Belichick

14                                          Attorneys for Defendants GIGANEWS,
                                            INC., and LIVEWIRE SERVICES, INC.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO