ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
ILANA RUBEL (CSB. No. 221517)
irubel@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
KATHLEEN LU (CSB No. 267032)
klu@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendants
GIGANEWS, INC., and
LIVEWIRE SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada Corporation,<br><br>Counterclaimants,<br><br>v.<br><br>PERFECT 10, INC., a California Corporation,<br><br>Counterdefendant. | Case No.: 11-cv-07098-ABC (SHx)<br><br>**DISCOVERY MATTER**<br>***Before Hon. Stephen J. Hillman***<br><br>**ORDER GRANTING DEFENDANTS GIGANEWS, INC. AND LIVEWIRE SERVICES, INC.'S MOTION TO COMPEL DISCOVERY COMPLIANCE FROM THIRD-PARTY WITNESSES**<br><br>Discovery Cut-off: June 30, 2014<br>Pretrial Conference: January 19, 2015<br>Trial Date: January 27, 2015 |

1  WHEREAS, on March 31, Defendants served Third-Party Witnesses
2  Gwendalyn Augustine, Jennifer McCall, and Sean Chumura with subpoenas to
3  produce documents and information, commanding the production of all documents
4  by April 15, 2014;

5  WHEREAS, on April 1, 2014, Defendants served Third-Party Witnesses
6  Melanie Poblete, Szabolcs Apai, and Eileen Koch with subpoenas to produce
7  documents and information, commanding the production of all requested
8  documents by April 15, 2014;

9  WHEREAS, on April 14, 2014, counsel for Plaintiff Perfect 10, Inc.
10 ("Plaintiff" or "Perfect 10") served objections and responses to the document
11 subpoenas on behalf of Plaintiff and Ms. Poblete, Mr. Apai, Ms. Koch, Ms.
12 Augustine, Ms. McCall, and Mr. Chumura (collectively, the "Subpoenaed
13 Witnesses");

14 WHEREAS, none of the Subpoenaed Witnesses produced any of the
15 requested documents to Defendants by the due date of April 15, 2014;

16 WHEREAS, on April 17, 2014, Defendants deposed Mr. Chumura who,
17 admitted that he has had documents in his possession that are responsive to
18 Defendants subpoena, but that he had not yet found them. Although a number of
19 Defendants' document requests to Mr. Chumura concerned his financial dealing
20 with Perfect 10 and Norman Zada, Mr. Chumura admitted not searching for the
21 requested documents. Mr. Chumura said that his search for responsive documents
22 is ongoing;

23 WHEREAS, on April 18, 2014, Defendants sent a letter to counsel for
24 Plaintiff and the Subpoenaed Witnesses that identified each issue and/or discovery
25 request in dispute regarding the Subpoenaed Witnesses, as required by L.R. 37-1,
26 further requesting a meet-and-confer by telephone to discuss the discovery disputes;
27
28

WHEREAS, on April 23, 2014, Defendants deposed Ms. Poblete who admitted that she did not perform any "fresh search" for documents in response to the Defendants' subpoena and that she is not aware of anyone else performing a search for documents in response to the subpoena;

WHEREAS, on April 25, 2014, Defendants deposed Mr. Apai, who admitted that he had not searched all of his email accounts for responsive documents. Mr. Apai also testified that he deleted all of his emails in his Hotmail email account a few months ago, in January or February 2014, and did not do anything to try to retrieve them. Mr. Apai further admitted that he did not search his Hotmail email account or his G-mail email account or for "Giganews" or "Livewire" as Defendants' subpoena requested. Finally, Mr. Apai testified that he was willing to do further searches of his email accounts in response to the subpoena;

WHEREAS, on or about April 24, 2014 and May 7, 2014, Defendants received some documents from Ms. Augustine and Ms. McCall, respectively;

WHEREAS, on April 28, 2014, counsel for Defendants, Plaintiff, and the Subpoenaed Witnesses conducted a meet-and-confer conference by telephone regarding the April 18, 2014 letter. Defendants, Plaintiff, and the Subpoenaed Witnesses reached a number of agreements concerning the Subpoenaed Witnesses' compliance efforts, including among other things, that: (1) they would search for responsive documents using reasonable search terms; (2) they would provide details of the searches performed; and (3) they would reconsider their objections in light of the Court's other discovery orders on the same topics;

WHEREAS, following the conference, the Subpoenaed Witnesses did not fully comply with these agreements;

WHEREAS, on May 12, 2014, Defendants sent the Subpoenaed Witnesses and Perfect 10 a stipulation and proposed order to address the Subpoenaed Witnesses' discovery noncompliance, to which they did not agree.

WHEREAS, Defendants have sufficiently established the right to compel further discovery responses and documents from the Subpoenaed Witnesses;

NOW, THEREFORE, having considered the Joint Stipulation on Defendants Giganews, Inc. and Livewire Services, Inc.'s Motion to Compel Discovery Compliance from Third-Party Witnesses, as well as Defendant's Supplemental Memorandum, and good cause appearing therefor, the Court hereby GRANTS Defendants' motion as follows:

In no case later than the close of fact discovery, the Court hereby ORDERS that:

1. Each of the Subpoenaed Witnesses will provide supplemental responses and detailed declarations under oath (by each Subpoenaed Witness and its counsel) regarding their search efforts for each request in the Subpoenas on a request-by-request basis, including identifying all computers, electronic media, and paper files they searched, all computers, electronic media, and paper files they maintain but did not search, the date range of the documents they searched, all search terms employed for electronic searching, and all other search methods employed;

2. Each of the Subpoenaed Witnesses will: (a) produce to the Defendants all responsive non-privileged documents in their possession, custody, or control that were located after a reasonable and diligent search as provided herein; and (b) Plaintiff shall serve a privilege log identifying any responsive documents that the Subpoenaed Witnesses withheld from production based on privilege or any other reason;

3. Specifically regarding **Requests Nos. 1-3**,[1] in addition to manually locating and producing all responsive documents that the Subpoenaed Witnesses are

---

[1] Exhibit A to each of the document subpoenas that Defendants served on each of Subpoenaed Witnesses, except Sean Chumura, contains numbered document requests that are identical or substantially similar. Mr. Chumura's Requests Nos. 1-6 are the same as in the other subpoenas. And while his Requests Nos. 7-11 and 13 contain the same document requests relating to his work for Perfect 10, Mr. Zada, and any other related businesses, which correspond to Request Nos. 5-12 to the other Subpoenaed Witnesses, the numbering sequence is somewhat different. Also, Defendants' subpoena to Mr. Chumura contained a request for all invoices he issued to Perfect 10 or Mr. Zada (Request No. 12), which was not in the other

aware of based on their own knowledge, diligence, and reasonable efforts, the Subpoenaed Witnesses will search all electronic documents in their possession, custody or control, including all email accounts, using the relevant search terms expressly referenced in Perfect 10's own complaint, as listed in Appendix A;

4. Specifically, regarding **Request No. 4**, in addition to manually locating and producing all responsive documents that the Subpoenaed Witnesses are aware of based on their own knowledge, diligence, and reasonable efforts, the Subpoenaed Witnesses will search all electronic documents in their possession, custody or control, including all email accounts, using first each of the names from the request, and then further culling the responsive documents using the further agreed search terms listed in Appendix B;

5. Specifically, regarding **Requests No. 5-12**, in addition to manually locating and producing all responsive documents that the Subpoenaed Witnesses are aware of based on their own knowledge, diligence, and reasonable efforts, the Subpoenaed Witnesses will search all electronic documents in their possession, custody or control, including all email accounts, using first the terms "Perfect 10", "Perfect10", "P10", "Zada", "Zadeh", and "Norm", and then the further agreed search terms listed in Appendix C;

6. Specifically, regarding **Requests No. 13-15**, the Subpoenaed Witnesses will provide verified lists of the requested information in lieu of producing documents sufficient to identify: (a) all email addresses used by the Subpoenaed Witnesses for any business purpose (including personal email addresses you used for any business purpose) since they first worked for Perfect 10 or Norman Zada; (b) all IP addresses the Subpoenaed Witnesses have used for any business purpose since they first worked for Perfect 10 or Norman Zada; and (c) all names the Subpoenaed Witnesses have used, personally or professionally;

7. Specifically, regarding **Requests No. 16-17**, in addition to manually locating and producing all responsive documents that the Subpoenaed Witnesses are aware of based on their own knowledge, diligence, and reasonable efforts,

---

subpoenas, but the other related requests would cover the same ground. Mr. Chumura's Requests Nos. 14-16 correspond to Requests Nos. 13-15 in the other subpoenas; his Requests Nos. 18-19 are sufficiently similar to Requests Nos. 16 and 17. Accordingly, Mr. Chumura must comply with all orders herein as if the numbering differences did not exist.

the Subpoenaed Witnesses will search all electronic documents in their possession, custody or control, including all email accounts, using first the terms "Perfect 10", "Perfect10", "P10", "Zada", "Zadeh", and "Norm", and then the further agreed search terms listed in Appendix D;

8. Specifically, regarding **Request No. 17 to Mr. Chumura**, Perfect 10 and/or Mr. Chumura will produce all requested documents or items;

9. Sanctions Requests are deferred until there is full compliance with this Order.

**IT IS SO ORDERED.**

Dated: June 5, 2014

_____
STEPHEN J. HILLMAN
United States Magistrate Judge

# APPENDIX A

## Further Search Terms for Requests Nos. 1-3

Giganews
Giga
GN
Yokubaitis
Livewire
LW
Powerusenet
Powerusenet.com
Power Usenet
Rhinonewsgroups
Rhinonewsgroups.com
Rhino Newsgroups
Infinityusenet
Infinityusenet.com
Infinity Usenet
Eurousenet
Eurousenet.com
Euro Usenet
Galacticgroups
Galacticgroups.com
Galactic Groups
Cheapnewsgroups
Cheapnewsgroups.com
Cheap Newsgroups
Fastusenet
Fastusenet.com
Fast Usenet
Usenetgiant
Usenetgiant.com
Usenet Giant
Usenet.net