JS-6

1  ANDREW P. BRIDGES (CSB No. 122761)
   abridges@fenwick.com
2  ILANA RUBEL (CSB. No. 221517)   NOTE: CHANGES MADE BY THE COURT
   irubel@fenwick.com
3  TODD R. GREGORIAN (CSB No. 236096)
   tgregorian@fenwick.com
4  KATHLEEN LU (CSB No. 267032)
   klu@fenwick.com
5  FENWICK & WEST LLP
   555 California Street, 12th Floor
6  San Francisco, CA  94104
   Telephone:     (415) 875-2300
7  Facsimile:     (415) 281-1350

8  Attorneys for Defendants
   GIGANEWS, INC., and
9  LIVEWIRE SERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 11-cv-07098-AB (SHx)<br><br>**[PROPOSED] JUDGMENT IN FAVOR OF DEFENDANTS GIGANEWS, INC. AND LIVEWIRE SERVICES, INC.**<br><br>Courtroom: 790 (Roybal)<br>Judge: Hon. André Birotte, Jr. |
| GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada Corporation,<br><br>Counterclaimants,<br><br>v.<br><br>PERFECT 10, INC., a California Corporation,<br><br>Counterdefendant. | |

[PROPOSED] JUDGMENT IN FAVOR OF       CASE NO. 11-cv-07098-AB (SHx)
GIGANEWS AND LIVEWIRE

On November 14, 2014, the Court granted summary judgment in favor of Defendants Giganews, Inc. and Livewire Services, Inc. on the issues of direct, contributory and vicarious copyright infringement, completely resolving the action. *See* Dkt. 619, 620, and 621.  The Court now issues a final judgment on all of Plaintiff's claims, particularly including the following, as well as the related counterclaims by Defendants:

1. ***Trademark***.  Plaintiff's claims of direct trademark infringement, secondary trademark infringement, and trademark dilution, against both Defendants (Dkt. 1) are dismissed.  Dkt. 97 at 19-22.

2. ***Right of Publicity***.  Plaintiff's claims against both Defendants under California law for violation of the rights of publicity (Dkt. 1) are dismissed. Dkt. 97 at 22-24.

3. ***California Unfair Competition***.  Plaintiff's state-law claims against both Defendants for violation of the California Unfair Competition Law (Dkt. 1) are dismissed.  Dkt. 97 at 22-24.

4. ***Direct Copyright Infringement***.  Plaintiff's claims of direct copyright infringement by Defendants Giganews and Livewire (Dkt. 1 and 105) are dismissed.  Dkt. 97 at 7-13; Dkt 619.

5. ***Contributory Copyright Infringement***.  Plaintiff's claims of contributory infringement against both Defendants (Dkt. 1 and 105) are dismissed.  Dkt. 129 at 4-5; Dkt. 620.

6. ***Vicarious Copyright Infringement***.  Plaintiff's claims of vicarious infringement against Defendants Giganews and Livewire (Dkt. 1 and 105) are dismissed.  Dkt. 129 at 5-6; Dkt. 620.

The Court **GRANTS FINAL JUDGMENT** in favor of Defendants and against Plaintiff Perfect 10 as to all the claims by Plaintiff in the case.  ~~Plaintiff shall take nothing.~~  Furthermore, the Court **GRANTS FINAL JUDGMENT** in favor of Counterclaimants and against Counter-Defendant Perfect 10 in conjunction

with the counterclaims for declaratory relief.  The Court **DECLARES** that Defendants did not infringe any of Perfect 10's copyrights, either directly or indirectly, and thus are not liable for direct infringement, contributory infringement or vicarious infringement.  The Court also **DECLARES** that Defendants Giganews and Livewire bear no liability to Perfect 10 for any asserted cause of action.

As the prevailing parties in this litigation, Defendants Giganews and Livewire are entitled to recover costs.  Fed. R. Civ. P. 54(d)(1); Civ. L.R. 54-1.  In accordance with Local Rule 54-2, Defendants shall file their Notice of Application to the Clerk to Tax Costs and Proposed Bill of Costs within fourteen (14) days after the entry of this judgment.  ~~Fees and expenditures taxable as costs may include all items identified under 28 U.S.C. § 1920 or Civil Local Rule 54-3.  *See* Civ. L.R. 54-3.1-13.~~

Defendants Giganews and Livewire may seek reimbursement of their reasonable attorneys' fees to the extent allowed by 15 U.S.C. § 1117, 17 U.S.C. § 505, Cal. Civ. Code § 3344, or any other applicable law.  The Court exercises its discretion under Civil Local Rule 54-10 to extend the time within which Defendants may bring a motion for attorneys' fees.  *See* Civ. L.R. 54-10 ("Any motion or application for attorneys' fees shall be served and filed within fourteen (14) days after the entry of judgment or other final order, *unless otherwise ordered by the Court*.") (emphasis added).  In light of the duration, number, volume, and complexity of proceedings and filings in this case, the Court **EXTENDS THE TIME** for Defendants to serve and file any motion or application for attorney's fees until 28 days following entry of this judgment.  **Should Defendants bring a motion for attorneys' fees, they shall serve it with sufficient notice to permit Plaintiff 14 days to oppose the motion.**

**IT IS SO ORDERED**.

Dated: November 26, 2014

ANDRÉ BIROTTE JR.
United States District Court Judge