ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
ILANA RUBEL (CSB. No. 221517)
irubel@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
KATHLEEN LU (CSB No. 267032)
klu@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350

Attorneys for Defendants GIGANEWS, INC.,
and LIVEWIRE SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>            Defendants.<br><br>GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada Corporation,<br><br>            Counterclaimants,<br><br>      v.<br><br>PERFECT 10, INC., a California Corporation,<br><br>            Counterdefendant. | Case No.: 11-cv-07098-AB (SHx)<br><br>**DEFENDANT GIGANEWS, INC'S OPPOSITION TO PERFECT 10, INC.'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER (1) GRANTING DEFENDANT GIGANEWS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF INDIRECT COPYRIGHT INFRINGEMENT (DKT. 440) AND (2) DENYING AS MOOT PLAINTIFF'S MIRROR-IMAGE MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF INDIRECT COPYRIGHT INFRINGEMENT (DKT. 467) (DKT. 620)**<br><br>Date:            December 29, 2014<br>Time:           10:00 a.m.<br>Courtroom:  790 Roybal<br>Judge:          Hon. André Birotte<br><br>Judgment Entered:   November 26, 2014 |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT .................................................................................................. 2

    A. Legal Standard. .................................................................................... 2

    B. The Court Did Not Commit a Clear Error by Finding That Giganews Promptly Blocked All Legible Message-IDs in Proper Notices. ........................................................................................ 4

    C. The Court Did Not Commit a Clear Error by Finding That the Only Method for Consistently Identifying a Specific Usenet Message That Giganews Could Promptly Remove Is the Post's Message-ID. ......................................................................... 8

    D. The Court Did Not Commit a Clear Error by Overlooking Perfect 10's Evidence That It Was Allegedly Unaware of the Ways to Automatically Extract Message-IDs Automatically .............. 11

    E. The Court Did Not Commit a Clear Error in Considering and Rejecting Any Requirement That Giganews Perform Searches to Identify Infringing Content. ............................................ 12

    F. The Court Did Not Commit Clear Error by Failing to Address Perfect 10's Other Arguments Regarding Actual or Constructive Knowledge. ..................................................................... 15

III. CONCLUSION ............................................................................................ 16

# TABLE OF AUTHORITIES
## (contin.)

**Page(s)**

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*389 Orange St. Partners v. Arnold*,
   179 F.3d 656 (9th Cir. 1999) .................................................................................. 2

*Aventis Pharms S A v. Amphastar Pharms., Inc.*,
   Nos. ED CV 03-887 RT, ED CV 04-333, 2005 WL 5957795
   (C.D. Cal. Mar. 25, 2005) ....................................................................................... 3

*Carmen v. San Francisco Unified School Dist.*,
   237 F.3d 1026 (9th Cir. 2001) .............................................................................. 11

*Carroll v. Nakatani*,
   342 F.3d 934 (9th Cir. 2003) ..................................................................... 2, 3, 7, 8

*Collins v. U.S. Citizenship & Naturalization Serv.*,
   No. CV 11-9909-JFW, 2013 WL 776244
   (C.D. Cal. Feb. 6, 2013) ................................................................................*passim*

*Ellison v. Robertson*,
   357 F.3d 1072 (9th Cir. 2007) .............................................................................. 16

*Hendrix v. Novartis Pharms. Corp.*,
   No. CV-14-3856-MWF, 2014 WL 4090840
   (C.D. Cal. Aug. 19, 2014) ...................................................................................... 2

*Keenan v. Allan*,
   91 F.3d 1275 (9th Cir. 1996) ................................................................................ 10

*Nat'l Union v. Wells Fargo Bank*,
   No. CV 03-02452-NM, 2005 WL 6524450
   (C.D. Cal. June 24, 2005) ....................................................................................... 2

*Perfect 10 v. Google, Inc.*,
   No. CV 04-09484 2010 WL 9479059 (C.D. Cal. July 26, 2010) .................... 7, 15

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. GIGANEWS, INC.'S OPP. TO P10'S MTN.
FOR RECON. OF ORDER GRANTING SUMMARY
JUDGMENT RE INDIRECT INFRINGEMENT

ii

CASE NO. 11-cv-07098-AB (SHx)

# TABLE OF AUTHORITIES
## (contin.)

**Page(s)**

*Stern v. Cingular Wireless Corp.*,
  No. CV 05-8842 CAS, 2008 WL 4534048 (C.D. Cal. Oct. 6, 2008) ................... 2

*United States v. Dunkel*,
  927 F.2d 955 (7th Cir. 1991) .............................................................................. 11

*Vita-Herb Nutriceuticals, Inc. v. Probiohealth, LLC*,
  No. SACV 11-1463 DOC, 2013 WL 271713
  (C.D. Cal. Jan. 23, 2013) ...................................................................................... 3

**STATUTES**

17 U.S.C. § 512(c)(3)(A) ................................................................................. 7, 13

**RULES**

Local Rule 7–18 ..................................................................................................... 2

Local Rule 7–18(c) ................................................................................................ 2

Rule 59(e) .............................................................................................................. 2

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. GIGANEWS, INC.'S OPP. TO P10'S MTN. FOR RECON. OF ORDER GRANTING SUMMARY JUDGMENT RE INDIRECT INFRINGEMENT

iii

CASE NO. 11-cv-07098-AB (SHx)

## I. INTRODUCTION

Perfect 10 tries, yet again, to undo decisions of this Court. Dissatisfied with its long string of losses before three different district judges and one magistrate judge of this Court (after losing a venue change motion that it fought in the Southern District of California), Perfect 10 again tries to pin the blame for its losses on the Court instead of on its own practices. Perfect 10's motion for reconsideration, like its entire litigation history in this case and its gotcha-litigation business model, reeks of bad faith. Perfect 10's flawed arguments fall into three basic categories, of which none meets the heavy burden to establish sufficient grounds for reconsideration:

1. Arguments that Perfect 10 raised in its opposition to Giganews's motion for partial summary judgment regarding indirect infringement, which are not proper to relitigate on reconsideration;

2. Arguments that were available to Perfect 10 but which Perfect 10 failed to raise in its opposition to Giganews's motion for partial summary judgment regarding indirect infringement, which are not proper to raise for the first time on reconsideration; and

3. Factual evidence that the Court considered in connection with its Order, which the Court correctly decided.

At the root of most of Perfect 10's reconsideration arguments are 9 sample DMCA notices that Perfect 10 identified and that the Court properly found inadequate, including Sample Notices 1-5 (screenshot/search notices), Sample Notices 6-8 (illegible faxed notices that required Giganews to perform searches), and Sample Notice A (a notice that did not identify Message-IDs). Perfect 10's motion for reconsideration failed to identify any material facts it properly raised that the Court failed to consider, or any clear error by the Court. The Court should therefore summarily deny Perfect 10's motion in its entirety.

## II. ARGUMENT

### A. Legal Standard.

To prevail on a motion for reconsideration, the movant must meet a heavy burden. "Motions for reconsideration are disfavored and are rarely granted." *Collins v. U.S. Citizenship & Naturalization Serv.*, No. CV 11-9909-JFW, 2013 WL 776244, at *1 (C.D. Cal. Feb. 6, 2013) (internal quotation and citation omitted). A "motion for reconsideration should not be granted, *absent highly unusual circumstances*, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (applying Rule 59(e)) (emphasis added). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed.2000)). "Likewise, Local Rule 7–18 sets forth these same three *narrow* grounds as the *only* basis on which a motion for reconsideration should be granted." *Hendrix v. Novartis Pharms. Corp.*, No. CV-14-3856-MWF, 2014 WL 4090840, at *2 (C.D. Cal. Aug. 19, 2014) (emphases added).

A motion for reconsideration is not a vehicle for relitigating arguments that the court considered and rejected. *Stern v. Cingular Wireless Corp.*, No. CV 05-8842 CAS, 2008 WL 4534048, at *4 (C.D. Cal. Oct. 6, 2008) (denying motion to reconsider class certification order where defendants had "done little more than rehash their prior arguments"). Indeed, the rule is clear that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18(c); *see also Nat'l Union v. Wells Fargo Bank*, No. CV 03-02452-NM, 2005 WL 6524450, at *3 (C.D. Cal. June 24, 2005) ("Plaintiff improperly attempts to use its motion for

reconsideration to relitigate these claims, repeating many of the same arguments previously made in its briefs opposing Defendant's motion for summary judgment."); *Vita-Herb Nutriceuticals, Inc. v. Probiohealth, LLC*, No. SACV 11-1463 DOC, 2013 WL 271713, at *3 (C.D. Cal. Jan. 23, 2013) ("The Court considered, and rejected, Plaintiff's argument in its original form, and it similarly rejects Plaintiff's argument now."); *Aventis Pharms S A v. Amphastar Pharms., Inc.*, Nos. ED CV 03-887 RT, ED CV 04-333, 2005 WL 5957795, at *2 (C.D. Cal. Mar. 25, 2005) (rejecting motion to reconsider order disqualifying expert witness where movant "merely repeat[ed] an argument it raised in its Opposition to the Original Motion").

Nor are motions for reconsideration "to be used to test new legal theories that could have been presented when the original motion was pending." *See Collins*, 2013 WL 776244, at *1 (citation omitted); *see also Carroll*, 342 F.3d at 945 (affirming denial of motion for reconsideration of summary judgment motion because the motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").

Unable to present newly discovered evidence or any intervening change in controlling law, Perfect 10 now attempts to relitigate old arguments and raised new legal theories in its motion for reconsideration, audaciously framing these issues as this Court's failure to consider material facts. Perfect 10's motion for

///
///
///
///
///
///
///
///

reconsideration is procedurally improper and substantively meritless; the Court should therefore entirely deny it.[1]

### B. The Court Did Not Commit a Clear Error by Finding That Giganews Promptly Blocked All Legible Message-IDs in Proper Notices.

The evidence that Perfect 10 cited in support of its assertion that "the Court incorrectly found that Giganews promptly blocked all legible Message-IDs" (Motion at 8) consists *exclusively* of two types of DMCA notices—screenshot DMCA notices[2] and faxed DMCA notices. But the Court *explicitly* considered each type of notice and rejected them as improper. Indeed, the Court found that these types of DMCA notices did not confer knowledge—actual or constructive—on Giganews. Order at 12-13. As the Court correctly found:

> In short, there is no evidence that Giganews had any

---

[1] Perfect 10 stated that its motion is based on the Court's "fail[ure] to consider various material facts presented by Perfect 10" (Motion at 8:2), not any other bases for reconsideration. Citing case law that reconsideration is appropriate where the district court "committed clear error or the initial decision was manifestly unjust" (Motion at 7:21-24), Perfect 10 nevertheless attempted to argue that "*to avoid manifest injustice*, it is imperative that the Court's Order properly reflect the evidence presented by Perfect 10." *Id*. at 7:14-16 (emphasis added). And this is because "Defendants are preparing to file a motion seeking to recover millions of dollars in attorneys' fees." *Id*. at 7:13-14. Perfect 10's new motion will only add to the attorney's fees that Defendants will seek. In any event, Perfect 10's argument is illogical and confuses the governing standard. Whether Defendants are entitled to attorneys' fees and the amount of fees are entirely irrelevant to whether this Court's Order was manifestly unjust. Perfect 10 failed to advance any compelling arguments that the Court committed clear error or that the Order was unjust.

[2] Perfect 10 conceded that its evidence includes screenshot takedown notices. Motion at 9 n.1. Perfect 10, however, tried to confuse the issue by claiming the only way it could show that Message-IDs had not been removed is to take screenshots, while failing to mention that its initial method of notifying Giganews of these Message-IDs was through screenshot notices—evidence that this Court considered and found inadequate.

>knowledge, actual or constructive, of any specific infringing content other than those messages for which Perfect 10 provided legible Message IDs. *As to those messages,* the evidence is undisputed that Giganews promptly blocked access to the infringing messages.

*Id.* at 13 (emphasis added). Perfect 10's accusation that "the Court appeared to overlook Perfect 10 evidence that Giganews did not, in fact, block *all* emailed Message-IDs" (Motion at 8:18-19 (emphasis added)) misstates the Court's findings and the legal requirements. As the Court correctly concluded, the law required Giganews to block all *legible* Message-IDs in proper notices and Giganews properly did so. Order at 13 ("Indeed, pursuant to such requests, Giganews blocked access to more than a half-a-billion individual messages . . . ."). Contrary to Perfect 10's argument, the law did not require Giganews to remove *all* Message-IDs, as it could not remove those that were not legible and need not remove those contained in notices that the Court found inadequate: "[T]akedown notices that do not substantially comply with the requirements set forth in the DMCA" shall not be considered in determining knowledge or triggering prompt removal. Order at 10-11. The Court discussed in detail Perfect 10's screenshot notices and illegible faxed notices (Order at 10-13) and determined that none of them complied with the requirements for a DMCA takedown notice:

- "Perfect 10's practice of sending Giganews screenshots of a newsreader window along with instructions 'to conduct searches' . . . fails to substantially comply with the requirements for a DMCA takedown notice." Order at 11.
- "Perfect 10 attempts to create a disputed issue of fact on this point by identifying . . . Message-ID's [sent] by faxing screen printouts with the Message-ID in small text, which is illegible." Order at 12 (finding that even though Giganews responded to the faxed screenshots by expressly requesting

legible Message IDs, "Perfect 10 refused to provide the original digital files it admits it had on file").

Based on these detailed and well-reasoned findings, the Court properly concluded:

> But Perfect 10 did not take that simple step to protect its copyrights. Instead, it sent Giganews hundreds of inadequate screenshot-search takedown notices that largely failed to provide Giganews with 'information reasonably sufficient to permit the service provider to locate the [allegedly infringing] material.' 17 USC § 512(c)(3)(A)(iii). Such 'deficient notifications shall not be considered in determining whether [Giganews] ha[d] actual or constructive knowledge.' *Viacom Int'l, Inc. v. YouTube, Inc.,* 940 F.Supp.2d at 115 (citing 17 U.S.C. § 512(c)(3)(B)(i).

Order at 13.

Having determined that screenshot and faxed notices did not confer actual or constructive knowledge on Giganews to allow it to promptly remove the allegedly infringing material, Perfect 10's arguments regarding the timing of Giganews's removal of Message-IDs in those inadequate notices are irrelevant.

Perfect 10 asserted that it identified three different sets of legible Message-IDs that Giganews failed to block. Motion at 10:19-20. But none of these accusations withstands scrutiny and Perfect 10 failed to establish that this Court committed a clear error:

- *First*, Perfect 10 identified "ten emailed Message-IDs" that it discussed in detail. Motion at 8:8-10:6. But each of the DMCA notices that Perfect 10 cited as evidence identifying these 10 Message-IDs is a screenshot notice, which the Court considered and rejected. Order at 11-13.
- *Second*, Perfect 10 identified an email from Perfect 10's counsel to

Giganews's counsel including "an original version of one of Perfect 10's faxed notices." Motion at 10:23-24. Perfect 10, however, did not raise this issue in its summary judgment papers regarding indirect infringement, and thus it cannot raise it on reconsideration. *Carroll*, 342 F.3d at 945 (affirming denial of motion for reconsideration because such a motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").[3] Even if Perfect 10 properly had raised this issue, a quick look at the evidence shows that this was not a DMCA notice at all, let alone one that meets the statutory requirements.[4] 17 U.S.C. § 512(c)(3)(A); *see also Perfect 10 v. Google, Inc.*, No. CV 04-09484 2010 WL 9479059 (C.D. Cal. July 26, 2010).

- *Third,* Perfect 10 identified "electronic copies of 20 faxed notices containing 542 Message-IDs to counsel for Giganews on June 13, 2014, as part of a

---

[3] Perfect 10 cited to Mr. Zada's reply declaration in support of Perfect 10's motion for partial summary judgment regarding indirect infringement (Dkt. 606-1), which discussed faxed notices and Message-IDs that he claimed were still available from those faxed notices. This declaration, however, *did not discuss* the email from Perfect 10's counsel to Giganews's counsel that purportedly attached a more legible version of a notice that Perfect 10 had earlier faxed to Giganews. The Court considered Perfect 10's illegible faxed notices—the only portion of this evidence that Perfect 10 raised in its opposition to Giganews's summary judgment motion regarding indirect infringement—and found them inadequate. Order at 12.

[4] *See* Dkt. 442 (Declaration of Philip Molter in Support of Giganews's Motion for Partial Summary Judgment of No Liability for Indirect Copyright Infringement) ¶ 39; Dkt. 443-32 (Exhibit 25, Part 1, to the Declaration of Todd R. Gregorian in Support of Giganews's Motion for Partial Summary Judgment of No Liability for Indirect Copyright Infringement). The email from Perfect 10's counsel to Giganews's counsel (whom Giganews had not designated as its agent to receive notifications of claimed infringement under the DMCA) concerned a conference regarding the parties' planned summary judgment motions, and attached a new more legible copy of a DMCA notice that Perfect 10 had earlier faxed to Giganews. Dkt. 443-32 (Exhibit 25). Because the email attachment was not a DMCA notice from the copyright holder to Giganews, it was therefore immaterial to the Order.

production of documents." Motion at 11:1-10. But Perfect 10 failed to argue that new versions of DMCA Notices that Perfect 10 produced during discovery constituted new DMCA notices that compelled Giganews to respond—even though Perfect 10 possessed this information at the time of briefing its opposition to Giganews's summary judgment motion regarding indirect infringement. Therefore, Perfect 10 cannot raise this new argument on reconsideration. *Carroll*, 342 F.3d at 945.[5]

Perfect 10 failed to identify any material facts that the Court failed to consider. The Court should therefore reject Perfect 10's arguments regarding Giganews's removal of Message-IDs.

### C. The Court Did Not Commit a Clear Error by Finding That the Only Method for Consistently Identifying a Specific Usenet Message That Giganews Could Promptly Remove Is the Post's Message-ID.

The Court actually considered and rejected Perfect 10's proposed alternatives to using Message-IDs, regardless of whether the Court expressly mentioned all facts that Perfect 10 now asserted in its motion for reconsideration. For example,

---

[5] Perfect 10 cited to Mr. Zada's reply declaration in support of Perfect 10's motion for partial summary judgment regarding indirect infringement. Dkt. 606-1. But again, the Court considered and rejected illegible faxed notices as inadequate. Order at 12 (specifically calling out the 542 Message-IDs contained in these inadequate notices). Further, even if the Court had not rejected Perfect 10's faxed notices as adequate, Giganews provided evidence that the Message-IDs associated with .rar files that Perfect 10 claims it properly identified were not *in fact* identified in its fax notices. *See* Dkt. 618 (Giganews's Objections to Zada's Reply Declaration) at ¶¶ 7-8. Moreover, even if Perfect 10 had raised the argument that it provided Giganews with knowledge through DMCA notices that it produced during discovery, this argument would still fail; Giganews need not search through an entire *litigation document production* to identify and act upon "new and improved" copies of DMCA notices that Perfect 10 never properly sent to Giganews in the first instance. Defendants had not designated its litigation attorneys as agents to receive notifications of claimed infringement.

FENWICK & WEST LLP ATTORNEYS AT LAW SAN FRANCISCO

1  Perfect 10 argued that "carefully selected searches can be much more effective in
2  identifying large numbers of infringing messages," including the examples of
3  searching for "perfecttengallery" or "P10website." Motion at 13:24-28. Perfect 10
4  claimed that "[t]he Court apparently failed to consider" this evidence. *Id*. But the
5  Court considered and rejected Perfect 10's argument that Giganews must perform
6  searches to identify allegedly infringing content. Order at 11-12. In this regard, the
7  Court discussed in detail how "[s]earches moments apart could yield different
8  results," would require "onerous side-by-side, line-by-line" comparisons, and are
9  problematic. *Id*. at 11. The Court properly found:

> [I]n the absence of any assurance that Giganews' search results would yield results consistent with Perfect 10's search, or that Perfect 10's search results were limited to infringing material, it would be impossible [for Perfect 10] to make that necessary representation [under 17 U.S.C. § 512(c)(3)(A)(v)] in good faith.

*Id*. at 12. That the Court did not specifically mention Perfect 10's examples of searching for the words "perfecttengallery" or "P10website" in no way proves that the Court committed a clear error when it considered and rejected Perfect 10's argument that searches in takedown notices were proper.

Moreover, Perfect 10's motion for reconsideration regarding alternatives to Message-IDs to identify allegedly infringing material rests on the following arguments and evidence that Perfect 10 raised only tangentially, citing assertions from in its supporting "Statements of Fact," which it failed to raise in any of its

///
//
///
///

briefs regarding indirect infringement, including its opposition to Giganews's motion on indirect infringement:[6]

- Message-IDs may not be available. Motion at 12:17-13:23.[7]
- Message Descriptions are a superior way of identifying messages. *Id.* at 13:3-14.
- "[I]t may be impossible to determine the correct Message-ID associated with a message containing infringing Perfect 10 images when such images are mixed in with third party images in a large file." *Id.* at 13:15-23.

Pointing to evidence that Perfect 10 submitted in connection with other summary judgment motions cannot justify reconsideration of the Court's Order that granted Giganews's summary judgment motion regarding indirect infringement. It is not the Court's task to "scour the record in search of a genuine issue of triable fact." Instead, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). "The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the

---

[6] There can be no doubt that Perfect 10 was aware of those supposed facts because it cited to evidence that it submitted in connection with its summary judgment briefing regarding the sufficiency of its DMCA notices. *See* Motion at 11-13.

[7] In connection with its other summary judgment motions, Defendants provided ample evidence that Message-IDs are available for all existing messages on Giganews's servers and that third-party indexes and newsreaders may show outdated lists of search results showing messages that no longer reside on Giganews's servers (*i.e.*, after the removal of messages). *See,* Dkt. 523 (Giganews's Opposition to Perfect 10's Motion for Partial Summary Judgment as to the Sufficiency of DMCA Notices) at 27; Dkt. 523-1 (Declaration of Philip Molter in Support of Giganews's Opposition) at ¶ 18; Dkt. 618 (Giganews's Evidentiary Objections to the Reply Declaration of Norman Zada) at ¶¶ 7-8; Dkt. 597 (Giganews's Reply Brief in Support of Motion For Partial Summary Judgment on the Inadequacy of Perfect 10's Notices under the Section 512 Safe Harbor) at 14-15.

*opposing papers* with adequate references so that it could conveniently be found." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (emphasis added). Indeed, as Judges Posner and Easterbrook colorfully put it: "Judges are not like pigs, hunting for truffles buried in the briefs." *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991). Because Perfect 10 failed to meaningfully raise these purported facts and arguments in its motion for summary judgment on indirect infringement or its opposition to Giganews's summary judgment motion regarding indirect infringement, they are improper on reconsideration of that motion. *Collins*, 2013 WL 776244, at *1. And, to the extent Perfect 10 raised them, the Court addressed them when it determined that "the only method for consistently identifying a specific Usenet message that Giganews could promptly remove is the post's Message-ID." Order at 12.

### D. The Court Did Not Commit a Clear Error by Overlooking Perfect 10's Evidence That It Was Allegedly Unaware of the Ways to Automatically Extract Message-IDs Automatically.

Despite Perfect 10's protests to the contrary, the Court considered Perfect 10's evidence that it was allegedly unaware of the ways to automatically extract Message-IDs automatically. The Court simply found that did not matter, and it did not shift any burden to Giganews:

- "Had Perfect 10 performed its own "investigative duties" . . . , extracted the Message-IDs, and submitted those Message-IDs to Perfect 10 in a machine readable format, there would be little left to discuss in this case." Order at 13.
- "[I]t is the law, not Giganews, that 'place[s] the burden of . . . identifying the potentially infringing material and adequately documenting infringement . . . *squarely on the owners of the copyright*." Order at 13 (citation omitted) (emphasis in original).
- "The court declines to shift that substantial burden from the copyright owner

to the provider." *Id.*

In fact, the Court addressed this evidence even though Perfect 10 failed to include it in its opposition to Giganews's summary judgment motion regarding indirect infringement. Having failed properly to raise these purported facts and arguments, Perfect 10 cannot raise them now on reconsideration. *See Collins,* 2013 WL 776244, at *1. Even so, the Court unquestionably *did* address Perfect 10's argument, and rejected it.

### E. The Court Did Not Commit a Clear Error in Considering and Rejecting Any Requirement That Giganews Perform Searches to Identify Infringing Content.

Regardless of whether Perfect 10's "sample notices" were amenable to quick processing, the Court considered those notices and rejected Perfect 10's assertion that Giganews is required to perform searches to identify infringing content. Order at 11-12. The Court also considered and rejected Perfect 10's argument that Giganews could "perform searches such as "perfecttengallery" and "P10 2006" and block *all resulting messages,* not merely the identified Message IDs." Motion at 17:13-15 (emphasis in original). The Court found that under this method, "it would be impossible" for Perfect 10 to make the requisite good faith representation . . . because there is no assurance that "Giganews' search results would yield results consistent with Perfect 10's search, or that Perfect 10's search results were limited to infringing material." Order at 12. That the Court did not specifically call out Perfect 10's reference to searches of the exact words "perfecttengallery" and "P102006" is irrelevant and cannot establish clear error or manifest injustice.

Moreover, Perfect 10's reconsideration arguments regarding the alleged speed of processing of its sample notices also primarily rest on evidence that Perfect 10 raised only in connection with the parties' summary judgment motions regarding the sufficiency of Perfect 10's DMCA notices. These new arguments are

procedurally improper and cannot justify reconsideration. *See Collins,* 2013 WL 776244, at *1. Even if Perfect 10 had raised them, they would still fail.

*First,* Perfect 10 complained that "[n]owhere in the Order did the Court discuss any of the Sample Notices identified by Perfect 10 or Giganews, let alone specifically explain why any of these notices failed to comply with the notification requirements of Section 512(c)(3)(A) of the DMCA." Motion at 18:18-22. But the Court need not discuss each of these sample notices separately to have addressed them. Under Perfect 10's characterization of the notices and/or their undeniable content, the Court considered and rejected each of them:

- "Sample Notice 1 . . . asked Giganews to perform a search . . . ." Motion at 16:4-5; Dkt. 449 (Perfect 10's Motion for Partial Summary Judgment Re Sufficiency of Sample DMCA Notices) at 12.
- Sample Notices 2 and 3 "requested that Giganews perform searches." Motion at 16:27-28; Dkt. 449 at 15, 16.
- Sample Notices 4 and 5 are screenshot/search notices. *See* Dkt. 449 at 17.
- Sample Notices 6-8 were illegible faxed notices that also requested that Giganews perform searches. *See* Dkt. 449 at 18, 19, and 20.
- Sample Notice A did not identify any Message-IDs. Motion at 18:2-5 (admitting that the notice consisted of Perfect 10 images and "image identifiers").

As discussed above, the Court considered and rejected screenshot/search notices and illegible faxed notices as noncompliant with the DMCA. Order at 10-13. And the Court found that Giganews *only* received proper notice where "Perfect 10 provided legible Message IDs." Order at 13. Thus, the Court rejected each of Perfect 10's sample notices without having to discuss each notice separately. The alleged speed at which Perfect 10's claims a service provider could process the sample notices is simply irrelevant, because the Court rejected each of the notices as inadequate.

*Second,* Perfect 10's new contention that it sent Giganews legible copies of its DMCA notices that it had earlier faxed to Giganews is equally unavailing. Those documents were not new or proper DMCA notices. As discussed above, Giganews cannot be required to search through thousands of pages of litigation document productions to identify "new and improved" copies of Perfect 10's DMCA notices. Nor can a new and more legible copy of a DMCA notice that Perfect 10's counsel sent to Giganews's counsel in connection with a pre-filing conference of counsel regarding summary judgment motions constitute a proper DMCA notice to Giganews. Perfect 10's Zada admitted that he refused to send replacement originals to Giganews when Giganews wrote him directly and asked for them. *See* Dkt. 443-21 (April 24, 2014 Zada Deposition Transcript) at 247:21.[8] Perfect 10 now claims that documents it produced in litigation should count as those replacements that Perfect 10 so obstinately refused to send. This approach is exactly the type of "gotcha" litigation gamesmanship that characterizes all of Perfect 10's litigation. With this motion for reconsideration, Perfect 10 tries a "gotcha" with the Court itself. Perfect 10 deserves no indulgence for its trickery.

*Third,* Perfect 10 argues *for the first time* that the Court's Order cannot apply to Sample Notice A because Perfect 10 sent such notice "before the automatic Message-ID extraction feature found in Mimo was created" and because "Giganews has not provided evidence that Message-IDs were available for any of the images in that notice when it was created." Motion at 18:2-3, 14-15. These arguments fail in the face of the very evidence that Perfect 10 cited in its Motion. Perfect 10 admitted in the evidence it cited that Message-IDs were available and that Giganews requested in 2009 that Perfect 10 provide it with Message-IDs. Motion at 13:14-17 (citing Dkt. 550-2 (Declaration of Dr. Norman Zada in Opposition to

---

[8] Indeed, the Court specifically addressed the evidence that Perfect 10 sent illegible fax notices, Giganews asked for legible copies, and Perfect 10 did not provide them. Order at 12.

Giganews's Motion for Partial Summary Judgment Re Inadequacy of Perfect 10 Inc.'s Notices Under the Section 512 Safe Harbor) at ¶ 27, Ex. 6 ("In response to the notice [Sample Notice A], I received a letter from Giganews asking me to provide Message IDs or Message Headers . . . .")).[9] Perfect 10's new arguments are both procedurally improper and meritless, and they do not establish any grounds for reconsideration.

### F. The Court Did Not Commit Clear Error by Failing to Address Perfect 10's Other Arguments Regarding Actual or Constructive Knowledge.

Perfect 10's remaining arguments are equally weak, because Perfect 10 failed to raise them in opposition to Defendants' summary judgment motion regarding indirect copyright infringement, even though they were available to Perfect 10:

- Perfect 10 argued that some of its sample images contain copyright notices, "which courts have found provide actual knowledge." Motion at 19:1-3. The cases that Perfect 10 cited involve *only* direct infringement and are thus irrelevant here. And this Court already rejected this argument when made by Perfect 10 in an earlier case: "In any event, Google is not obligated to comb through tens of thousands of images to determine which ones contain copyright notices. This would impermissibly 'shift a substantial burden from the copyright owner to the provider.'" *Perfect 10, Inc. v. Google, Inc.*, 2010 WL 9479059 at *n.7 (citing *Perfect 10, Inc. v. CCBill*, 488 F.3d 1102, 1113 (9th Cir. 2007)). Therefore, even if Perfect 10 had properly raised this argument in opposition to Giganews' summary judgment motion regarding indirect infringement—and it did not—the fact would not be material.

---

[9] In fact, Giganews's response letter both informed Perfect 10 that it could contact third party vendors that help copyright holders retrieve lists of Message-IDs, and provided contact information for those vendors. Dkt. 550-2 at ¶ 27, Ex. 6.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. GIGANEWS, INC.'S OPP. TO P10'S MTN. FOR RECON. OF ORDER GRANTING SUMMARY JUDGMENT RE INDIRECT INFRINGEMENT — 15 — CASE NO. 11-cv-07098-AB (SHx)

- Perfect 10 argued that "the Court also did not address evidence from *Ellison v. Robertson*, 357 F.3d 1072, 1077 (9th Cir. 2007)." Motion at 19:4-9. To the contrary, the Court addressed *Ellison* throughout the Order. *See* Order at 3, 4, 5, and 7. Perfect 10 failed to identify any material *facts* in this case that the Court overlooked. *See* Motion at 19:4-6 (stating that the Court overlooked *Ellison*, but failing to identify any facts here that the Court erroneously failed to address).

- Perfect 10's assertion that "the Court also did not address Perfect 10's evidence of willful blindness" (Motion at 19:9-10) is demonstrably false. The Court expressly addressed and rejected Perfect 10's argument and evidence regarding willful blindness. Order at 10 n.4 ("Perfect 10 also briefly cites the standard for 'willful blindness,' . . . [but] the evidence does not support a claim of willful blindness.").

Once again, Perfect 10's arguments are procedurally deficient, are factually wrong, and do not establish any clear error or manifest injustice that could justify reconsideration of the Court's Order.

### III. CONCLUSION

This last-ditch, bad-faith effort by Perfect 10 to overturn yet another thoughtful and correct decision by this Court is baseless. The Court should deny Perfect 10's motion for reconsideration and finally close the book on Perfect 10's claims in this case.

Dated: December 8, 2014           FENWICK & WEST LLP

By: */s/ Andrew P. Bridges*
      Andrew P. Bridges

Attorneys for Defendants
GIGANEWS, INC., and LIVEWIRE SERVICES, INC.