ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JOSEPH S. BELICHICK (CSB No. 229371)
jbelichick@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
KATHLEEN LU (CSB No. 267032)
klu@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:   (415) 875-2300
Facsimile:    (415) 281-1350

Attorneys for Defendants
GIGANEWS, INC., and
LIVEWIRE SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants.<br><br>GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada Corporation,<br><br>　　　　　　Counterclaimants,<br><br>　v.<br><br>PERFECT 10, INC., a California Corporation,<br><br>　　　　　　Counterdefendant. | Case No.: 11-cv-07098-AB (SHx)<br><br>**DISCOVERY MATTER**<br>*Before Hon. Stephen J. Hillman*<br><br>**DECLARATION OF JOSEPH S. BELICHICK IN SUPPORT OF DEFENDANTS GIGANEWS, INC. AND LIVEWIRE SERVICES, INC.'S MOTION FOR SANCTIONS (DKT. 356 AND 388)**<br><br>Date:　　　January 26, 2015<br>Time:　　　1:00 P.M.<br>Courtroom:　550 (Roybal)<br><br>**Judgment entered on Dec. 1, 2014** |

I, Joseph S. Belichick, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an associate at Fenwick & West, LLP, counsel for Defendants Giganews, Inc. and Livewire Services, Inc. in this action. I submit this declaration in support of Defendants' motion for sanctions (Dkt. 356 and 388). I have personal knowledge of the facts in this declaration.

2. **Exhibit 1** is a compilation of Fenwick's bills to Defendants that reflect Fenwick's work on the matters for which Defendants request recovery of attorney's fees as monetary sanctions. These bills include a description of the work performed, the amount of time spent, and the corresponding fees for such services. The work included in this exhibit pertains to only two of the previous discovery compliance motions that Defendants filed and the resulting orders of this Court—the June 18, 2014 Order (Dkt. 320) (the "Yamato Order") and June 20, 2014 (Dkt. 322) (the "Amended Yamato Order"), and the June 5, 2014 Order (Dkt. 312) (the "Third-Party Witness Compliance Order") and the July 8, 2014 Order (Dkt. 342) (the "Second Amended Order"), as well as Defendants' motion for sanctions (Dkt. 356 and 388) that the conduct of Perfect 10, its attorneys, and the Perfect 10-affiliated witnesses has necessitated. I have excluded and redacted unrelated work and amounts billed for such work. I have also redacted portions of entries from Fenwick bills that reflect privileged or work product information: if the Court requests it, Defendants will submit unredacted copies of these invoices for *in camera* inspection.

3. The hours and fees reflected in Exhibit 1 were entered and released in the Fenwick billing system as of December 31, 2014, but do not include any estimates for unreleased December 2014 time or Fenwick's work relating to the sanctions motion in January 2015. Defendants request the opportunity to file an additional declaration after the Court's hearing of the sanctions motion on January

BELICHICK DECL. ISO DEFS' MOTION FOR SANCTIONS     1     CASE NO. 11-cv-07098-ABC (SHx)

26, 2015, which will include any unreleased December 2014 billings and Fenwick's January 2015 billings.

4.  The amount of billing relating to the Third-Party Witness Compliance Order (Dkt. 312) and Second Amended Order (Dkt. 342) totals **$131,846.70**. Defendants received a 5% discount from Fenwick for the majority of these billings and that discount is reflected in this total. I calculated that $111,399.85 of this amount comes from billing entries that reflect work exclusively related to the third-party witness compliance motion and orders. An additional $2,052.00 comes from billing entries reflecting work on both the third-party compliance motion and orders and on other projects, but where the timekeeper had itemized his or her work such that the relevant work could be segregated and the applicable charge could be separately calculated. This itemized work is shown in Exhibit 1 with yellow highlighting. An additional $18,394.85 comes from billing entries reflecting both work on the third-party compliance motion and orders and on other projects, without itemization. This un-itemized work is shown in Exhibit 1 with light blue highlighting.

5.  The amount of billing relating to the Yamato Order (Dkt. 320) and Amended Yamato Order (Dkt. 322) totals **$47,526.60**. Defendants received a 5% discount from Fenwick for the majority of these billings and that discount is reflected in this total. I calculated that $43,172.75 of this amount comes from time entries that reflect work exclusively related to the Yamato compliance motion and orders. An additional $2,170.75 comes from billing entries reflecting work on both the Yamato compliance motion and orders and on other projects, but where the timekeeper had itemized his or her work such that the relevant work could be segregated and the applicable charge could be separately calculated. This itemized work is shown in Exhibit 1 with yellow highlighting. An additional $2,183.10 comes from billing entries reflecting both work on the third-party compliance

motion and orders and on other projects, without itemization. This un-itemized work is shown in Exhibit 1 with light blue highlighting.

6. The amount of billing relating to Defendants' motion for sanctions (Dkt. 356 and 388) totals $**330,786.30**. Defendants received a 5% discount from Fenwick for the majority of these billings and that discount is reflected in this total. I calculated that $274,490.35 of this amount comes from time entries that reflect work exclusively related to the Yamato compliance motion and orders. An additional $24,155.60 comes from billing entries reflecting work on both the Yamato compliance motion and orders and on other projects, but where the timekeeper had itemized his or her work such that the relevant work could be segregated and the applicable charge could be separately calculated. This itemized work is shown in Exhibit 1 with yellow highlighting. An additional $32,140.35 comes from billing entries reflecting both work on the sanctions motion and on other projects, without itemization. This un-itemized work is shown in Exhibit 1 with light blue highlighting.

7. Defendants request attorney's fees as monetary sanctions in the total amount of $**510,159.60** as follows:

| | |
|---|---|
| **Exclusive (Third Party, Yamato & Sanctions):** | $ 429,062.95 |
| **Itemized (Third Party, Yamato & Sanctions):** | $   28,378.35 |
| **Un-itemized (Third Party, Yamato & Sanctions):** | $   52,718.30 |
| **Total:** | $ 510,159.60 |

/ / /

/ / /

/ / /

A further breakdown of these amounts is as follows:[1]

| Motion | Exclusive | Itemized | Un-Itemized | Totals |
|---|---|---|---|---|
| **3rd Party:** | $ 111,399.85 | $ 2,052.00 | $ 18,394.85 | **$ 131,846.70** |
| **Yamato:** | $ 43,172.75 | $ 2,170.75 | $ 2,183.10 | **$ 47,526.60** |
| **Sanctions:** | $ 274,490.35 | $ 24,155.60 | $ 32,140.35 | **$ 330,786.30** |
| **Totals** | **$ 429,062.95** | **$ 28,378.35** | **$ 52,718.30** | **$ 510,159.60** |

8. **Exhibit 2** is a copy of the Declaration of Andrew P. Bridges in Support of Defendants' Motion for an Award of Attorney's Fees and Expenses, filed on December 29, 2014 (Dkt. 644-1), including relevant Exhibits 1-5, and 9. Defendants' submit this declaration in support of their motion for sanctions. The declaration contains details regarding the Fenwick lawyers and staff on the defense team and their corresponding hourly billing rates, which supports the reasonableness of the Fenwick billing rates and the number of hours reasonably expended on the litigation.

9. **Exhibit 3** is a copy of the Declaration of Peter D. Zeughauser in Support of Defendants' Motion for an Award of Attorney's Fees and Expenses, filed on December 29, 2014 (Dkt. 644-19). Defendants' submit this declaration in support of their motion for sanctions, including the reasonableness of the Fenwick billing rates.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 16th day of January 2015.

                                            */s/ Joseph S. Belichick*
                                              Joseph S. Belichick

---

[1] Like the chart above, these amounts include a 5% discount, which applied between April 10, 2014 and August 31, 2014.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO