1  Eric J. Benink, Esq., SBN 187434
   eric@kkbs-law.com
2  KRAUSE KALFAYAN BENINK & SLAVENS, LLP
   550 West C Street, Suite 530
3  San Diego, CA 92101
   P 619.232.0331  |  F 619.232.4019
4

5  Lynell D. Davis, Esq., SBN 271152
   lynell@perfect10.com
6  PERFECT 10, INC.
   11803 Norfield Court
7  Los Angeles, CA 90077
   P 310.476.0794  |  F 310.476.8138
8

9  Attorneys for Plaintiff Perfect 10, Inc.

10

11                 UNITED STATES DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13

| 14 | PERFECT 10, INC., a California corporation, | Case No.: 11 CV 7098 AB (SHx) |
| --- | --- | --- |
| 15 | Plaintiff, | ***Before Hon. André Birotte, Jr.*** |
| 16 | v. | **PLAINTIFF PERFECT 10, INC.'S** |
| 17 | GIGANEWS, INC., a Texas corporation; LIVEWIRE SERVICES, INC., a Nevada corporation; and DOES 1 through 100, inclusive, | **EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ANDREW BRIDGES (DKT. 644-1) AND REPLY DECLARATION OF ANDREW BRIDGES (DKT. 655-1)** |
| 18 | | |
| 19 | Defendants. | **IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND EXPENSES** |
| 20 | | |
| 21 | GIGANEWS, INC., a Texas corporation; LIVEWIRE SERVICES, INC., a Nevada corporation; and DOES 1 through 100, inclusive, | *[SUPPLEMENTAL DECLARATIONS OF LYNELL D. DAVIS AND JEFFREY N. MAUSNER SUBMITTED HEREWITH]* |
| 22 | | |
| 23 | | |
| 24 | Counter-claimants, | Date:   February 2, 2015 |
| 25 | v. | Time:   10:00 a.m. |
| 26 | PERFECT 10, INC., a California corporation, | Ctrm:   790 |
| 27 | Counter-defendant. | Judge:  Honorable Andre Birotte, Jr. |
| 28 | | |

# I.    INTRODUCTION

Plaintiff Perfect 10, Inc. hereby submits the following objections to the Declaration of Andrew P. Bridges ("Bridges Decl.") (Dkt. No. 644-1), and the Reply Declaration of Andrew P. Bridges ("Bridges Reply Decl.") (Dkt. No. 655-1) submitted in support of Defendants' Motion for Attorney's Fees and Expenses (Dkt. 644) (the "Motion").

As explained below, Mr. Bridges' declarations are replete with "testimony" for which Mr. Bridges lacks personal knowledge.  Rather, Mr. Bridges is using these declarations to improperly smear Perfect 10 and its president, Dr. Norman Zada, with irrelevant and unsupported accusations, in a desperate attempt to obtain an attorneys' fee award to which Defendants are not entitled.  There has never been an award of attorney's fees to a defendant in a case such as this, where the plaintiff owned the copyrights to materials found on the alleged infringer's servers. *See* Declaration of Natalie Locke In Opposition to Defendants' Motion for Attorney's Fees (Dkt. 650-3) ("Locke Decl."), ¶¶11-12, Exh. 1.

In particular, Mr. Bridges' "testimony" regarding Perfect 10's financial condition, Perfect 10's conduct in other litigation, and the conduct of Dr. Zada lacks any foundation or evidentiary support.  Mr. Bridges has no basis to assert that Perfect 10 has the financial resources to pay even a fraction of the whopping $6.5 million fee award that Defendants are seeking in the Motion.   Mr. Bridges likewise has no personal knowledge or evidentiary support for his ongoing criticisms of Perfect 10's litigation practices.  Such criticisms constitute improper argument that has no place in a declaration.  Accordingly, this Court should strike such improper, speculative testimony under Rule 602 of the Federal Rules of Evidence.

Specific objections to the Bridges Declaration and the Bridges Reply Declaration are set forth in Section V, below.  In Sections II and III, below, Perfect 10 highlights particularly egregious examples of Mr. Bridges' improper "testimony."  Finally, in Section IV, below, Perfect 10 demonstrates that Mr. Bridges previously

Plaintiff Perfect 10 Inc.'s Objections to the Declarations of Andrew Bridges

made certain demonstrably false statements before this very Court. These false statements undermine Mr. Bridges' credibility in general and should cause this Court to give little weight to the assertions in his declarations.

## II.   MR. BRIDGES HAS NO PERSONAL KNOWLEDGE OF PERFECT 10'S FINANCIAL CONDITION OR ITS ABILITY TO PAY A $6.5 MILLION ATTORNEY'S FEE AWARD

A fact witness may not testify to a matter unless the witness has personal knowledge of the matter. Fed. R. Evid. 602. In Paragraphs 40-45 of the Bridges Reply Declaration, Mr. Bridges improperly "testifies" about Perfect 10's financial condition, suggesting that Perfect 10 could actually pay a $6.5 million award. Such an award would be 30 times the median award of $218,000 in the cases cited by Defendants in their memorandum of points and authorities in support of the Motion. *See* Locke Decl. ¶¶11-12, Exh. 1.

Mr. Bridges has not shown, and cannot show, any personal knowledge of Perfect 10's financial condition. In fact, as of January 22, 2015, **Perfect 10 had a mere $227,280.85 in its bank account,** with revenues of approximately $40,000 a year. Declaration of Dr. Norman Zada in Opposition to Defendants' Motion for Attorney's Fees (Dkt. 656-2) ("Zada Decl.") ¶3. Perfect 10 could not possibly pay the crushing award sought by Defendants in the Motion.

Mr. Bridges similarly has no evidentiary basis or personal knowledge to support his improper arguments that "Perfect 10 and [Dr.] Zada are alter egos," that Dr. Zada "commingled personal and corporate expenses," that Dr. Zada "had amassed vast millions of dollars from hedge fund activities [and] needed Perfect 10 to make losses," or that "Perfect 10 has been a constant vehicle for [Dr.] Zada's self-aggrandizement and self-indulgence." *See* Bridges Reply Decl. ¶¶43-44. Mr. Bridges' testimony lacks foundation and relies on unauthenticated, inadmissible hearsay: an article written by a third party in 2003 and the testimony of a former Perfect 10 employee who defrauded Dr. Zada out of a very substantial percentage of

his net worth, resulting in pending litigation.   Fed. R. Evid. 801, 901.  This Court should strike such irrelevant, inadmissible testimony.

## III.    THIS COURT SHOULD STRIKE MR. BRIDGES'S IMPROPER TESTIMONY REGARDING PERFECT 10'S ALLEGED CONDUCT IN OTHER CASES

In various portions of his declarations, including Paragraphs 3 and 8 of the Bridges Declaration and Paragraphs 2 and 27 of the Bridges Reply Declaration, Mr. Bridges continues Defendants' attempt to smear Perfect 10 by advancing improper arguments that lack any evidentiary basis or personal knowledge.  Mr. Bridges further fails to establish any relevance between the current action and the other lawsuits he discusses in his declarations.

No Court has ever found that Perfect 10 behaved improperly and no Court has ever sanctioned Perfect 10.  *See, e.g.,* Mausner Decl. (Dkt. 650-5) ¶¶13-14, 17, 21.  In fact, because of the precariousness of Perfect 10's financial situation, it has attempted to reduce litigation costs, not increase them.  For example, in this case, Perfect 10 voluntarily produced 300 gigabytes of relevant documents neatly organized by folder, along with a multi-colored production log, in an effort to minimize motion practice, before Defendants filed a single motion to compel.  Zada Decl. Dkt. 650-8, ¶¶10-14, Exh. 1.  Perfect 10 produced more than 30 times as many documents as did Defendants, all organized into folders, with a six-page colored production log.  *Id.* ¶¶13-14.

## IV.    MR. BRIDGES HAS PREVIOUSLY PROVIDED FALSE TESTIMONY TO THIS COURT

This Court should give little weight to Mr. Bridges' "testimony" and should ignore his improper argument.  As explained below, Mr. Bridges has made demonstrably false assertions to this Court in oral argument.  For this reason, this Court should not rely on Mr. Bridges' declarations.

## A.     Mr. Bridges Made Demonstrably False Statements to This Court During Oral Argument on December 29, 2014

One striking example of Mr. Bridges' false testimony occurred during oral argument on December 29, 2014 in connection with Perfect 10's Motion for Reconsideration (Dkt. 627).  During the course of that argument, Mr. Bridges stated as follows:

> And now Perfect 10, which **never ever** *discussed in its opening brief or in its reply brief on its motion* [*for indirect infringement*], **never** *discussed in opposition to Giganews's motion* [*for no indirect infringement*], now Perfect 10 comes up and says, "There are ten message-IDs somebody missed.  Gotcha… Number two, as I mentioned, *they* [*the ten legible emailed Message-IDs*] **were not discussed anywhere in the briefs**.  If so, we could have addressed them in the briefs."

Transcript of Hearing on December 29, 2014 ("Transcript"), at 19:17-20:2, attached as Exhibit 1 to the Supplemental Declaration of Lynell D. Davis, filed concurrently herewith (emphasis added).

Mr. Bridges' claim that the ten legible Message-IDs were not discussed by Perfect 10 is demonstrably false.  Perfect 10 mentioned these Message-IDs **at least five separate times in its memoranda in connection with the motions for partial summary judgment regarding indirect infringement**: (1) twice in Perfect 10's memorandum in support of its motion on indirect infringement [*see* Dkt. 504 at 1:15-18, 13:22-24]; (2) twice in Perfect 10's reply memorandum in support of its motion on indirect infringement [*see* Dkt. 606 at 3:18-22, 16:22-26]; and (3) once in Perfect 10's memorandum in opposition to Defendants' motion for no indirect infringement [*see* Dkt. 536 at 21:27-28].  Moreover, the ten legible Message-IDs were mentioned **13 times in Perfect 10's Response to Defendants' Statement of Undisputed Facts** [*see* Dkt. 537 at ¶¶23-26, 28-29, 33, 37-39, 44-45, and 101] and **12 times in Perfect 10's Reply Statement** [*see* Dkt. 616 at ¶¶124-127, 129-130, 134, 136, 139, 145, 146,

Plaintiff Perfect 10 Inc.'s Objections to the Declarations of Andrew Bridges

1  202].  Mr. Bridges' assertion quoted above simply is wrong.

2  **V.    SPECIFIC OBJECTIONS**

3  Set forth below are specific objections to the Bridges Declaration and the

4  Bridges Reply Declaration and Perfect 10's basis for these objections.

| PROFERRED EVIDENCE | PERFECT 10'S OBJECTION |
|---|---|
| 1.    Bridges Decl. ¶3. | These statements lack foundation, are speculative (FRE 602) and are improper opinion testimony by a lay person (FRE 701).<br><br>Further, the statements are irrelevant (FRE 401, 402), lack probative value and unfairly prejudice plaintiff (FRE 403).<br><br>Bridges has not established personal knowledge to testify regarding Perfect 10's litigation history and strategy, nor does he set forth any factual basis for his self-serving smear campaign. Bridges' assertions regarding Perfect 10's basis for bringing suit and litigation strategies are further speculative, argumentative, self-serving and highly inflammatory.<br><br>Bridges further lacks expertise or first-hand knowledge to opine broadly and make sweeping generalizations regarding Perfect 10's litigation efforts to protect its copyrights. |
| 2.    Bridges Decl. ¶7, 3:6-12, 3:21-4:7, 4:18-21 | These statements lack foundation, are speculative (FRE 602) and are improper opinion testimony by a lay person (FRE 701).  Bridges sets forth impermissible argument regarding Perfect 10's litigation efforts in this suit, and these statements lack foundation or personal knowledge. |
| 3.    Bridges Decl. ¶8, 4:24-26; 5:12-17 | These statements lack foundation, are speculative (FRE 602) and are improper opinion testimony by a lay person (FRE 701).<br><br>Further, the statements are irrelevant (FRE 401, 402), lack probative value and unfairly prejudice plaintiff |

Plaintiff Perfect 10 Inc.'s Objections to the Declarations of Andrew Bridges

| | PROFERRED EVIDENCE | PERFECT 10'S OBJECTION |
|---|---|---|
| | | (FRE 403). |
| | | Bridges has not established personal knowledge to testify regarding Perfect 10's litigation history and strategy, nor does he set forth any factual basis for his self-serving smear campaign.  Bridges' assertions regarding Perfect 10's basis for bringing suit and litigation strategies are further speculative, argumentative, self-serving and highly inflammatory. |
| | | Bridges further lacks expertise or first-hand knowledge to opine broadly and make sweeping generalizations regarding Perfect 10's litigation efforts to protect its copyrights. |
| 4. | Bridges Reply Decl. ¶2, 1:13-20. | These statements lack foundation, are speculative (FRE 602) and are improper opinion testimony by a lay person (FRE 701). |
| | | The statements are irrelevant (FRE 401, 402), lack probative value and unfairly prejudice plaintiff (FRE 403). |
| | | The statements further contain inadmissible hearsay (FRE 801, 802). |
| | | Bridges has not established personal knowledge to testify regarding Perfect 10's litigation history and strategy, nor does he set forth any factual basis for his self-serving smear campaign. Bridges' assertions regarding Perfect 10's basis for bringing suit and litigation strategies are further speculative, argumentative, self-serving and highly inflammatory. |
| | | Bridges has not established the relevance of any connection between the Google or Microsoft lawsuits and the current action. |
| | | Bridges further lacks expertise or first-hand knowledge to opine broadly and make sweeping generalizations regarding Perfect 10's litigation efforts to protect its copyrights. |

11 CV 7098 AB (SHx)

Plaintiff Perfect 10 Inc.'s Objections to the Declarations of Andrew Bridges

| | PROFERRED EVIDENCE | PERFECT 10'S OBJECTION |
|---|---|---|
| | | Bridges' statement regarding that Perfect 10 "revealed" litigation strategy to him lacks foundation, mischaracterizes evidence, and is inadmissible hearsay. |
| 5. | Bridges Reply Decl. ¶4. | These statements lack foundation, are speculative (FRE 602) and are improper opinion testimony by a lay person (FRE 701).<br><br>Bridges has not established personal knowledge regarding Defendants' business capabilities; these statements are speculative, hypothetical and argumentative. |
| 6. | Bridges Reply Decl. ¶¶8, 9, 11, 12-13; ¶15, 6:3-6; ¶17 | These statements lack foundation, are speculative (FRE 602) and are improper opinion testimony by a lay person (FRE 701).<br><br>The statements are further irrelevant (FRE 401, 402).<br><br>Bridges does not establish personal knowledge as to the actual amount of time that Dr. Zada, Melanie Poblete, or Sheena Chou spent on *tasks that attorneys would normally perform*.<br><br>Bridges further has not established the relevance of any connection between the Google lawsuit and the current action. |
| 7. | Bridges Reply Decl. ¶¶19-22 | These statements lack foundation, are speculative (FRE 602) and are improper opinion testimony by a lay person (FRE 701).<br><br>The statements are irrelevant (FRE 401, 402), lack probative value and unfairly prejudice plaintiff (FRE 403).<br><br>The statements further contain inadmissible hearsay (FRE 801, 802).<br><br>Fabrizio has never represented Perfect 10. The fact that Benink's communications with Fabrizio were not reflected in a privilege log is consistent with the parties' agreement that communications involving counsel post-complaint need not be logged. See Dkt. No. 137 at |

Plaintiff Perfect 10 Inc.'s Objections to the Declarations of Andrew Bridges

| PROFERRED EVIDENCE | PERFECT 10'S OBJECTION |
|---|---|
| | 11:25-26); Dkt. No. 307 at 24, n. 12. |
| | Mr. Mausner spent 27.1 hours on this case, all of it in 2011. *See* Supplemental Declaration of Jeffrey N. Mausner submitted herewith, ¶3. |
| | Perfect 10 apologizes to the Court for its oversight in failing to include those hours in its opposition to Defendants' Motion for Attorneys Fees and Expenses. |
| 8.  Bridges Reply Decl. ¶24. | These statements lack foundation, are speculative (FRE 602) and are improper opinion testimony by a lay person (FRE 701). |
| | The statements are further irrelevant (FRE 401, 402). |
| | Bridges has not established the relevance of any connection between the attorney's fees in connection with the Google lawsuit, which lasted for 8 years and involved multiple defendants (including Google, Google Canada, Amazon, A9, Alexa and Microsoft) and the current action. |
| | Bridges' further has not established any relevance between the time Perfect 10's attorney's spent on the Google action to the time defendants' counsel spent on the current action, and his conclusory, speculative arguments comparing time spent in each action lack foundation or personal knowledge. |
| | Mr. Bridges has no personal knowledge as to how many hours Perfect 10's attorneys worked each year specifically on matters relating to any particular defendant. |
| 9.  Bridges Reply Decl. ¶35, 23-24 | These statements lack foundation, are speculative (FRE 602) and are improper opinion testimony by a lay person (FRE 701). |
| 10. Bridges Reply Decl. ¶39 | These statements lack foundation, are speculative (FRE 602) and are improper opinion testimony by a lay person (FRE 701). |
| | Bridges sets forth conclusory, argumentative |

Plaintiff Perfect 10 Inc.'s Objections to the Declarations of Andrew Bridges

| PROFERRED EVIDENCE | PERFECT 10'S OBJECTION |
|---|---|
|  | statements, making grand generalizations regarding the work product Perfect 10's attorneys. |
| 11. Bridges Decl. ¶42, 16:4-5. | These statements lack foundation, are speculative (FRE 602) and are improper opinion testimony by a lay person (FRE 701). |
| 12. Bridges Decl. ¶43, 16:8-15. | These statements lack foundation, are speculative (FRE 602) and are improper opinion testimony by a lay person (FRE 701). |
| 13. Bridges Decl. ¶44; "Exhibit CC". | These statements lack foundation, are speculative (FRE 602) and are improper opinion testimony by a lay person (FRE 701). The statements are irrelevant (FRE 401, 402), lack probative value and unfairly prejudice plaintiff (FRE 403). The statements further contain inadmissible hearsay (FRE 801, 802). Bridges fails to establish any relevance to the testimony of Rebekah Chaney, and his statements regarding her testimony are inadmissible hearsay. |
| 14. Bridges Decl. ¶45; "Exhibit DD". | These statements lack foundation, are speculative (FRE 602) and are improper opinion testimony by a lay person (FRE 701). The statements are irrelevant (FRE 401, 402), lack probative value and unfairly prejudice plaintiff (FRE 403). The statements further are not properly authenticated (FRE 901) and contain inadmissible hearsay (FRE 801, 802). |

## VI.   CONCLUSION

For the foregoing reasons, Perfect 10 respectfully requests that the above identified portions of the Declaration of Andrew P. Bridges and the Reply

1   Declaration of Andrew P. Bridges in support of Defendants Motion for Attorney's

2   Fees and Expenses be stricken.

3   DATED: January 28, 2015                          Respectfully submitted,

4                                                    PERFECT 10, INC.

5                                                    By _____

6                                                    Lynell D. Davis
                                                     Attorney for Plaintiff Perfect 10, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28