Eric J. Benink, Esq., SBN 187434
eric@kkbs-law.com
KRAUSE KALFAYAN BENINK & SLAVENS, LLP
550 West C Street, Suite 530
San Diego, CA 92101
P 619.232.0331 | F 619.232.4019

Lynell D. Davis, Esq., SBN 271152
lynell@perfect10.com
Natalie Locke, Esq., SBN 261363
natalie@perfect10.com
PERFECT 10, INC.
11803 Norfield Court
Los Angeles, CA 90077
P 310.476.0794 | F 310.476.8138

Attorneys for Plaintiff and Counter-defendant Perfect 10, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>    Plaintiff,<br> v.<br>GIGANEWS, INC., a Texas corporation; LIVEWIRE SERVICES, INC., a Nevada corporation; and DOES 1 through 100, inclusive,<br>    Defendants.<br><br>GIGANEWS, INC., a Texas corporation; LIVEWIRE SERVICES, INC., a Nevada corporation; and DOES 1 through 100, inclusive,<br>    Counter-claimants,<br> v.<br>PERFECT 10, INC., a California corporation,<br>    Counter-defendant. | Case No.: 11 CV 07098 AB (SHx)<br>**_DISCOVERY MATTER_**<br>**_Before Hon. Stephen J. Hillman_**<br><br>**REQUEST OF PLAINTIFF PERFECT 10, INC. FOR CLARIFICATION OF COURT'S FURTHER INTERIM FINDINGS AND COURT'S JANUARY 29, 2015 RULING** |

Plaintiff Perfect 10, Inc. ("Perfect 10") respectfully requests clarification of two issues in connection with this Court's Further Interim Findings Re Defendants Giganews, Inc. And Livewire Services, Inc.'s Motion For Sanctions (Dkt. 356 and 388), filed in this action on February 4, 2015 (Dkt. 676) (the "Interim Findings") and one identical issue in connection with this Court's January 29, 2015 ruling regarding Defendants' satisfaction of the meet and confer requirements of Rule 37 (Dkt. 665) (the "Meet and Confer Ruling"):

1) The Court's Interim Findings include the following language: "Perfect 10 and its affiliated witnesses engaged in **substantial** discovery misconduct . . ." Interim Findings at 49:7-8 (emphasis added). When it included this language, the Court substituted the phrase "substantial discovery misconduct" for the phrase "willful discovery misconduct" used by Defendants in their [Proposed] Amended Order (Dkt. 654-1) (the "Proposed Order"). *Compare id. with* Proposed Order at 49:7-8. In addition, the Court deleted from the language of the Interim Findings two other references to the word "willfulness" and the phrase "willful actions" found on page 55 of the Proposed Order. *See* Proposed Order at 55:12-20.

One reference to "willfulness" found in the Proposed Order was left in the Court's Interim Findings, however. Page 1 states that "Perfect 10 and each of its affiliated witnesses **willfully** violated this Court's orders." Interim Findings at 1:23-24 (emphasis added). *Compare id. with* Proposed Order at 1:22-23 (same language).

Accordingly, Perfect 10 respectfully requests that this Court clarify its above language, and inform the parties as to whether the Court intended to use the word "willfully" at page 1, lines 23-24 of the Interim Findings, or whether the Court intended to change the word "willfully" to "substantially," as the Court did when it changed the word "willful" to "substantial" at page 49, lines 7-8 of the Interim Findings.

2) Perfect 10 further respectfully requests that this Court clarify whether: (a) the Interim Findings and/or the Meet and Confer Ruling constitutes an order under

1  Rule 72(a) of the Federal Rules of Civil Procedure and/or a ruling of a Magistrate
2  Judge under Local Rule 72-2.1 of the Local Rules, such that the time for Perfect 10 to
3  file any objections to, or motion for review of, either the Interim Findings or the Meet
4  and Confer Ruling began to run from the filing of these documents; or (b) it is the
5  Court's position that Perfect 10 need not file any objections to, or motion for review
6  of, either the Interim Findings or the Meet and Confer Ruling until this Court issues an
7  Order fully disposing of Defendants' Motion for Sanctions (Dkt. 356 and 388).  Perfect
8  10 requests clarification of this issue so it may know whether it needs to file separate
9  motions for review of the Interim Findings, the Meet and Confer Ruling, and the
10 Court's final order disposing of the Motion, or whether it may seek review of each
11 ruling as part of the final order disposing of the Motion, without waiving its objections
12 to the Interim Findings or the Meet and Confer Ruling.

Dated:  February 6, 2015          Respectfully submitted,

                                  PERFECT 10, INC.

                                  By: _____
                                      Lynell D. Davis
                                      Attorneys for Plaintiff Perfect 10, Inc.