ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JEDEDIAH WAKEFIELD (CSB. No. 178058)
jwakefield@fenwick.com
JOSEPH S. BELICHICK (CSB No. 229371)
jbelichick@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Defendant
GIGANEWS, INC.

RONALD P. SLATES, State Bar #43712
RONALD P. SLATES, P.C.
500 South Grand Ave., Suite 2010
Los Angeles, CA 90071
Telephone: (213) 624-1515

Attorneys for Defendant
LIVEWIRE SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GIGANEWS, INC., a Texas Corporation; et al.<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: 11-cv-07098-AB (JPRx)<br><br>[~~PROPOSED~~] ORDER GRANTING JUDGMENT CREDITOR GIGANEWS, INC.'S MOTION TO LEVY ON JUDGMENT DEBTOR'S INTELLECTUAL PROPERTY AND APPOINT A RECEIVER<br><br>~~Date:         February 27, 2017~~<br>~~Time:         10:00 a.m.~~<br>~~Courtroom:  No. 4, 2nd Fl. (Spring Street)~~<br>Judge:       Hon. André Birotte, Jr. |

[PROPOSED] ORDER GRANTING
GIGANEWS'S MOTION TO LEVY
AND TO APPOINT A RECEIVER

CASE NO. 11-cv-07098-AB (SHx)

The Court has considered defendant and judgment creditor Giganews, Inc.'s ("Giganews") motion to levy on the intellectual property of plaintiff and judgment debtor Perfect 10, Inc. ("Perfect 10"), and to appoint a receiver to carry out the levy. (Dkt. No. 802.) Giganews moves under Fed. R. Civ. Proc. 69(a), and Cal. Code Civ. Proc. §§ 695.010, 699.710, and 708.620., which together authorize the district court to enforce a judgment through a writ of execution, and to appoint a receiver to aid in executing the judgment. The Court finds good cause both to levy on Perfect 10's intellectual property and to appoint a receiver to carry that out, for all of the reasons Giganews stated in its motion. The Court considered all of the points Perfect10 made in its opposition and finds that they lack merit. The Court therefore **ORDERS** as follows:

1. The Court **GRANTS** Giganews's motion.

2. The Court **APPOINTS** David J. Pasternak as a receiver to carry out a levy on Perfect 10's property in accordance with the remainder of this Order. For the remainder of this order, the term "intellectual property" specifically includes but is not limited to domain names, copyrights and copyright interests; and trademarks, trademark interests, and associated goodwill; and related interests.

3. The receiver may seize and sell any and all intellectual property of Perfect 10 in order to satisfy this Court's judgment.

4. By virtue of the appointment of the receiver, the Court divests Perfect 10 of, and puts under the exclusive control of the receiver, any and all of the intangible property, including domain names; copyrights or copyright interests; and trademarks, trademark interests, and associated goodwill that Perfect 10 owns or possesses.

5. The receiver shall assume sole and immediate possession, custody and control of all of Perfect 10's property and sell that property subject to this Court's confirmation and approval in satisfaction of the Judgment.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6. The receiver shall have the authority to assign and transfer Perfect 10's property, as further specified below.

7. The proceeds of any sales shall be used to satisfy the Judgment, less the receivership's reasonable costs and fees;

8. Any bid for, and purchase of, Perfect 10's property by Giganews may be credited against the amounts that Perfect 10 owes Giganews pursuant to the Judgment. Giganews need not use its own money to bid for, and purchase, Perfect 10's property. Instead any successful bids and/or purchases may be credited against Perfect 10's judgment debt to Giganews.

9. The receiver may charge as interim fees his standard hourly billing rate, which is currently $575 per hour, plus reimbursement of costs for the receiver's services. The receiver is authorized to employ the services of Pasternak & Pasternak, A Law Corporation (in which the receiver and his wife are shareholders); SoCal IP Law Group, LLP; and accountants, computer consultants, and other professionals in connection with his duties administering the receivership estate and to pay for those services in the amount of the normal fees charged by those professionals.

10. The receiver shall:

    a. Take possession, custody and control of, and exclusively and in his sole discretion, operate, manage, control, exploit, and operate Perfect 10's property;

    b. Collect all royalties, rents, issues, profits, and income resulting from or generated by Perfect 10's property;

    c. Care for, preserve, operate and maintain Perfect 10's property;

    d. Use (at his discretion) any tax identification or Social Security numbers previously used in connection with Perfect 10's property;

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

   e. Enter into contracts as the receiver reasonably believes necessary for the preservation of Perfect 10's property;

   f. Institute and prosecute all suits as the receiver, upon obtaining permission of the Court, he may reasonably believe to be necessary in connection with Perfect 10's property, and may without further order of the Court defend all suits and actions as may be instituted concerning Perfect 10's property;

   g. Negotiate and make financial arrangements for any licenses or permits that the receiver reasonably believes to be appropriate in connection with Perfect 10's property;

   h. Issue subpoenas, conduct and participate in discovery, take depositions, pursue contempt actions, and otherwise pursue all remedies available by law to ensure compliance with the receiver's authority under this Order;

   i. Incur the expenses necessary for the care, preservation and maintenance of Perfect 10's property; and

   j. To the extent that there are funds available, pay such funds to Giganews in satisfaction of this Court's Judgment.

 11. Within sixty (60) days after the issuance of this Order, the receiver shall file an inventory of all of the assets of which he has taken possession pursuant to this Order;

 12. The receiver shall prepare and serve monthly statements reflecting the receiver's fees and administrative expenses, including fees and costs of the accountants and attorneys and other professionals authorized by the Court, incurred for each monthly period in the operation and administration of the receivership estate.  Upon service of each statement, the receiver may disburse from estate funds, if any, the amount of each statement.  Notwithstanding periodic payment of fees and expenses, all fees and expenses shall be submitted to the Court for its approval and confirmation, in the form of either a properly noticed interim request

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

for fees, a stipulation of all parties, or in the receiver's interim or final account and report;

13. The receiver may employ agents, employees, clerks, accountants, and property managers to administer the receivership estate, purchase materials, supplies and services, and pay for them at the ordinary and usual rates out of the funds which shall come into the receiver's possession and shall do all things and incur the risks and obligations ordinarily incurred by owners, managers, and operators of similar property. No such risk or obligation so incurred shall be the personal risk or obligation of the receiver, but shall be the risk and obligation of the receivership estate;

14. The receiver is empowered to establish bank accounts for the deposit of monies and funds collected and received in connection with the receivership estate, at federally insured banking institutions or savings associations which are not parties to this case. Monies coming into the possession of the receiver and not expended for any purposes authorized by this Order shall be held by the receiver in interest-bearing accounts;

15. The receiver may issue Receivership Certificates in increments of at least $10,000 bearing interest at eight percent (8%) per annum for up to $250,000 to any person or parties, in order to fund and carry out the receivership. All funds loaned to the receiver pursuant to such Receivership Certificate shall be deemed to be a lien of first priority which shall be repaid prior to all other encumbrances and claims, other than costs of administration.

16. The receiver and the parties to this case may at any time apply to this Court for further or other instructions or orders and for further powers necessary to enable the receiver to perform the receiver's duties properly;

17. All monies coming into the receiver's possession shall be expended only for the purposes herein authorized, unless otherwise ordered by Court;

18. The receiver shall determine upon taking possession of the property whether in the receiver's judgment there is sufficient insurance coverage. With respect to any insurance coverage, the receiver shall be named as the insured on the policies for the period that the receiver shall be in possession of the property. If sufficient insurance coverage does not exist, the Receiver shall immediately notify the parties to this lawsuit and shall have thirty (30) calendar days to procure sufficient insurance for the property; provided, however, that if the receiver does not have sufficient funds to do so, the receiver shall seek instructions from the Court with regard to whether insurance shall be obtained and how it is to be paid for. If consistent with existing law, the receiver shall not be responsible for claims arising from the lack of procurement or inability to obtain insurance;

19. Discharge of the receiver shall require a court order after a properly noticed motion approving the receiver's final report and account and exoneration of the receiver's bond;

20. The parties, and each of them, on receipt of this Order shall provide the receiver with all tax identification numbers utilized in connection with Perfect 10's property. The receiver shall also be entitled to utilize the tax identification numbers during his possession of Perfect 10's property. The Receiver shall not be responsible for filing any federal or state tax returns on behalf of Perfect 10.

21. The receiver is authorized to have all mail, other deliveries, and notices concerning Perfect 10's property forwarded to an address to be designated by him;

22. IT IS FURTHER ORDERED that Perfect 10 and its respective owners, officers, directors, agents, partners, property managers, employees, assignees, successors, attorneys, representatives, and all persons acting under, in concert with, or for them (specifically including Norman Zada, Melanie Poblete, Bruce Hersh, Gwendalyn Augustine, Jennifer Snow McCall, and Sean Chumura):

   a. Shall immediately relinquish and turn over possession of Perfect 10's intellectual property, including but not limited to all or their profits and proceeds (including any cash) to the receiver forthwith upon his appointment becoming effective;

   b. Shall immediately turn over to the receiver and direct all other third parties in possession thereof to turn over to the receiver all registrations, books, records, books of account, ledgers, operating statements, budgets, bills, contracts, choses in action, and all other business records relating to Perfect 10's intellectual property, wherever located, and in whatever mode maintained, including information contained on computers, and any and all software or databases relating thereto as well as all banking records, statements and cancelled checks;

   c. Shall immediately turn over to the receiver all documents that pertain to all registrations, licenses, permits, or government actions or approvals relating to Perfect 10's intellectual property and shall immediately advise the receiver of any social security or taxpayer identification numbers used in connection with Perfect 10's intellectual property;

   d. Shall immediately advise the receiver as to the nature and extent of insurance coverage for Perfect 10's intellectual property. Perfect 10 shall immediately name the receiver as an insured on the insurance policy(ies) for the period that the receiver shall be in possession of Perfect 10's intellectual property. Perfect 10 and its agents and representatives are prohibited from canceling, reducing or modifying any and all insurance coverage currently in existence with respect to Perfect 10's domain names, copyrights and/or trademarks and accompanying goodwill and shall fully assist receiver in transferring said insurance for the benefit of the receiver; and

[PROPOSED] ORDER GRANTING GIGANEWS'S MOTION TO LEVY AND TO APPOINT A RECEIVER   6   CASE NO. 11-cv-07098-AB (SHx)

  e. Shall cooperate with and fully assist the receiver with respect to his possession and attempts to sell Perfect 10's property or interests therein, including but not limited to promptly responding to any inquiry by the Receiver for information;

23. IT IS FURTHER ORDERED that, immediately and until such further Order of this Court, Perfect 10 and its agents, partners, property managers, employees, assignees, successors, attorneys, representatives, and all other persons acting in concert with them who have actual or constructive knowledge of this Order, and their agents and employees shall not:

  a. Commit or permit any waste on any of Perfect 10's property or any part thereof, of suffer or commit or permit any act on Perfect 10's property or any part thereof, or suffer or commit or permit any act on Perfect 10's property or any part thereof in violation of any law, or alienate, remove, transfer, encumber or otherwise dispose of any of Perfect 10's property or any part thereof;

  b. Directly or indirectly interfere in any manner with the discharge of the receiver's duties under this Order or the receiver's possession of and operation and attempts to sell Perfect 10's property;

  c. Expend, disburse, transfer, assign, sell, convey, devise, pledge, mortgage, create a security interest in, encumber, conceal or in any manner whatsoever deal in or dispose of the whole or any part of Perfect 10's property or any of its proceeds without prior specific Order of this Court;

  d. Withhold any of Perfect 10's property or books or records regarding Perfect 10's property, or funds generated from Perfect 10's property from the receiver; and

  e. Do any act which will, or which will tend to impair, defeat, divert, prevent or prejudice the preservation of Perfect 10's property, profits, or proceeds;

24. The parties shall serve the receiver with all papers in this action and shall give notice to the receiver about all proceedings;

25. The parties shall jointly and severally defend and indemnify and hold harmless the receiver and his employees against any claims or actions, including but not limited to any criminal proceedings, that result from his possession, operation, and attempts to sell Perfect 10's property or interests therein as this Court's receiver.

IT IS SO ORDERED:

DATED: February 24, 2017

_____
The Honorable André Birotte Jr.
United States District Judge
Central District of California