David J. Pasternak, CSBN 72201
Receiver
1875 Century Park East, Suite 2200
Los Angeles, California 90067-2523
Telephone:  310.553.1500
Facsimile:  310.553.1540
E-Mail:  djp@paslaw.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GIGANEWS, INC., a Texas Corporation, et al.,<br><br>　　　　Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No. 2-11-cv-07098-AB (JPRx)<br><br>Hon. Andre Birotte, Jr.<br><br>NOTICE OF HEARING OF MOTION AND RECEIVER'S MOTION FOR ISSUANCE OF ORDER APPROVING AND CONFIRMING SALE OF INTELLECTUAL PROPERTY; DECLARATION OF DAVID J. PASTERNAK; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>DATE:  MARCH 1, 2019<br>TIME:  10:00 A.M.<br>COURTROOM:  7B |

Pursuant to Local Rule 66-6.1 and 66-7(b), Receiver David J. Pasternak submits the following Motion For Issuance of Order approving and confirming the sale of the Receivership's intellectual property for hearing in Courtroom 7B at 350 West 1st Street, Los Angeles, CA 90012-4565 on Friday, March 1, 2019 at 10:00 a.m.

This Motion is made on the grounds that:

1.    On February 24, 2017, David J. Pasternak was

PASTERNAK & PASTERNAK

{00209592.DOCX 66390.0001 }　　　　　　　1　　　　　2-11-cv-07098-AB (JPRx)
NOTICE OF HEARING OF MOTION AND RECEIVER'S MOTION FOR ISSUANCE OF ORDER APPROVING AND CONFIRMING SALE OF INTELLECTUAL PROPERTY; ETC.

1  appointed as Receiver in this matter to take sole and

2  immediate custody, possession and control of all of the

3  intellectual property of Perfect 10, Inc. ("Perfect

4  10"), including but not limited to its domain names,

5  copyrights, copyright interests, trademarks, trademark

6  interests, and associated goodwill, and related

7  interests ("the Property");

8     2.   The Receiver was directed by this Court to sell

9  the Property in order to satisfy this Court's Judgment;

10    3.   After marketing the Property, the Receiver has

11  negotiated a proposed contract for the sale of the

12  Property to Defendant Giganews, Inc.; and

13    4.   The proposed sale contract represents the fair

14  market value of the Property and accomplishes the

15  purposes for which the Receiver was appointed.

16    This Motion is based on this Notice of Motion and

17  Motion, the attached Declaration of David J. Pasternak

18  and all attached exhibits, the attached Memorandum of

19  Points and Authorities, all pleadings and other

20  documents in the Court's file for this matter, and all

21  other oral and written evidence received by the Court in

22  connection with the hearing of the Receiver's Motion.

23

24  DATED:   January 29, 2019

25  _____

26  David J. Pasternak
    Receiver

27

28

PASTERNAK
& PASTERNAK

{00209592.DOCX 66390.0001 }                    2                    2-11-cv-07098-AB (JPRx)
NOTICE OF HEARING OF MOTION AND RECEIVER'S MOTION FOR ISSUANCE OF ORDER
APPROVING AND CONFIRMING SALE OF INTELLECTUAL PROPERTY; ETC.

# DECLARATION
## OF
# DAVID J. PASTERNAK

## DECLARATION OF DAVID J. PASTERNAK

I, David J. Pasternak, declare as follows:

1.   I have personal knowledge of the facts set forth herein, and if called upon as a witness to testify thereto, I could and would competently and truthfully do so.

2.   On February 24, 2017, this Court issued an Order Granting Judgment Creditor Giganews, Inc.'s Motion To Levy On Judgment Debtor's Intellectual Property And Appoint A Receiver (the "Receivership Order"), a true and correct copy of which is attached as **Exhibit 1**, appointing me as Receiver to take sole and immediate custody, possession and control of all of the intellectual property of Perfect 10, Inc. ("Perfect 10"), including but not limited to its domain names, copyrights, copyright interests, trademarks, trademark interests, and associated goodwill, and related interests ("the Property").  The Property pertains to thousands of adult images of nude and semi-nude women.

3.   I began serving as this Court's Receiver immediately after learning about the issuance of the Receivership Order, and shortly thereafter, pursuant to this Court's authorization, I retained SoCal IP Law Group LLP ("SoCal") as my intellectual property attorneys pursuant to a Legal Services Agreement previously filed with this Court.

4.   With SoCal's assistance and the cooperation of Perfect 10 and its principal, Norman Zada, I believe

that I have taken custody, possession and control of all
of the Property.  SoCal has coordinated the filing of
all necessary notices and registrations in order to
transfer the Property to me as this Court's Receiver,
and the filing of all updates necessary to keep the
registrations current.

5.   On April 4, 2017, I filed and served a summary
Inventory identifying the property and documents in my
possession.  As previously reported, my office has
prepared a detailed listing of the Property which is
hundreds of pages long, and consequently has not been
filed with this Court because of its volume.

6.   Also as previously reported, I have a self-
storage unit for most of the Property, but also have
entered into an Agreement with PacificTitle Archives, a
copy of which has previously been filed with this Court,
for the storage of film stock which requires special
handling and maintenance.

7.   During 2017, I attempted to find someone
interested in purchasing the Property.  There obviously
is a very limited market for the Property, and
traditional advertising and sales promotions efforts are
not practical methods of selling such Property.  Among
other things, I communicated with Norman Zada and
various attorneys representing companies engaged in
similar adult image businesses.  I was unable to locate
anyone who would make any purchase offer except Mr. Zada
and Defendant Giganews, Inc. ("Giganews").  Among other

1  problems, I was informed that the Property does not
2  include required signed forms from all of the
3  photographed individuals attesting that they were in
4  fact adults when the photographs were taken.   In
5  addition, Mr. Zada has informed me that Perfect 10
6  allegedly had unspecified oral agreements with some of
7  those individuals that it would not take advantage of
8  their broad assignments of rights to harm those
9  individuals in any way, such as using their name or
10  likeness to promote escort services, masturbation
11  devices, or adult movies with explicit sex scenes.   I
12  also was informed that some of the images are "dated".
13        8.   After communicating with potential purchasers
14  of the Property, I negotiated with Giganews and Mr. Zada
15  for the sale of all of the Property.   After Giganews
16  made the highest purchase offer, I negotiated the terms
17  of the sale contract with Giganews' counsel.   Those
18  negotiations concluded in late 2018 in a Bill of Sale
19  And Assignment of Receivership Property ("Sale
20  Contract"), a true and correct copy of which signed by
21  Giganews is attached as **Exhibit 2**.   The referenced
22  Exhibits to the Sale Contract are omitted because of the
23  volume of that material (they total hundreds of pages).
24  However, I am electronically providing a copy of those
25  Exhibits to Mr. Zada at the same time as the filing of
26  this Motion, and will similarly electronically provide
27  copies of those materials to anyone who requests them
28  from me.   The Sale Contract generally provides:

1     ·     The purchase price is $500,000, which includes
2            $25,000 cash, $150,000 for the value of the
3            loans that Giganews has made to date for the
4            operation of this Receivership, and a credit of
5            an additional $325,000 against Giganews'
6            judgment against Perfect 10;
7     ·     The sale is without any representations or
8            warranties;
9     ·     The sale is subject to the issuance of an Order
10            by this Court approving and confirming the
11            sale;
12     ·     The sale is subject to potential overbidding,
13            with a minimum overbid of $550,000; and
14     ·     The buyer is to take possession of all tangible
15            Receivership property within 14 and 30 days
16            after the Court approves and confirms the sale
17            (payment of the full purchase price is required
18            before possession of the Property is
19            transferred to the buyer).
20     9.    Through its loans to this Receivership,
21 Giganews has effectively made a $150,000 purchase
22 deposit.  Giganews also has advanced the required
23 $25,000 cash payment to me.  Consequently, I suggest
24 that any over bidder be required to give me the same
25 total $175,000 amount as a purchase deposit in the form
26 of a cashiers or certified check before being permitted
27 to overbid, and that the deposit is forfeited if a
28 successful over bidder fails to close the transaction

PASTERNAK
& PASTERNAK

{00209592.DOCX 66390.0001 }        6        2-11-cv-07098-AB (JPRx)

NOTICE OF HEARING OF MOTION AND RECEIVER'S MOTION FOR ISSUANCE OF ORDER
APPROVING AND CONFIRMING SALE OF INTELLECTUAL PROPERTY; ETC.

1  timely.  I also suggest that if there is an overbid, any
2  subsequent overbids must increase the purchase price by
3  at least another $50,000.  If there is an over bidder, I
4  will give any other buyers the opportunity to remain in
5  a back up position in the event that the high bidder
6  fails to close the transaction timely.
7      10.  I believe that this sale represents the fair
8  market value of the Property, and is in the best
9  interests of this Receivership Estate.
10
11     I declare under penalty of perjury under the laws of
12  the United States of America that the foregoing is true
13  and correct and that this Declaration was executed on
14  January 29, 2019, at Los Angeles, California.
15
16  _____
17                    David J. Pasternak
18
19
20
21
22
23
24
25
26
27
28

PASTERNAK
& PASTERNAK

{00209592.DOCX 66390.0001 }                    7                2-11-cv-07098-AB (JPRx)
NOTICE OF HEARING OF MOTION AND RECEIVER'S MOTION FOR ISSUANCE OF ORDER
APPROVING AND CONFIRMING SALE OF INTELLECTUAL PROPERTY; ETC.

# MEMORANDUM
# OF
# POINTS & AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

"The power of a district court to impose a receivership or grant other forms of ancillary relief ... derives from the inherent power of a court of equity to fashion effective relief." *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir.1980). "[A] primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir.1986). To that end, "[a] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *SEC v. Capital Consultants, LLC,* 397 F.3d 733, 738 (9th Cir.2005) (internal quotation marks and citation omitted). "The basis for this broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions." *Hardy*, 803 F.2d at 1037.

28 U.S.C. §2004 specifies that "[a]ny personalty sold under any order or decree of any court of the United States shall be sold in accordance with section 2001 of this title, unless the court orders otherwise." 28 U.S.C. §2001 lays out a sale procedure that includes appraisal and advertising in a public newspaper. However, where appropriate, a court may waive these requirements. *Tanzer v. Huffines*, C.A.3 (Del.) 1969,

NOTICE OF HEARING OF MOTION AND RECEIVER'S MOTION FOR ISSUANCE OF ORDER
APPROVING AND CONFIRMING SALE OF INTELLECTUAL PROPERTY; ETC.

PASTERNAK
& PASTERNAK

1   412 F.2d 221, certiorari denied 90 S.Ct. 154, 396 U.S.
2   877, 24 L.Ed.2d 135.  Here, where the Property to be
3   sold is extremely specialized, has an extremely limited
4   market and potential problems, and advertising is
5   expensive in Los Angeles metropolitan newspapers, it is
6   both appropriate and proper for this Court to waive
7   those general sale requirements.

8       Accordingly, the Receiver respectfully requests that
9   the Court approve and confirm the proposed sale of the
10  Property, subject to possible overbidding at the sale
11  hearing.

12

13  DATED:   January 29, 2019

                                    David J. Pasternak
                                    Receiver

PASTERNAK
& PASTERNAK

{00209592.DOCX 66390.0001 }                    9                    2-11-cv-07098-AB (JPRx)

NOTICE OF HEARING OF MOTION AND RECEIVER'S MOTION FOR ISSUANCE OF ORDER
APPROVING AND CONFIRMING SALE OF INTELLECTUAL PROPERTY; ETC.

*Exhibit 1*

ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JEDEDIAH WAKEFIELD (CSB. No. 178058)
jwakefield@fenwick.com
JOSEPH S. BELICHICK (CSB No. 229371)
jbelichick@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350

Attorneys for Defendant
GIGANEWS, INC.

RONALD P. SLATES, State Bar #43712
RONALD P. SLATES, P.C.
500 South Grand Ave., Suite 2010
Los Angeles, CA 90071
Telephone:  (213) 624-1515

Attorneys for Defendant
LIVEWIRE SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GIGANEWS, INC., a Texas Corporation; et al.<br><br>Defendants.<br><br>―――――――――――――――<br><br>AND RELATED CROSS-ACTIONS | Case No.: 11-cv-07098-AB (JPRx)<br><br>**[~~PROPOSED~~] ORDER GRANTING JUDGMENT CREDITOR GIGANEWS, INC.'S MOTION TO LEVY ON JUDGMENT DEBTOR'S INTELLECTUAL PROPERTY AND APPOINT A RECEIVER**<br><br>~~Date:       February 27, 2017~~<br>~~Time:       10:00 a.m.~~<br>~~Courtroom:  No. 4, 2nd Fl. (Spring Street)~~<br>Judge:      Hon. André Birotte, Jr. |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER GRANTING
GIGANEWS'S MOTION TO LEVY
AND TO APPOINT A RECEIVER

CASE NO. 11-cv-07098-AB (SHx)

Exhibit ___1___ Page _10_

1    The Court has considered defendant and judgment creditor Giganews, Inc.'s

2    ("Giganews") motion to levy on the intellectual property of plaintiff and judgment

3    debtor Perfect 10, Inc. ("Perfect 10"), and to appoint a receiver to carry out the

4    levy.  (Dkt. No. 802.)   Giganews moves under Fed. R. Civ. Proc. 69(a), and Cal.

5    Code Civ. Proc. §§ 695.010, 699.710, and 708.620., which together authorize the

6    district court to enforce a judgment through a writ of execution, and to appoint a

7    receiver to aid in executing the judgment.  The Court finds good cause both to levy

8    on Perfect 10's intellectual property and to appoint a receiver to carry that out, for

9    all of the reasons Giganews stated in its motion.  The Court considered all of the

10   points Perfect10 made in its opposition and finds that they lack merit.  The Court

11   therefore **ORDERS** as follows:

12        1.    The Court **GRANTS** Giganews's motion.

13        2.    The Court **APPOINTS** David J. Pasternak as a receiver to carry out a

14   levy on Perfect 10's property in accordance with the remainder of this Order.  For

15   the remainder of this order, the term "intellectual property" specifically includes but

16   is not limited to domain names, copyrights and copyright interests; and trademarks,

17   trademark interests, and associated goodwill; and related interests.

18        3.    The receiver may seize and sell any and all intellectual property of

19   Perfect 10 in order to satisfy this Court's judgment.

20        4.    By virtue of the appointment of the receiver, the Court divests Perfect

21   10 of, and puts under the exclusive control of the receiver, any and all of the

22   intangible property, including domain names; copyrights or copyright interests; and

23   trademarks, trademark interests, and associated goodwill that Perfect 10 owns or

24   possesses.

25        5.    The receiver shall assume sole and immediate possession, custody and

26   control of all of Perfect 10's property and sell that property subject to this Court's

27   confirmation and approval in satisfaction of the Judgment.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER GRANTING
GIGANEWS'S MOTION TO LEVY                    1                    CASE NO. 11-cv-07098-AB (SHx)
AND TO APPOINT A RECEIVER

Exhibit ___/___ Page //

6. The receiver shall have the authority to assign and transfer Perfect 10's property, as further specified below.

7. The proceeds of any sales shall be used to satisfy the Judgment, less the receivership's reasonable costs and fees;

8. Any bid for, and purchase of, Perfect 10's property by Giganews may be credited against the amounts that Perfect 10 owes Giganews pursuant to the Judgment. Giganews need not use its own money to bid for, and purchase, Perfect 10's property. Instead any successful bids and/or purchases may be credited against Perfect 10's judgment debt to Giganews.

9. The receiver may charge as interim fees his standard hourly billing rate, which is currently $575 per hour, plus reimbursement of costs for the receiver's services. The receiver is authorized to employ the services of Pasternak & Pasternak, A Law Corporation (in which the receiver and his wife are shareholders); SoCal IP Law Group, LLP; and accountants, computer consultants, and other professionals in connection with his duties administering the receivership estate and to pay for those services in the amount of the normal fees charged by those professionals.

10. The receiver shall:

a. Take possession, custody and control of, and exclusively and in his sole discretion, operate, manage, control, exploit, and operate Perfect 10's property;

b. Collect all royalties, rents, issues, profits, and income resulting from or generated by Perfect 10's property;

c. Care for, preserve, operate and maintain Perfect 10's property;

d. Use (at his discretion) any tax identification or Social Security numbers previously used in connection with Perfect 10's property;

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1         e.     Enter into contracts as the receiver reasonably believes

2 necessary for the preservation of Perfect 10's property;

3         f.     Institute and prosecute all suits as the receiver, upon obtaining

4 permission of the Court, he may reasonably believe to be necessary in connection

5 with Perfect 10's property, and may without further order of the Court defend all

6 suits and actions as may be instituted concerning Perfect 10's property;

7         g.     Negotiate and make financial arrangements for any licenses or

8 permits that the receiver reasonably believes to be appropriate in connection with

9 Perfect 10's property;

10         h.     Issue subpoenas, conduct and participate in discovery, take

11 depositions, pursue contempt actions, and otherwise pursue all remedies available

12 by law to ensure compliance with the receiver's authority under this Order;

13         i.     Incur the expenses necessary for the care, preservation and

14 maintenance of Perfect 10's property; and

15         j.     To the extent that there are funds available, pay such funds to

16 Giganews in satisfaction of this Court's Judgment.

17     11.    Within sixty (60) days after the issuance of this Order, the receiver

18 shall file an inventory of all of the assets of which he has taken possession pursuant

19 to this Order;

20     12.    The receiver shall prepare and serve monthly statements reflecting the

21 receiver's fees and administrative expenses, including fees and costs of the

22 accountants and attorneys and other professionals authorized by the Court, incurred

23 for each monthly period in the operation and administration of the receivership

24 estate.  Upon service of each statement, the receiver may disburse from estate

25 funds, if any, the amount of each statement.  Notwithstanding periodic payment of

26 fees and expenses, all fees and expenses shall be submitted to the Court for its

27 approval and confirmation, in the form of either a properly noticed interim request

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case 2:11-cv-07098-AB-JPR   Document 860   Filed 01/31/19   Page 17 of 28   Page ID
#:41456
Case 2:11-cv-07098-AB-JPR   Document 809   Filed 02/24/17   Page 5 of 9   Page ID #:40876

1   for fees, a stipulation of all parties, or in the receiver's interim or final account and

2   report;

3         13.    The receiver may employ agents, employees, clerks, accountants, and

4   property managers to administer the receivership estate, purchase materials,

5   supplies and services, and pay for them at the ordinary and usual rates out of the

6   funds which shall come into the receiver's possession and shall do all things and

7   incur the risks and obligations ordinarily incurred by owners, managers, and

8   operators of similar property. No such risk or obligation so incurred shall be the

9   personal risk or obligation of the receiver, but shall be the risk and obligation of the

10  receivership estate;

11        14.    The receiver is empowered to establish bank accounts for the deposit

12  of monies and funds collected and received in connection with the receivership

13  estate, at federally insured banking institutions or savings associations which are

14  not parties to this case. Monies coming into the possession of the receiver and not

15  expended for any purposes authorized by this Order shall be held by the receiver in

16  interest-bearing accounts;

17        15.    The receiver may issue Receivership Certificates in increments of at

18  least $10,000 bearing interest at eight percent (8%) per annum for up to $250,000 to

19  any person or parties, in order to fund and carry out the receivership. All funds

20  loaned to the receiver pursuant to such Receivership Certificate shall be deemed to

21  be a lien of first priority which shall be repaid prior to all other encumbrances and

22  claims, other than costs of administration.

23        16.    The receiver and the parties to this case may at any time apply to this

24  Court for further or other instructions or orders and for further powers necessary to

25  enable the receiver to perform the receiver's duties properly;

26        17.    All monies coming into the receiver's possession shall be expended

27  only for the purposes herein authorized, unless otherwise ordered by Court;

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER GRANTING
GIGANEWS'S MOTION TO LEVY
AND TO APPOINT A RECEIVER

4

CASE NO. 11-cv-07098-AB (SHx)

Exhibit ___1___ Page ___14___

Case 2:11-cv-07098-AB-JPR   Document 860   Filed 01/31/19   Page 18 of 28   Page ID
#:41457
Case 2:11-cv-07098-AB-JPR   Document 809   Filed 02/24/17   Page 6 of 9   Page ID #:40877

1        18.    The receiver shall determine upon taking possession of the property

2    whether in the receiver's judgment there is sufficient insurance coverage. With

3    respect to any insurance coverage, the receiver shall be named as the insured on the

4    policies for the period that the receiver shall be in possession of the property. If

5    sufficient insurance coverage does not exist, the Receiver shall immediately notify

6    the parties to this lawsuit and shall have thirty (30) calendar days to procure

7    sufficient insurance for the property; provided, however, that if the receiver does

8    not have sufficient funds to do so, the receiver shall seek instructions from the

9    Court with regard to whether insurance shall be obtained and how it is to be paid

10   for. If consistent with existing law, the receiver shall not be responsible for claims

11   arising from the lack of procurement or inability to obtain insurance;

12       19.    Discharge of the receiver shall require a court order after a properly

13   noticed motion approving the receiver's final report and account and exoneration of

14   the receiver's bond;

15       20.    The parties, and each of them, on receipt of this Order shall provide

16   the receiver with all tax identification numbers utilized in connection with Perfect

17   10's property. The receiver shall also be entitled to utilize the tax identification

18   numbers during his possession of Perfect 10's property. The Receiver shall not be

19   responsible for filing any federal or state tax returns on behalf of Perfect 10.

20       21.    The receiver is authorized to have all mail, other deliveries, and

21   notices concerning Perfect 10's property forwarded to an address to be designated

22   by him;

23       22.    IT IS FURTHER ORDERED that Perfect 10 and its respective owners,

24   officers, directors, agents, partners, property managers, employees, assignees,

25   successors, attorneys, representatives, and all persons acting under, in concert with,

26   or for them (specifically including Norman Zada, Melanie Poblete, Bruce Hersh,

27   Gwendalyn Augustine, Jennifer Snow McCall, and Sean Chumura):

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER GRANTING            5            CASE NO. 11-cv-07098-AB (SHx)
GIGANEWS'S MOTION TO LEVY
AND TO APPOINT A RECEIVER

Exhibit _1_ Page _15_

Case 2:11-cv-07098-AB-JPR   Document 860   Filed 01/31/19   Page 19 of 28   Page ID
#:41458
Case 2:11-cv-07098-AB-JPR   Document 809   Filed 02/24/17   Page 7 of 9   Page ID #:40878

1          a.     Shall immediately relinquish and turn over possession of Perfect

2    10's intellectual property, including but not limited to all or their profits and

3    proceeds (including any cash) to the receiver forthwith upon his appointment

4    becoming effective;

5          b.     Shall immediately turn over to the receiver and direct all other

6    third parties in possession thereof to turn over to the receiver all registrations,

7    books, records, books of account, ledgers, operating statements, budgets, bills,

8    contracts, choses in action, and all other business records relating to Perfect 10's

9    intellectual property, wherever located, and in whatever mode maintained,

10   including information contained on computers, and any and all software or

11   databases relating thereto as well as all banking records, statements and cancelled

12   checks;

13         c.     Shall immediately turn over to the receiver all documents that

14   pertain to all registrations, licenses, permits, or government actions or approvals

15   relating to Perfect 10's intellectual property and shall immediately advise the

16   receiver of any social security or taxpayer identification numbers used in

17   connection with Perfect 10's intellectual property;

18         d.     Shall immediately advise the receiver as to the nature and extent

19   of insurance coverage for Perfect 10's intellectual property.  Perfect 10 shall

20   immediately name the receiver as an insured on the insurance policy(ies) for the

21   period that the receiver shall be in possession of Perfect 10's intellectual property.

22   Perfect 10 and its agents and representatives are prohibited from canceling,

23   reducing or modifying any and all insurance coverage currently in existence with

24   respect to Perfect 10's domain names, copyrights and/or trademarks and

25   accompanying goodwill and shall fully assist receiver in transferring said insurance

26   for the benefit of the receiver; and

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER GRANTING
GIGANEWS'S MOTION TO LEVY
AND TO APPOINT A RECEIVER                    6                    CASE NO. 11-cv-07098-AB (SHx)

Exhibit  1  Page  16

e.      Shall cooperate with and fully assist the receiver with respect to his possession and attempts to sell Perfect 10's property or interests therein, including but not limited to promptly responding to any inquiry by the Receiver for information;

23.     IT IS FURTHER ORDERED that, immediately and until such further Order of this Court, Perfect 10 and its agents, partners, property managers, employees, assignees, successors, attorneys, representatives, and all other persons acting in concert with them who have actual or constructive knowledge of this Order, and their agents and employees shall not:

a.      Commit or permit any waste on any of Perfect 10's property or any part thereof, of suffer or commit or permit any act on Perfect 10's property or any part thereof, or suffer or commit or permit any act on Perfect 10's property or any part thereof in violation of any law, or alienate, remove, transfer, encumber or otherwise dispose of any of Perfect 10's property or any part thereof;

b.      Directly or indirectly interfere in any manner with the discharge of the receiver's duties under this Order or the receiver's possession of and operation and attempts to sell Perfect 10's property;

c.      Expend, disburse, transfer, assign, sell, convey, devise, pledge, mortgage, create a security interest in, encumber, conceal or in any manner whatsoever deal in or dispose of the whole or any part of Perfect 10's property or any of its proceeds without prior specific Order of this Court;

d.      Withhold any of Perfect 10's property or books or records regarding Perfect 10's property, or funds generated from Perfect 10's property from the receiver; and

e.      Do any act which will, or which will tend to impair, defeat, divert, prevent or prejudice the preservation of Perfect 10's property, profits, or proceeds;

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER GRANTING
GIGANEWS'S MOTION TO LEVY
AND TO APPOINT A RECEIVER

7

CASE NO. 11-cv-07098-AB (SHx)

Exhibit ___I___ Page 17

1    24.    The parties shall serve the receiver with all papers in this action and
2 shall give notice to the receiver about all proceedings;

3    25.    The parties shall jointly and severally defend and indemnify and hold
4 harmless the receiver and his employees against any claims or actions, including
5 but not limited to any criminal proceedings, that result from his possession,
6 operation, and attempts to sell Perfect 10's property or interests therein as this
7 Court's receiver.

8 IT IS SO ORDERED:

9

10 DATED: February 24, 2017                    _____
11                                              The Honorable André Birotte Jr.
12                                              United States District Judge
                                                Central District of California
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Exhibit ___1___ Page _18_

*Exhibit 2*

## BILL OF SALE AND ASSIGNMENT OF RECEIVERSHIP PROPERTY

The parties to this agreement are David J. Pasternak in his capacity as Receiver in *Perfect 10, Inc. v. Giganews, Inc., et al.,* case no. 11-cv-07098-AB (JPx), in the United States District Court for the Central District of California pursuant to the Order granting Judgement Creditor Giganews, Inc.'s motion to levy on the judgment debtors' intellectual property and to appoint a receiver (the "**Receiver**") and Giganews, Inc., a Texas Corporation ("**Giganews**").

For the sum of Five Hundred Thousand Dollars ($500,000.00) consisting of (a) $25,000 in cash, (b) the value of the loans that Giganews made to the Receiver for purposes of the Receivership in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) and (c) a credit against the judgment in *Perfect 10, Inc. v. Giganews* in the amount of Three Hundred Fifty Thousand Dollars ($325,000.00), the receipt of which the Receiver hereby acknowledges, the Receiver does hereby sell, assign, transfer, grant, convey, and deliver to Giganews without any representations or warranties all right, title, and interest in and to all the property (including but not limited to tangible property and intellectual property and other intangible rights) that the Receiver at any time acquired, levied upon, seized, received, took possession of, or controlled in connection with *Perfect 10, Inc. v. Giganews, Inc., et al.,* case no. 11-cv-07098-AB (JPx), in the United States District Court for the Central District of California (the "**Receivership Property**").

The Receivership Property specifically includes the following:

1. All domain names and contracts for domain names, including registrations in any jurisdiction, now or previously owned or possessed by Perfect 10, Inc., including those on Exhibit A to this Agreement;

2. All copyrights and copyright interests, including registrations in any jurisdiction, now or previously owned or possessed by Perfect 10, including those copyrights, on Exhibit B to this Agreement;

3. All trademarks, trademark interests, associated goodwill, and trademark registrations in any jurisdiction, now or previously owned or possessed by Perfect 10, including those on Exhibit C to this Agreement;

4. All publicity rights now or previously owned or possessed by Perfect 10, including publicity rights relating to those persons identified by their natural or stage/fictitious names in Exhibit D to this Agreement;

5. All websites and associated scripts, files, and databases;

6. All royalties, rents, issues, profits, income, damages and settlements resulting from or generated by the Receivership Property and any lawsuits or other legal actions pertaining thereto, including but not limited to the Receivership Property identified above, after the date of transfer of the Receivership Property hereunder;

7. All contracts the Receiver entered into for the preservation of the Receivership Property;

8. All suits the Receiver instituted or prosecuted concerning the Receivership Property;

9. All licenses or permits in connection with the Receivership Property;

10. All insurance policies in connection with the Receivership Property;

11. All registrations, books, records, books of account, ledgers, operating statements, budgets, bills, contracts, choses in action, and all other business records relating to the Receivership Property, wherever located, and in whatever mode maintained, including information contained on computers, and any and all software or databases relating thereto as well as all banking records, statements and cancelled checks of Perfect 10;

12. All documents that pertain to all registrations, licenses, permits, or government actions or approvals relating to the Receivership Property;

13. All other documents, records, and tangible things constituting, embodying or evidencing the Receivership Property, including but not limited to items identified in the Receiver's inventory in Exhibit E to this Agreement;

14. All records of the Receivership necessary to perfect, document, or evidence the transfer of the Receivership Property to Giganews or the chain of title of the Receivership Property to the Receiver;

15. All funds and other assets in the Receivership after payment of court-approved expenses of the Receiver.

The Receiver agrees and promises to make all tangible Receivership Property available to Giganews or its representative between 14 and 30 days after the effective date of this agreement.

Giganews shall not, by virtue of this Bill of Sale and Assignment of Receivership Property or otherwise, assume any obligations, liabilities or debts of Perfect 10, whether arising out of or related to the Receivership Property.

The Receiver agrees and promises to execute any further documents as Giganews, its representative, or any successor reasonably requests to effectuate, perfect or record the transfers in any jurisdiction.

The execution and delivery of this Bill of Sale and Assignment of Receivership Property shall not be deemed to confer any rights upon any person or entity other than the parties hereto, or make any person or entity a third party beneficiary of this Bill of Sale and Assignment of Receivership, or to obligate the parties to any person or entity other than the parties hereto.

This agreement is effective upon the issuance of an Order by the Court approving and confirming this agreement, subject to overbidding at the hearing with a minimum overbid of $550,000.

Exhibit _2_ Page_20_

Executed by:

FOR THE RECEIVER:

_____

David J. Pasternak, Receiver

FOR GIGANEWS, INC.

Sunday Yokubaitis, General Counsel

Exhibit _2_ Page _21_

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, Suite 2200, Los Angeles, CA 90067-2523.

On January 31, 2019, I served true copies of the following document(s) described as

`(1) [PROPOSED] ORDER APPROVING AND CONFIRMING SALE OF INTELLECTUAL PROPERTY;`

`(2) [ALTERNATIVE PROPOSED] ORDER APPROVING AND CONFIRMING SALE OF INTELLECTUAL PROPERTY`

`(3)NOTICE OF HEARING OF MOTION AND RECEIVER'S MOTION FOR ISSUANCE OF ORDER APPROVING AND CONFIRMING SALE OF INTELLECTUAL PROPERTY; DECLARATION OF DAVID J. PASTERNAK; MEMORANDUM OF POINTS AND AUTHORITIES` on the interested parties in this action as follows:
*See Attached Service List*

➔ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the service list. The envelope or package was mailed with postage thereon fully prepaid. I am "readily familiar" this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

➔ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address @paslaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

➔ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 31, 2019, at Los Angeles, California.

C. German

PASTERNAK
& PASTERNAK

{00173384.DOCX 66390.0001 }

**United States District Court for the Central District Of California**
**(Western Division - Los Angeles)**
**Civil Docket For Case No.: 2:11-cv-07098-AB-(JPRx)**

*Service List*

Lynell D. Davis, Esq.                              *Counsel for Debtor, Norman Zada*
Perfect 10, Inc.
11803 Norfield Court
Los Angeles, CA 90077
Telephone: 310.476.0700
Facsimile: 310.476.8138
E-Mail: lynellDDavisesq@gmail.com\

Eric J. Benink, Esq.                               *Counsel for Perfect 10, Inc.*
Krause Kalfayan Benink and Slavens LLP
550 West C Street, Suite 530
San Diego, CA 92101
Telephone: 619.232.0331
Facsimile: 619.232.4019
E-Mail: eric@kkbs-law.com

Matthew C. Mickelson, Esq.                         *Counsel for Perfect 10, Inc.*
Law Offices of Matthew C. Mickelson
16055 Ventura Boulevard, Suite 1230
Encino, CA 91436
Telephone: 818.832.3360
Facsimile: 818.382.3364
E-Mail: mattmickelson@bizla.rr.com

David N. Schultz, Esq.                             *Counsel for Perfect 10, Inc.*
1747 Preuss Road
Los Angeles, CA 90035
Telephone: 310.839.3150
E-Mail: schu1984@yahoo.com

Jonathan L. Abrams, Esq.                           *Counsel for Defendant Giganews, Inc.*
Anthony K. Brown, Esq.
Abrams Brown LLP
2601 Ocean Park Boulevard, Suite 310
Santa Monica, CA 90405-5270
Telephone: 310.3145.8801
Facsimile:  310.496.0250
E-Mail: jabrams@abramsbrown.com
E-Mail: tbrown@abramsbrown.com

PASTERNAK
& PASTERNAK

{00173384.DOCX 66390.0001 }

| | | |
|---|---|---|
| 1 | Andrew P. Bridges, Esq. | *Counsel for Defendant Giganews, Inc.* |
| | Jedediah Wakefield, Esq. | |
| 2 | Todd R. Gregorian, Esq. | |
| 3 | Liwen A. Mah, Esq. | |
| | Fenwick& West LLP | |
| 4 | 555 California Street, 12th Floor | |
| | San Francisco, CA 94104 | |
| 5 | Telephone: 415.875.2300 | |
| | Facsimile: 415.281.1350 | |
| 6 | E-Mail: abridges@fenwick.com | |
| 7 | E-Mail: jwakefield@fenwick.com | |
| | E-Mail: tgregorian@fenwick.com | |
| 8 | E-Mail: imah@fenwick.com | |
| | | |
| 9 | Annasara G. Purcell, Esq. | *Counsel for Defendant Giganews, Inc.* |
| | Armen N. Nercessian, Esq. | |
| 10 | Joseph S. Belichick, Esq. | |
| 11 | Fenwick & West LLP | |
| | 801 California Street | |
| 12 | Mountain View, CA 94041 | |
| | Telephone: 650.988.8500 | |
| 13 | Facsimile: 650.988.5200 | |
| | E-Mail: apurcell@fenwick.com | |
| 14 | E-Mail: anercessian@fenwick.com | |
| 15 | E-Mail: irubel@fenwick.com | |
| | E-Mail: jbelichick@fenwick.com | |
| 16 | | |
| | Ronald P. Slates, Esq. | *Counsel for Defendant Livewire Services,* |
| 17 | Law Offices of Ronald P. Slates PC | *Inc.* |
| 18 | 500 South Grand Avenue, Suite 2010 | |
| | Los Angeles, California 90071 | |
| 19 | Telephone: (213) 624-1515 | |
| | Facsimile: 213.624.7536 | |
| 20 | E-Mail: rslates2@rslateslaw.com | |
| | E-Mail: jkluewer@rslateslaw.com | |
| 21 | | |
| 22 | Steven W. Yuen, Esq. | *Counsel for Objector John Doe 4352658* |
| | Heath & Yuen, APC | |
| 23 | 268 Bush Street, Suite 3006 | |
| | San Francisco, CA 94104 | |
| 24 | Telephone: 415.622.7004 | |
| | Facsimile: 415.373.3957 | |
| 25 | E-Mail: syuen@heathandyuen.com | |
| 26 | | |
| 27 | | |
| 28 | | |

PASTERNAK
& PASTERNAK

{00173384.DOCX 66390.0001 }